**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| STACY K. ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-06137-CV-SJ-BP |
| ) | |
| CITY OF ST. JOSEPH, MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER SETTING DEADLINES FOR FILING OF JOINT PROPOSED
SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE**

Local Rule 16 of this Court provides that plaintiff's counsel shall take the lead in the preparation of a proposed scheduling order. Where plaintiff is acting pro se, it is the custom and practice of this division to require defendants' counsel to assume that duty. It is therefore ORDERED that **counsel for defendants, after consultation with plaintiff, take the lead in preparing a proposed scheduling order for execution and filing with the Court**.

Pursuant to Rule 26(f) and Local Rule 26.1(a) the parties shall meet to discuss settlement, make or arrange for Rule 26(a)(1) disclosures, and develop a proposed discovery plan as required by Rule 26(f). This meeting shall take place no later than December 27, 2019. Discovery shall commence immediately after this conference is held.

The parties shall file a joint proposed scheduling order/discovery plan by January 10, 2020. The proposed plan shall comply with Local Rules 16.1 (d), 16.1(f), 26.1(c) and 26.1(d). The proposed plan shall state whether the case will be tried to the Court or to a jury and the anticipated length of the trial. The proposed trial date shall not be sooner than 180 days after the deadline proposed for filing of dispositive motions.

Pursuant to Rule 26(f)(3)(C) the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

Within fifteen days from the date of this Order, each non-governmental corporate party (including LLC's and other entities) must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public. If a non-governmental corporate party has no parent companies, subsidiaries, or affiliates, counsel shall file a statement to that effect. See Local Rule 3.1

If this case has been removed from state court, and if a jury trial has not already been specifically requested on the face of the Complaint or in a separate filing, pursuant to FRCP Rule 81(c) the parties shall have twenty (20) days from the date of this Order to file a jury demand. Failure to file a jury demand shall constitute a waiver of the right to a trial by jury. *See Bruns v. Amana*, 131 F.3d 761 (8th Cir. 1997).

These deadlines will not be stayed absent leave of court. Counsel are directed that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings unless requested. Rulings on unopposed, non-dispositive motions will be expedited if a proposed order is provided. The proposed order should be typed in Word format and e-mailed to the courtroom deputy.

With respect to discovery, counsel are reminded that:

1. The number and form of interrogatories and depositions are governed by Rules 30, 31, and 33.

2. The procedure for resolving discovery disputes is governed by Local Rule 37.1.

3. The form of answers to certain discovery requests and the disclosures required by Rule 26 are provided in Local Rule 26.2.

4. The filing of motions does not postpone discovery. See Local Rule 26.1(b).

**IT IS SO ORDERED**

Date: November 26, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT