IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

STACY ARNOLD, )
)
                Plaintiff, )
)
v. )
) Case No. 5:19-CV-06137-BP
CITY OF ST. JOSEPH, ST. JOSEPH )
PUBLIC LIBRARY, OFFICER REBECCA )
HAILEY in her personal and professional )
capacity and, ROGER CLARY, )
)
                Defendants. )

**DEFENDANT ROGER CLARY'S MOTION TO DISMISS AND
SUGGESTIONS IN SUPPORT.**

COMES NOW Defendant Roger Clary (hereinafter "Mr. Clary"), by and through undersigned counsel, moves to dismiss Plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support thereof, Mr. Clary states as follows:

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.    Introduction.**

Plaintiff has filed suit against Mr. Clary alleging that he violated Plaintiff's constitutional rights and that he conspired with Defendants St. Joseph Public Library and Rebecca Hailey to violate Plaintiff's constitutional rights. Mr. Clary is an individual who works for a private company, East Hills Mall, providing security services. Plaintiff has pled no facts to establish that Mr. Clary was acting under color of state law, or that he took any action to conspire with others to violate Plaintiff's rights.

## II. Standard of Review.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). n reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." 550 U.S. at 545. A complaint needs to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The allegations contained in the complaint must be enough to "raise a right to relief above the speculative level." 550 U.S. at 545.

"Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney." *Uka v. Mama's Bar & Grill Restaurant*, 2006 WL 1752293 at * 5 (E.D. Mo. 2006). "Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced." *Id*. "The Court will not supply additional facts, nor will it construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id*. (internal quotation omitted). These deferential rules do not allow the Court to assume that a plaintiff can prove facts that he has not alleged, or that defendants have violated the laws in ways that have not been alleged. *Associated Gen. Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. Plaintiff has failed to allege sufficient facts to state a claim for relief that Mr. Clary was acting under color of state law.

#### A. Count II – Freedom of Speech.

42 U.S.C. § 1983 provides a civil cause of action for the deprivation of rights that are secured by the Constitution or laws of the United States by persons acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under a § 1983 violation, the plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *Holloway v. Ameristar Casino St. Charles, Inc.*, 2007 WL 2862285 at *2 (E.D.Mo. 2007) (*citing Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997). As a general rule, § 1983 will not reach the conduct of private parties acting in their individual capacities. *Id*. However, a private actor may be liable under § 1983 when it acts "under color of state law" and its conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

A case on point with this issue is that of *Holloway v. Ameristar Casino St. Charles, Inc.*, No. 4:07-CV-218-DDN, 2007 WL 2862285 (E.D.Mo. 2007). In *Holloway*, the defendants brought a motion to dismiss for failure to allege sufficient facts to support plaintiff's contention that the defendant security personnel acted under color of state law. *Id*. at *2. In the complaint, the plaintiff alleged that the defendants were "at all times acting under color of State law" but offered no support for that conclusion. *Id*. at *3. The court noted that "[p]rivate security officers, unlicensed by the state, do not act under color of state law," however, "[p]rivate security officers, who are licensed by the state, can be considered state actors." *Id*. at *2-*3. Further, the court found that Mo. Rev. Stat. § 71.195 provides for state licensing of private security guards by local governments. *Id*. at *3. In holding that the plaintiff failed to allege enough facts to state a claim that the defendants were acting under color of state law, the court reasoned that the complaint did

"little more than allege the 'labels and conclusions' discouraged by *Bell Atlantic*" by failing to allege "that the defendant security officers were licensed or appointed by local government." *Id*.

Similar to *Holloway*, Plaintiff's *Complaint* fails to sufficiently establish that Mr. Clary was acting under color of state law. Specifically, the *Complaint* alleges only that,

> 11. Defendant Roger Clary was a security guard for the East Hills Mall. Defendant Roger Clary's contested conduct constituted state action. …
> 45. All acts alleged herein of the Defendants, and their members, officers, agents, employees or persons acting at their behest or direction, were done under color and pretense of law.

(*Plaintiff's Complaint*, Doc. # 1, pp. 3, 17). The Plaintiff's *Complaint* concedes that Mr. Clary was a security guard employed by a private company. However, the Plaintiff seems to ignore this fact and argues that Mr. Clary's "contested conduct"[1] constituted state action, and that he was acting under color of law. Just like *Holloway*, no allegation is made in the *Complaint* that Mr. Clary is a security guard licensed by the state. Thus, Plaintiff's *Complaint* does little more than allege labels and conclusions that are discouraged by *Bell Atlantic*. For this reason, this Court should dismiss the claim sought under Count II of Plaintiff's Complaint against Mr. Clary.

    **B.    Count IV - Conspiracy.**

A private party acts under color of state law when it is "a willful participant in joint activity with the State or its agents in denying a plaintiff's constitutional rights." *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005). A plaintiff seeking to hold a private defendant liable under this theory "must specifically present facts tending to show agreement and concerted action." *Gooden v. City of North Kansas City, Missouri, et al.*, 2012 WL 1831882 at * 2 (W.D.Mo. 2012) (*citing Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).To state a Section

---

[1] It should be noted that from numerous readings of the *Complaint*, Mr. Clary is still unable to determine precisely what the "contested conduct" by Mr. Clary that Plaintiff alleges violated her constitutional rights and underlies her causes of action against Mr. Clary.

