# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:19-CV-06137-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH | ) |
| PUBLIC LIBRARY, OFFICER REBECCA | ) |
| HAILEY in her personal and professional | ) |
| capacity and, ROGER CLARY, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT ROGER CLARY'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT

COMES NOW the Defendant Roger Clary (hereinafter "Mr. Clary") and for his Answer to Plaintiff's First Amended Complaint states as follows:

1. That Mr. Clary denies the allegations of fact and conclusions of law contained in paragraph 1.

2. That Mr. Clary admits the allegations of fact and conclusions of law contained in paragraph 2.

3. That Mr. Clary admits the allegations of fact and conclusions of law contained in paragraph 3.

4. That Mr. Clary admits the allegations of fact and conclusions of law contained in paragraph 4.

5. That Mr. Clary admits the allegations of fact and conclusions of law contained in paragraph 5.

6. That Mr. Clary admits the allegations of fact and conclusions of law contained in paragraph 6.

7. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 and therefore denies the same in their entirety.

8. That Mr. Clary admits the allegations of fact contained in paragraph 8.

9. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 9 and therefore denies the same in their entirety.

10. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 10 and therefore denies the same in their entirety.

11. That regarding paragraph 11, Mr. Clary admits that he was a security guard for East Hills Malls and denies that any alleged conduct by him constituted state action.

12. That Mr. Clary admits the allegations contained in paragraph 12.

13. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 13 and therefore denies the same in their entirety.

14. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 14 and therefore denies the same in their entirety.

15. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 15 and therefore denies the same in their entirety.

16. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 16 and therefore denies the same in their entirety.

17. That Mr. Clary does not know when Plaintiff began petitioning, but Mr. Clary admits the remaining allegations contained in paragraph 17.

18. That Mr. Clary denies the allegations that Mr. Clary did not object to the way that Plaintiff was petitioning. That Mr. Clary admits the remaining allegations contained in paragraph 18.

19. That regarding paragraph 19, Mr. Clary lacks sufficient knowledge to admit or deny the allegations regarding what Plaintiff googled and therefore denies the same in their entirety. That Mr. Clary admits that Plaintiff claimed she had a First Amendment right to petition in front of the library, and that Plaintiff said to call the police and have them make the determination of her rights. That Mr. Clary denies that Plaintiff said she would obtain the officer's badge number and leave.

20. That Mr. Clary denies the allegations contained in paragraph 20.

21. That Mr. Clary admits the allegations contained in paragraph 21.

22. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 22 and therefore denies the same in their entirety.

23. That regarding paragraph 23, Mr. Clary admits the approximate time when he called the police and lacks sufficient knowledge to admit or deny the allegations of fact regarding any other calls made by Plaintiff and therefore denies the same in their entirety.

24. That regarding paragraph 24, Mr. Clary admits that he did not provide Plaintiff with his name, and that he lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies the dame in their entirety.

25. That regarding paragraph 25, Mr. Clary admits that he heard Defendant Hailey ask Plaintiff to get off her cell phone. That Mr. Clary lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies the same in their entirety.

26. That regarding paragraph 26, Mr. Clary lacks sufficient knowledge to admit or deny the allegations and therefore denies the same in their entirety.

27. That Mr. Clary admits the allegations contained in paragraph 27.

28. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations in paragraph 28 and therefore denies the same in their entirety.

29. That Mr. Clary admits the allegations of fact contained in paragraph 29, except for Plaintiff's characterization of the handcuffs.

30. That Mr. Clary admits the allegations of fact contained in paragraph 30.

31. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 31 and therefore denies the same in their entirety.

32. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 32 and therefore denies the same in their entirety.

33. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 33 and therefore denies the same in their entirety.

34. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 and therefore denies the same in their entirety.

35. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 35 and therefore denies the same in their entirety.

36. That Mr. Clary admits the allegations of fact in paragraph 36.

37. That Mr. Clary admits the allegations of fact in paragraph 37.

38. That regarding paragraph 38, Mr. Clary denies that he made any misrepresentation or any malicious misrepresentation to Plaintiff and that he lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies the same in their entirety.

39. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 39 and therefore denies the same in their entirety.

40. That Mr. Clary denies the allegations of fact contained in paragraph 40.

41. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 41 and therefore denies the same in their entirety.

42. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 42 and therefore denies the same in their entirety.

43. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 43 and therefore denies the same in their entirety.

44. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 44 and therefore denies the same in their entirety.

45. That regarding paragraph 45, Mr. Clary denies the allegation that he did any act under color and pretense of law and lacks sufficient knowledge to admit or deny the allegation regarding the other defendants and therefore denies the same in their entirety.

46. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 and therefore denies the same in their entirety.

47. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 47 and therefore denies the same in their entirety.

48. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 48 and therefore denies the same in their entirety.

49. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 49 and therefore denies the same in their entirety.

50. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 50 and therefore denies the same in their entirety.

51. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraphs 51 and therefore denies the same in their entirety.

52. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 52 and therefore denies the same in their entirety.

53. That regarding paragraphs 53 through 62, the allegations do not apply to Mr. Clary and he lacks sufficient knowledge to admit or deny the allegations and therefore denies the same in their entirety.

54. That regarding paragraph 63, Mr. Clary incorporates his prior responses.

55. That Mr. Clary denies the allegations of fact contained in paragraph 64.

56. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 65 and therefore denies the same in their entirety.

57. That Mr. Clary denies the allegations contained in paragraph 66.

58. That Mr. Clary denies the allegations contained in paragraph 67.

59. That Mr. Clary denies the allegations contained in paragraph 68.

60. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 69 and therefore denies the same in their entirety.

61. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 70 and therefore denies the same in their entirety.

62. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 71 and therefore denies the same in their entirety.

63. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 72 and therefore denies the same in their entirety.

64. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 73 and therefore denies the same in their entirety.

65. That regarding paragraphs 74 through 80, the allegations do not apply to Mr. Clary and he lacks sufficient knowledge to admit or deny the allegations and therefore denies the same in their entirety.

66. That regarding paragraph 81, Mr. Clary incorporates his prior responses.

67. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 82 and therefore denies the same in their entirety.

68. That regarding paragraph 83, Mr. Clary admits that he was contacted by a librarian who complained of Plaintiff's petitioning, and Mr. Clary denies the allegation that any agreement to eject Plaintiff was reached with the librarian.

69. That Mr. Clary denies the allegations contained in paragraph 84.

70. That Mr. Clary admit the allegations contained in paragraph 85.

71. That Mr. Clary denies the allegations contained in paragraph 86.

72. That Mr. Clary denies the allegations contained in paragraph 87.

73. That Mr. Clary denies the allegations contained in paragraph 88.

74. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 89 and therefore denies the same in their entirety.

75. That Mr. Clary lacks sufficient knowledge to admit or deny the allegations contained in paragraph 90 and therefore denies the same in their entirety.

76. That Mr. Clary denies the allegations contained in paragraph 91.

77. That Mr. Clary denies the allegations contained in paragraph 92.

78. That Mr. Clary denies the allegations contained in paragraph 93.

79. That regarding paragraphs 94 through 104, the allegations do not apply to Mr. Clary and he lacks sufficient knowledge to admit or deny the allegations and therefore denies the same in their entirety.

**AFFIRMATIVE DEFENSES**

80. That Mr. Clary denies each and every claim contained in Plaintiff's First Amended Complaint.

81. That Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

82. That while Mr. Clary asserts that he did not engage in any governmental or state action, Mr. Clary affirmatively asserts that if he is found to have been engaged in state action that:

    a. Such conduct was not the result of deliberate indifference by Mr. Clary;

    b. Mr. Clary was acting under legal authority and in good faith;

    c. Mr. Clary is entitled to sovereign immunity, official immunity or the public duty doctrine.

    d. Mr. Clary acted with objective reasonableness under the circumstances and his conduct was authorized or permitted by Missouri law;

    e. Mr. Clary acted with reasonable suspicion and probable cause under Missouri and Federal law, and his actions were reasonably related to legitimate law enforcement activities; and

    f. Mr. Clary's actions were justified and/or privileged.

83. That Plaintiff is not entitled to a claim of punitive damages against Mr. Clary as his conduct was not performed with evil motive or intent, or in reckless or callous indifference to Plaintiff's constitutional rights.

84. That Plaintiff has failed to mitigate her damages.

85. That Mr. Clary is entitled to a reduction or setoff for any amount paid to Plaintiff in settlement by a Co-Defendant pursuant to R.S.Mo. §537.060.

86. That any request for joint or several liability against Mr. Clary should be denied unless Mr. Clary is determined to be fifty-one percent or more at fault pursuant to R.S.Mo. §537.067.

87. That Mr. Clary asserts and preserves all affirmative defenses available to him, as well as all affirmative defenses asserted by any other Defendant.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant, Roger Clary, prays that Plaintiff take nothing by her Complaint, that he be awarded his costs and attorney fees, and for such other and further relief as the Court may deem just, fair and equitable.

Respectfully Submitted,

**BEAM-WARD, KRUSE,
WILSON & FLETES, LLC.**

  /s/ Mark Beam-Ward
Mark Beam-Ward, KS #10071
8645 College Blvd., Ste. 250
Overland Park, KS 66210
(913) 339-688
(913) 339-9653 - facsimile
mbeamward@bkwflaw.com
ATTORNEYS FOR ROGER CLARY.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of the Court using the ECF system which was automatically forwarded to the attorneys of record through the Court's filing system on December 27, 2019, and a copy of the foregoing was sent via electronic mail to:

Stacy Arnold
500 Westover Dr. #11589
Sanford, North Carolina 27330
Stacy.kaye.arnold@gmail.com
*Pro Se Plaintiff*

                                              */s/Mark Beam-Ward*
                                              Attorneys for Roger Clary.