IN THE UNITED STATES DITRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

STACY ARNOLD,

    Plaintiff,

v.

CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY, OFFICER REBECCA HAILEY in her personal and professional capacity) and ROGER CLARY,

    Defendants.

Case No. 5:19-CV-06137-BP

## DEFENDANTS CITY OF ST. JOSEPH AND REBECCA HAILEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants City of St. Joseph and Rebecca Hailey (hereinafter the "Answering Defendants," by counsel and for their answer and affirmative defenses to Plaintiff's First Amended Complaint, state and allege as follows:

### PRELIMINARY STATEMENT

Answering Defendants state Plaintiff's Preliminary Statement is an argumentative legal conclusion to which no response is required. However, to the extent it is intended to allege a claim against Defendants, it is denied.

1.     Answering Defendants deny ¶ 1 of Plaintiff's First Amended Complaint.

### JURISDICTION AND VENUE

2.     Answering ¶¶ 2, 3, 4 and 5 of Plaintiff's First Amended Complaint, Answering Defendants state the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments

1

made and contained therein may be construed to allege a claim against Answering Defendants, the same are denied.

3. Answering Defendants deny ¶ 6 of Plaintiff's First Amended Complaint. Specifically, a *pro se* Plaintiff cannot recover attorneys' fees under 42 U.S.C. § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-8 (1991).

## PARTIES

4. Answering ¶ 7 of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

5. Answering Defendants admit ¶¶ 8 and 9 of Plaintiff's First Amended Complaint. Answering further, Answering Defendants deny the Library is owned and operated by the City of St. Joseph.

6. Answering ¶ 10 of Plaintiff's First Amended Complaint, Answering Defendants admit only that Rebecca Hailey is a St. Joseph Police Officer. All remaining allegations and averments are denied.

7. Answering Defendants deny ¶ 11 of Plaintiff's First Amended Complaint.

## STATEMENT OF FACT

8. Answering Defendants deny ¶ 12 of Plaintiff's First Amended Complaint.

9. Answering ¶¶ 13, 14, 15, 16, 17, 18, 19 and 20 of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

10. Answering ¶ 21 of Plaintiff's First Amended Complaint, Answering Defendants admit only that Roger Clary called the St. Joseph Police Department. All remaining allegations and averments are denied.

11. Answering ¶ 22 of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

12. Answering ¶ 23 of Plaintiff's First Amended Complaint, Answering Defendants admit only that the call for service report speaks for itself. All remaining allegations and averments are denied.

13. Answering ¶ 24 of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

14. Answering ¶ 25 of Plaintiff's First Amended Complaint, Answering Defendants admit only that the call for service report speaks for itself. All remaining allegations and averments are denied.

15. Answering Defendants deny ¶¶ 26, 27, 28 and 29 of Plaintiff's First Amended Complaint.

16. Answering ¶ 30 of Plaintiff's First Amended Complaint, Answering Defendants admit Plaintiff did not physically resist arrest and excessive force was not used; only objectively reasonable, minimal force was used.

17. Answering Defendants deny ¶¶ 31, 32 and 33 (including all subparts) of Plaintiff's First Amended Complaint.

18. Answering ¶ 34 of Plaintiff's First Amended Complaint, Answering Defendants admit only that Plaintiff was charged and that the Ordinance 20.51 speaks for itself. All remaining allegations and averments are denied.

19. Answering ¶ 35 of Plaintiff's First Amended Complaint, Answering Defendants admit only that the police report speaks for itself. All remaining allegations and averments are denied.

20. Answering Defendants admit ¶ 36 of Plaintiff's First Amended Complaint.

21. Answering ¶ 37 (including all subparagraphs) of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

22. Answering Defendants deny ¶¶ 38 of Plaintiff's First Amended Complaint.

23. Answering ¶ 39 of Plaintiff's First Amended Complaint, Answering Defendants admit only that the policy, which is not alleged to be of these Answering Defendants, speaks for itself. All remaining allegations and averments are denied.

24. Answering ¶ 40 of Plaintiff's First Amended Complaint, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

25. Answering Defendants deny ¶ 41 of Plaintiff's First Amended Complaint.

26. Answering ¶ 42 of Plaintiff's First Amended Complaint, Answering Defendants state the allegations and averments made and contained therein are argumentative and purport to state and misstate legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Answering Defendants, the same are denied.

27. Answering Defendants deny ¶¶ 43, 44, 45, 46, 47, 48, 49, 50, 51 and 52 of Plaintiff's First Amended Complaint.

**FIRST CAUSE OF ACTION
VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION FREEDOM OF SPEECH-CONSTITUTIONAL QUESTION
(against Defendants City of St Joseph, Defendant Officer Rebecca Hailey in her Official Capacity and St. Joseph Public Library)**

28. Answering ¶ 53 of Plaintiff's First Amended Complaint, Answering Defendants incorporate by reference their responses to ¶¶ 1-52 of Plaintiff's First Amended Complaint as if fully set forth herein.

