**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY, OFFICER REBECCA HAILEY (IN HER PERSONAL AND PROFESSIONAL CAPACITY) AND ROGER CLARY | ) ) ) ) ) ) ) |
| Defendants | ) |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT CLARY'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

1. Plaintiff has adequately stated a claim against Defendant Clary in Count II of the First Amended Complaint.

Defendant Clary argues that Plaintiff's *First Amended Complaint* "does little more than allege labels and conclusions" and that the Court should "dismiss the claim sought under Count II of Plaintiff's *First Amended Complaint* against Mr. Clary." (Docket 25, p. 4).

Defendant Roger Clary's conduct as described in Count II of Plaintiff's First Amended Complaint constitutes state action via means of the joint participation doctrine (conspiracy as pled in Count IV) and/or the symbiotic relationship test, the public function test, and the close nexus text. Should the Court determine that Count IV is lacking or inapplicable to Count II, it remains likely that discovery will yield information to support other theories of state action, including, but not limited to: 1) if any portion of the mall property is leased by the Library, 2) if Defendant Clary's employment includes any contract with the Library, 3) if Defendant Clary

1

customarily responds to library complaints about petitioning or any other matter(s), 4) any reports that may have been written by Mr. Clary and/or East Hills Security regarding Plaintiff's and any other incident(s) involving the library and 5) if the staff and/or librarians at the Library frequently call Roger Clary and/or East Hills Mall Security to attend to their perceived problems. The point is that the First Amended Complaint includes sufficient factual allegations from which the Court can reasonably infer that Defendant Clary engaged in state action. *Cf.* Yee v. Escondido, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim.").

2. Plaintiff has adequately stated a claim against Defendant Clary in both subparts of Count IV.

Defendant Clary no longer argues, as he did before Plaintiff filed her *First Amended Complaint*, that Plaintiff has failed to allege sufficient facts to state a claim for relief under her alleged conspiracy claim between Defendant Clary and the Library. But Defendant Clary still argues that "Plaintiff's alleged conspiracy claim between Officer Rebecca Hailey and Mr. Clary must a fail as Plaintiff does not provide sufficient factual allegations to support her claim." (Doc. #25, p. 5). While it is not entirely clear which specific element(s) Defendant Clary finds insufficient, it seems that Defendant Clary has an issue regarding the specificity of Defendant Clary's and Defendant Officer Rebecca Hailey's meeting of the minds.  Whether it be the specifics regarding the timing of the meeting of the minds or the method by which their minds met, the facts in the First Amended Complaint are strong enough to survive Defendant Clary's motion.  This memorandum will address both issues.

The First Amended Complaint states adequate facts regarding the timing of the meetings of the minds of Defendants Hailey and Clary, despite Defendant Clary's apparent reservations.  See the emphasis Defendant Clary added to "…at some point"  (Docket #25, p. 6) when citing

2

Plaintiff's *First Amended Complaint*, Defendant Clary's observation that "[i]t must be noted that the *First Amended Complaint* alleges that this meeting of the minds occurred 'between Plaintiff's arrest and Defendant Officer Rebecca Hailey writing the police report'" (*Id.*, at 6), and Defendant Clary's position that "[t]he Plaintiff fails to provide any factual assertions regarding any contact between Mr. Clary and Officer Hailey that would have occurred during this **unspecified time**" *Id.,* at 6 (emphasis added). In response to the notion that Plaintiff's allegation regarding the timing lacks specificity, Plaintiff states that alleging whether the meeting of the minds took place on January 30, 2018; January 31, 2018; February 1, 2018; February 2, 2018; February 3, 2018; February 4, 2018; or any other date before her police report was written is not a prerequisite to adequately pleading a claim of conspiracy. Plaintiff further states that she has reviewed all of the cases cited by Defendant Clary and can find no holding (or dicta) indicating that a claim of conspiracy is insufficient if Plaintiff does not state the timing of the alleged meeting of the minds to the exact day, hour, minute, second, or any other measure of particularity. Moreover, Plaintiff states that whether or not the meeting of the minds took place on January 31, February 1, or any other date/time between Plaintiff's arrest and the writing of Plaintiff's police report is not a prerequisite to "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); not a prerequisite to including "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); and not a prerequisite to "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). "A complaint does not…need specific facts." Holloway v. Ameristar Casino St. Charles, Inc., No. 4:07-CV-218-DDN, 2007 WL 2862285 (E.D. Mo. July 27, 2007).

3

Similarly, specifics regarding the method of communication and location of the meeting of the minds/contact between Defendant Clary and Defendant Officer Hailey are not a prerequisite to stating a claim for relief that is plausible on its face. The meeting could have occurred via email, phone, or in-person—at a subsequent service call, at a bar, at a church, or at Disney World. Plaintiff's burden, as she understands it, is to plead sufficient facts to allow the Court to draw a reasonable inference that the allegations took place, not to show specific details (notably unenumerated upon in the authorities cited by Defendant) such as the time of the contact, the method of contact, or the weather forecast at the time of the contact.