4

1983 conspiracy claim, a plaintiff must allege "that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Further, "[t]he plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). "To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a 'meeting of the minds' concerning unconstitutional conduct." *Tracy v. SSM Cardinal Glennon Children's Hospital*, 2016 WL 3683000 at *9 (E.D.Mo. 2016). A meeting of the minds requires at least some facts suggesting the defendants "reached an understanding" to violate a person's rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

> **i.    Plaintiff has failed to allege sufficient facts to state a claim for relief under her alleged conspiracy claim between Defendant St. Joseph Public Library and Mr. Clary.**

As stated above, in order to succeed under a § 1983 conspiracy claim, the plaintiff must allege that the overt act actually injured the plaintiff in the form of a deprivation of a constitutional right or privilege. In her *Complaint*, Plaintiff alleges that the St. Joseph Public Library conspired with Mr. Clary to deprive her of her First Amendment Rights. However, Plaintiff fails to plead an overt act by one of the alleged co-conspirators in furtherance of the conspiracy, or an injury that resulted from the overt act. Even under the conclusory heading provided under this subsection of Plaintiff's Fourth Cause of Action, Plaintiff only states that, "Defendant St. Joseph Public Library and Defendant Roger Clary conspired to deprive Plaintiff of her First Amendment rights." (*See Plaintiff's Complaint*, Doc. # 1, p. 26). Simply put, Plaintiff has failed to plead the required components for a conspiracy claim under § 1983, thus failing to state a claim for relief upon which

can be granted. In turn, Mr. Clary's *Motion to Dismiss* should be granted as to this portion of Count IV of Plaintiff's *Complaint*.

## C. Plaintiff has failed to allege sufficient facts to state a claim for relief under her alleged conspiracy claim between Officer Rebecca Hailey and Mr. Clary.

Lastly, Plaintiff's alleged conspiracy claim between Officer Rebecca Hailey and Mr. Clary must also fail as Plaintiff does not provide sufficient factual allegations to support her claim. As provided above, the Plaintiff must include factual allegations that display "a meeting of the minds" between the co-conspirators that suggest that the defendants "reached an understanding" to violate the person's constitutional rights. *See Tracy*, 2016 WL 3683000 at *9; *Adickes*, 398 U.S. at 152. While the Plaintiff's *Complaint* asserts some alleged factual underpinnings that discrepancies existed between the call for service report and the police report, no underlying factual statements are made that would support a finding that the parties reached "a meeting of the minds" as required to adequately plead a § 1983 conspiracy claim.

More specifically, in regard to establishing the existence of a meeting of the minds between the parties, Plaintiff only states,

> 86. **At some point** between Plaintiff's arrest and Defendant Officer Rebecca Hailey writing Plaintiff's police report, Defendant Officer Rebecca Hailey and Defendant Roger Clary **conspired to conceal the identity** of Defendant Roger Clary, the complaining party.
> 87. The joint conspiratorial enterprise referenced in the preceding paragraph **involved a meeting of the minds**….
> 90. The discrepancy between the complaining party as listed on the call for service report – Exhibit C – and the complaining party listed on Plaintiff's police report – Exhibit F – s**upports a reasonable inference that the aforementioned meeting of the minds did indeed take place**.

(*Plaintiff's Complaint*, Doc. # 1, at ¶¶ 86-87, 90) (emphasis added). It must be noted that the *Complaint* alleges that this meeting of the minds occurred "between Plaintiff's arrest and Defendant Officer Rebecca Hailey writing Plaintiff's police report." The Plaintiff fails to provide

6

any factual assertions regarding any contact between Mr. Clary and Officer Hailey that would have occurred during this unspecified time. The Plaintiff then jumps to the conclusion that since a discrepancy in the documents exists, a meeting of the minds must have happened during this time, but fails to provide any factual support for her conclusion. At most, the discrepancy in the documents may establish that an overt action taken by one of the co-conspirators. That discrepancy alone is simply not sufficient to carry the weight of Plaintiff's burden to provide additional underlying facts that support her allegation that the parties actually reached an understanding to violate her constitutional rights. Thus, Plaintiff's *Complaint* fails to state a claim for relief upon which can be granted, that warrants this Court to grant Mr. Clary's *Motion to Dismiss* the second portion of County IV of Plaintiff's *Complaint*.

WHEREFORE, Defendant Roger Clary request this Court enter an Order dismissing all of Plaintiff's claims against Mr. Clary and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**BEAM-WARD, KRUSE,
WILSON & FLETES, LLC.**

  /s/ Mark Beam-Ward
Mark Beam-Ward, KS #10071
8645 College Blvd., Ste. 250
Overland Park, KS 66210
P: (913) 339-688; F:(913) 339-9653
mbeamward@bkwflaw.com
ATTORNEYS FOR ROGER CLARY.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was filed with the Court via ECF filing system on December 2,2019, and a copy of the foregoing was sent via electronic mail to:

Stacy Arnold
500 Westover Dr. #11589
Sanford, North Carolina 27330
Stacy.kaye.arnold@gmail.com
*Pro Se Plaintiff*

                                                _/s/Mark Beam-Ward_
                                                Attorneys for Roger Clary.