29. Answering Defendants deny ¶¶ 54 (including footnote), 55, 56, 57, 58, 59, 60, 61 and 62 of Plaintiff's First Amended Complaint.

30. Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

31. Answering Plaintiff's WHEREFORE clause, Defendants deny each and every allegation and averment made and contained in FIRST CAUSE OF ACTION of Plaintiff's First Amended Complaint not specifically admitted or otherwise addressed herein.

32. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

**SECOND CAUSE OF ACTION
VIOLATION OF THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION
FREEDOM OF SPEECH-
VIOLATION OF A CLEARLY ESTABLISHED RIGHT
(against Defendants Roger Clary, Officer Rebecca Hailey—in her personal capacity—and City of St. Joseph**

33. Answering ¶ 63 of Plaintiff's First Amended Complaint, Answering Defendants incorporate by reference their responses to ¶¶ 1-62 of Plaintiff's First Amended Complaint as if fully set forth herein.

34. Answering Defendants deny ¶¶ 64, 65, 66 (including denying Roger Clary is a Law Enforcement Officer or employee of the City), 67 (including denying Roger Clary is a Law Enforcement Officer or employee of the City) and 68 of Plaintiff's First Amended Complaint.

35. Answering ¶ 69 of Plaintiff's First Amended Complaint, Answering Defendants admit that the call for service references "the library." All remaining allegations and averments are denied.

36. Answering Defendants deny ¶¶ 70, 71 (including denying Roger Clary is a Law Enforcement Officer or employee of the City), 72 and 73 of Plaintiff's First Amended Complaint.

37. Answering Plaintiff's WHEREFORE clause, Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

38. Answering Defendants deny each and every allegation and averment made and contained in SECOND CAUSE OF ACTION of Plaintiff's First Amended Complaint not specifically admitted or otherwise addressed herein.

39. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

### THIRD CAUSE OF ACTION
### VIOLATION OF DUE PROCESS
### FABRICATION OF EVIDENCE
**(against Defendant Officer Rebecca Hailey -in her individual capacity)**

40. Answering ¶ 74 of Plaintiff's First Amended Complaint, Answering Defendants incorporate by reference their responses to ¶¶ 1-73 of Plaintiff's First Amended Complaint as if fully set forth herein.

41. Answering Defendants deny ¶¶ 75, 76, 77, 78, 79 and 80 of Plaintiff's First Amended Complaint.

42. Answering Plaintiff's WHEREFORE clause Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

43. Answering Defendants deny each and every allegation and averment made and contained in THIRD CAUSE OF ACTION of Plaintiff's First Amended Complaint not specifically admitted or otherwise addressed herein.

44. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## FOURTH CAUSE OF ACTION
## CONSPIRACY TO DEPRIVE PLAINTIFF
## OF HER CONSTITUTIONAL RIGHTS
**(against Defendants St Joseph Pubic Library, Roger Clary and Officer Rebecca Hailey—in her individual capacity)**

45. Answering ¶ 81 of Plaintiff's First Amended Complaint, Answering Defendants incorporate by reference their responses to ¶¶ 1-80 of Plaintiff's First Amended Complaint as if fully set forth herein.

46. Answering Defendants deny ¶¶ 82, 83, 84, 85 (including all subparagraphs), 86, 87, 88, 89, 90, 91, 92 and 93 of Plaintiff's First Amended Complaint.

47. Answering Plaintiff's WHEREFORE clause, Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

48. Answering Defendants deny each and every allegation and averment made and contained in FOURTH CAUSE OF ACTION of Plaintiff's First Amended Complaint not specifically admitted or otherwise addressed herein.

49. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

# FIFTH CAUSE OF ACTION
# VIOLATION OF THE FIRST AMENDMENT-RETALIATION
### (against Defendant Officer Rebecca Hailey-in her individual capacity)

50. Answering ¶ 94 of Plaintiff's First Amended Complaint, Answering Defendants incorporate by reference their responses to ¶¶ 1-93 of Plaintiff's First Amended Complaint as if fully set forth herein.

51. Answering Defendants deny ¶¶ 95, 96, 97, 98 (including all subparagraphs), 99, 100, 101, 102, 103 and 104 of Plaintiff's First Amended Complaint.

52. Answering Plaintiff's WHEREFORE clause, Answering Defendants deny Plaintiff is entitled to any judgment or other relief against them herein.

53. Answering Defendants deny each and every allegation and averment made and contained in FIFTH CAUSE OF ACTION of Plaintiff's First Amended Complaint not specifically admitted or otherwise addressed herein.

54. Answering Defendants incorporate by reference as if fully set forth herein, each and every affirmative defense set forth below.

## PRAYER FOR RELIEF

55. Answering the Prayer for Relief of Plaintiff's First Amended Complaint, Answering Defendants deny ¶¶ A, B, C, D, E, F, G, H and I of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

56. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

57. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state that any of Plaintiff's constitutional claims against them based upon the doctrine of *respondeat superior* or vicarious liability fail to state a claim upon which relief can be granted and should be dismissed at Plaintiff's costs.

58. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state to the extent Plaintiff's First Amended Complaint attempts to state any cause of action under Missouri State law, Answering Defendants are protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity and/or the public duty doctrine.

59. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants specifically deny Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental conduct was the result of deliberate indifference by any Defendant.

60. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state, at all times relevant hereto, they were acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

61. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, *res judicata,* collateral estoppel, issue preclusion and/or claim preclusion.

62. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state, specifically denying the conduct as alleged or characterized

in the Complaint occurred, any such conduct as alleged is not reflective of an official policy or custom of Answering Defendants.

63. In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Defendants, without admitting and specifically denying Plaintiff's Constitutional Rights were violated, state Plaintiff's damages, if any, and any and all such damages being steadfastly denied, were caused by Plaintiff's own acts and conduct, including, but not limited to, violating the Laws of Missouri, the ordinances of the City of St. Joseph, refusing to follow the lawful commands of the law enforcement personnel and trespassing.

64. In further answer to Plaintiff's Fist Amended Complaint and by way of Affirmative Defense, Answering Defendants state in regard to Plaintiff's allegations of conspiracy, Plaintiff failed to allege or present sufficient facts establishing by clear and convincing evidence of a meeting of the minds between defendants, to violate any right of Plaintiff, any such allegations being steadfastly denied.

65. In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendants state they acted with objective reasonableness under the circumstances then existing and Defendants' conduct was justified and/or authorized and/or permitted under both common law and Missouri statutory law.

66. In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Defendants, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, consent and/or self-defense.

67. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state Plaintiff's claims herein are barred, in whole or in part,

because the alleged acts complained of herein were discretionary in nature and taken in good faith by Answering Defendants and Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute legislative immunity and/or judicial immunity.

68. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants specifically deny that Plaintiff's rights were violated, and state that all acts taken with regard to Plaintiff, if any, were legally justified and based upon actual probable cause, arguable probable cause, and legal suspicion under statutory and common law, were authorized by Missouri statute and federal law, were reasonable and necessary under the circumstances therein existing, and reasonably related to legitimate law enforcement interests.

69. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state they acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

70. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state they are immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

71. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, to the extent Plaintiffs attempt to seek punitive damages against Answering Defendants, Answering Defendants state and allege that Plaintiff is not entitled to any punitive damage award against her for any one or more of the following reasons:

    a. The standards by which Answering Defendants' conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g. Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h. An award of punitive damages would violate Answering Defendants' due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

i. To the extent Answering Defendants are being sued in their representative or official capacity, Plaintiffs are not entitled to any punitive damage award against them because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247(1981).

j. To the extent Answering Defendants are being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

k. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

l. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

m. An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

n. An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

o. An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

p. Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprive Answering Defendants of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting

juries to base punitive damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages; and, (3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage award should be limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

72. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate her damages, if any, said damages being specifically denied.

73. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants state Plaintiff's First Amended Complaint should be denied or dismissed, and Plaintiff's claims are barred in whole or in part under the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (U.S. 1994).

74. In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendants state that any request by Plaintiff for joint and several liability should be denied or otherwise dismissed until it is judicially determined any Defendant is

fifty-one percent (51%) or more at fault for Plaintiff's damages, all said damages being expressly denied, under §537.067 R.S.Mo.

75. In further answer to Plaintiff's First Amended Complaint and by way of Affirmative Defense, Answering Defendants state they are entitled to a reduction or setoff for any amount that has been paid or may be paid to Plaintiff in settlement by any co-Defendant, or other person or entity pursuant to §537.060 R.S.Mo.

76. In further answer to Plaintiff's First Amended Complaint and by way of affirmative defense, Answering Defendants hereby incorporate, as if fully set forth herein, each and every applicable affirmative defense raised by any other defendant to the extent the defenses are not contrary to the defenses raised herein by Answering Defendants.

77. Answering Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, Defendants St. Joseph, Missouri and Rebecca Hailey, having fully answered Plaintiff's First Amended Complaint and asserted their affirmative defenses thereto, respectfully pray that Plaintiff takes naught by her Complaint and that the same be denied and/or dismissed; judgment be entered in favor of Answering Defendants, and at Plaintiff's costs; for their attorney's fees as prevailing parties, pursuant to 42 U.S.C. § 1988; and for any such other relief as this honorable Court deems necessary and proper in the premises.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele
Steven F. Coronado     MBN 36392
Christopher L. Heigele     MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200

                    Facsimile:   (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Court via ECF filing system on December 30, 2019, with a copy going via electronic mail to:

Stacy Arnold
500 Westover Dr. #11589
Sanford, NC 27330
Stacy.kaye.arnold@gmail.com
Plaintiff Pro Se

                    /s/  Christopher L. Heigele
                    Attorneys for Defendants