Although Defendant Clary accurately quotes that a Plaintiff alleging conspiracy "must specifically present facts tending to show agreement and concerted action," Sooner Prods Co. v. McBride, 708 F. 2d 510, 512 (10th Cir. 1983), it does not follow that a complaint must present facts tantamount to proof that agreement and concerted action took place, especially at the pleading stage. Rather, the complaint need only present facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, *supra*, 556 U.S. at 678. Indeed, even beyond the pleading stage, "[i]n order to establish a cause of action based on conspiracy, plaintiff must show that the defendants agreed to commit an illegal act. This requirement must often be met by circumstantial evidence; conspirators rarely formulate their plans in ways susceptible of proof by direct evidence." Crowe v. Lucas, 595 F. 2d 985, 993 (5th Cir. 1979). Had Plaintiff alleged in her Complaint that Arnold Schwarzenegger, or Defendant Officer Rebecca Hailey's supervisor, had conspired with Defendant Officer Rebecca Hailey to deprive Plaintiff of her right to due process, facts supporting a reasonable inference that agreement and concerted action took place may indeed be lacking. But, in the case of Defendant Clary, there are sufficient facts in the *First Amended Complaint* that would allow any

4

reasonable person, and, indeed, the Court to make a reasonable inference that agreement and concerted action took place. In Count IV of the First Amended Complaint, Plaintiff incorporated by reference all foregoing and subsequent allegations in her complaint as if set forth fully in the cause of action itself. Amongst those factual allegations are the following:

- That "Defendant Roger Clary told Plaintiff that the librarian had called to complain about Plaintiff's petitioning, that the mall owned the entire library grounds and that no one had ever been allowed to petition there." (*Plaintiff's First Amended Complaint*, Doc. 19, ¶ 18.
- That Defendant Clary "became irritated" during his encounter with Plaintiff on January 30, 2018. *Id.,* ¶ 20.
- That Defendant Clary "called the police." *Id.,* ¶ 21.
- That Defendant Clary "refused to tell [Plaintiff] his name." *Id.,* ¶ 24.
- That Defendant Officer Rebecca Hailey "turned directly to Defendant Roger Clary and asked him if he wanted to prosecute for trespassing. Defendant Roger Clary said 'yeah,' and Defendant Officer Rebecca Hailey said 'perfect'." *Id.,* ¶ 29.
- That "[o]nce, as Plaintiff traversed from the public property to the private property/easement, Defendant Roger Clary gave her the following 'command': 'you just stay right there,' he said smugly." *Id.,* ¶ 40.

Given the facts stated in Plaintiff's complaint, a reasonable inference can be drawn to support the conspiracy alleged between Defendant Clary and Defendant Officer Rebecca Hailey that could not similarly be drawn for the allegation of a conspiracy between Defendant Officer Rebecca Hailey and any other random actor. Defendant Clary was one of three people (Defendant Roger Clary, Plaintiff Stacy Arnold, and Zachary Langford) who

5

witnessed Defendant Clary refuse to tell Plaintiff his name and moreover he had *motive* for participating in the alleged conspiracy. Unlike any other random actor, Defendant Clary had already refused to tell Plaintiff his name, and, unlike any other random actor, he had already engaged in behavior consistent with an unnecessary power struggle with Plaintiff, and he benefitted from Defendant Officer Rebecca Hailey's overt act—a benefit that came at the expense of Plaintiff's right to due process.

Conclusion

The facts pled in Plaintiff's First Amended Complaint are sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Therefore, Defendant Clary's Motion to Dismiss should be denied.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Amended Complaint was filed electronically with the Clerk of the Court on January 10, 2020, to be served by operation of the Court's electronic filing system upon:

Christopher L. Heigele
Steven F. Coronado
Bay Otto Coronado PC – KCMO
4600 Madison Avenue
Suite 210
Kansas City, MO 64112-3019
cheigele@bayotto.com
scoronado@bayotto.com
*Attorneys for Defendants*
*City of St. Joseph, Missouri,*
*Officer Rebecca Hailey*

Mark C. Beam-Ward
Beam-Ward, Kruse, Wilson & Fletes LLC
8645 College Boulevard
Suite 250
Overland Park, KS 66210
mbeamward@bkwflaw.com
*Attorneys for Defendant*
*Roger Clary*

Gregory P Goheen
McAnany, Van Cleave & Phillips, PA-KCKS
10 East Cambridge Circle Drive
Ste. 300
Kansas City, KS 66103
ggoheen@mvplaw.com
*Attorneys for Defendant*
*St. Joseph Public Library*

            _/s/ Stacy Arnold_____