## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| STACY K. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-06137-CV-SJ-BP |
| | ) | |
| CITY OF ST. JOSEPH, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING DEFENDANT ROGER CLARY'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In this case, *pro se* Plaintiff Stacy Arnold ("Arnold") alleges that her freedom of speech and other civil rights were violated in front of a library in St. Joseph, Missouri. Now pending is Defendant Roger Clary's ("Clary") Motion to Dismiss Portions of Plaintiff's First Amended Complaint and Suggestions in Support. (Doc. 25.) Clary moves to dismiss the § 1983 claim against him for failure to allege that he acted under color of state law. Clary also argues that the First Amended Complaint fails to adequately allege that he conspired with a police officer. Arnold opposes the motion. As explained below, the motion is GRANTED. However, Arnold's conspiracy claim between Clary and the library remains pending.

## I. BACKGROUND

The First Amended Complaint alleges the following facts, all of which are construed in the light most favorable to Arnold and deemed as true for purposes of this Order.[1]

Arnold frequently works as a canvasser and facilitates collective action regarding matters of public concern. (Doc. 19, ¶ 7.) Around 12:00 p.m. on January 30, 2018, Arnold was circulating a petition regarding minimum wage in front of the East Hills Library in St. Joseph, Missouri. (*Id.*,

---

[1] All page numbers cited herein are those generated by the Court's CM/ECF system.

¶¶ 12-13.) Arnold did not disturb any individual and was not impeding traffic. (*Id.*, ¶¶ 13-15.) East Hills Library is a library within the St. Joseph Public Library branch. (*Id.*, ¶ 12.)

Shortly after Arnold began petitioning, a mall security vehicle arrived at the library. (*Id.*, ¶ 17.) Two security guards for the East Hills Mall were in the vehicle, Defendant Clary and Zachary Langford ("Langford"). (*Id.*, ¶¶ 11, 17, 24.)[2] Clary told Arnold that she could not petition at the library. (*Id.*, ¶ 17.) Clary stated that a librarian had called and complained about the petitioning, that the mall owned the library grounds, and that no one had ever been allowed to petition at the library. (*Id.*, ¶ 18.) Arnold responded that she had a First Amendment right to petition in front of the library and told Clary he would need to call the police to resolve the issue if he thought otherwise. (*Id.*, ¶ 19.) Clary became irritated. (*Id.*, ¶ 20.) Clary called the City of St. Joseph police department at approximately 12:10 p.m., and Arnold called her boss around the same time. (*Id.*, ¶¶ 21-23.) Arnold asked Clary for his name and he refused to provide that information. (*Id.*, ¶ 24.) Arnold subsequently obtained Clary's name through a Sunshine request. (*Id.*, ¶¶ 17, 24.)

Two police officers arrived while Arnold was on the phone with her boss. (*Id.*, ¶ 25.) Defendant police officer Rebecca Hailey ("Hailey") stepped out of her vehicle and commanded Arnold to "get off your phone." (*Id.*) Hailey asked Arnold what she was doing on private property, and the two disagreed regarding whether Arnold could petition at the library. (*Id.*, ¶¶ 25-26.) Arnold requested Hailey's badge number and also stated that she would not disobey an order to leave the premises. (*Id.*, ¶ 26.)

Hailey responded that Arnold was trespassing because the security guard had already asked her to leave. (*Id.*, ¶ 27.) Arnold again requested Hailey's badge number but Hailey did not provide

---

[2] Neither the First Amended Complaint or the parties' briefs adequately describe the location of the library in relation to East Hills Mall.

that information. (*Id.*, ¶¶ 27-28.) Instead, Hailey said "we're gonna do this the easy way." (*Id.*, ¶ 29.) Hailey turned to Clary and asked whether he wanted to prosecute Arnold for trespassing. (*Id.*) Clary said "yeah." (*Id.*) Hailey responded "perfect" and placed Arnold in handcuffs. (*Id.*) Arnold was charged with trespass in violation of St. Joseph City Code Ordinance 20-51, but this charge was ultimately dismissed on or about July 25, 2018. (*Id.*, ¶¶ 34, 44.)

Arnold contends that her arrest was wrongful and that she had a right to petition at the library. In support, she alleges that at the time of her arrest the library had a written policy that allowed petitioning in unspecified "areas designated by staff." (*Id.*, ¶ 39.) Additionally, the library—not the mall—owns at least a portion of the sidewalk that runs parallel to the entrance. (*Id.*, ¶¶ 37-38.) Moreover, "[a]n area where five parking spaces used to be is owned by the mall with an easement granted to the library for the purpose of the installation of a statue and related landscaping." (*Id.*, ¶ 38.) Arnold acknowledges that she moved back and forth "between the publicly owned sidewalk . . . and the physically indistinguishable privately owned sidewalk that served a public purpose/easement." (*Id.*, ¶ 40.)

Arnold alleges that Clary conspired with the library and Hailey regarding this incident. Clary's alleged acts in furtherance of the conspiracy include falsely stating that petitioning was not allowed at the library, falsely stating that the mall owned the entire property, and by calling the police and asking that Arnold be prosecuted. (*Id.*, ¶ 85.) Clary and Hailey allegedly conspired to conceal Clary's identity; Clary refused to identify himself to Arnold, and Hailey's police report stated that Langford—not Clary—had called the police and asked that Arnold be prosecuted. (*Id.*, ¶¶ 33, 87-93.)

Arnold asserts two claims against Clary. Count II asserts a § 1983 claim for violating her freedom of speech rights under the First Amendment. (*Id.*, ¶¶ 63-73.) Count IV alleges that Clary

conspired with Hailey and the library. (*Id.*, ¶¶ 83-93.) Clary now moves to dismiss the § 1983 claim and the conspiracy claim between him and Hailey. However, Clary does not argue that the conspiracy claim between him and the library should be dismissed. (*See* Doc. 25, pp. 4-7.) Arnold opposes the motion, and the parties' arguments are addressed below.

## II.  DISCUSSION

When considering a motion to dismiss for failure to state a claim, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); Fed. R. Civ. P. 12(b)(6). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (quotations and citations omitted). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

### A.  Count II Fails to Adequately Plead that Clary Acted Under Color of State Law

Count II asserts a § 1983 claim against Clary and other defendants. (Doc. 19, ¶¶ 2, 63-73.) Clary moves to dismiss this claim because Arnold does not adequately allege that he acted under color of state law. As explained below, the Court finds this argument to be persuasive.

4

"To state a claim under 42 U.S.C. § 1983, a plaintiff must show [1] that he was deprived of a right secured by the Constitution and the laws of the United States and [2] that the deprivation was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). However, a private individual may be subject to § 1983 if he or she "willfully participates in joint activity with the State or its agents[.]" *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). As relevant here, joint activity may be found between a private security officer and police officers if the security officer has a practice of working with the police department, if the police officer does not make an independent investigation before arrest, if the security guard is also an employee of the police department, or if a close relationship is otherwise shown. *See Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989).

In this case, Arnold does not plausibly allege that Clary was acting under color of state law. The First Amended Complaint summarily alleges that "Clary was a security guard for the East Hills Mall. Defendant Roger Clary's contested conduct constituted state action." (Doc. 19, ¶ 11.) Arnold similarly alleges that "[a]ll acts alleged herein of the Defendants . . . were done under color and pretense of law." (*Id.*, ¶ 45.) These legal conclusions do not adequately plead the color of state law element. *See Iqbal*, 556 U.S. at 678.

5

Arnold's other allegations do not support an inference that Clary acted under color of state law or engaged in joint activity with a state actor. For example, Clary did not act under color of state law by calling the police or by saying that he wanted Arnold to be prosecuted. (Doc. 19, ¶¶ 21, 29.) This is because a private individual does not become a state actor by "merely calling the police" or "by invoking an exercise of the state official's authority." *Hanuman v. Groves*, 41 Fed. Appx. 7, 9 (8th Cir. 2002); *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) (quotations omitted). Similarly, "the mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state officials." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). Finally, the First Amended Complaint does not allege that Clary and the police department had a practice or policy of working together, that Clary was a member of the police department, or that Clary and the police department had a close relationship. *Murray*, 874 F.2d at 559.

Arnold's arguments to the contrary are unavailing. Her opposition brief argues that Count II adequately pleads "state action via means of the joint participation doctrine (conspiracy as pled in Count IV) and/or the symbiotic relationship test, the public function test, and the close nexus test." (Doc. 33, p. 1.) This argument is conclusory and not supported by case law. Moreover, as explained below, the conspiracy claim between Clary and Hailey is not adequately pled. Arnold also argues that discovery "will yield information to support other theories of state action[.]" (*Id.*) But "the doors of discovery" are not "unlock[ed] . . . for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Under these circumstances, Arnold's claim against Clary in Count II is dismissed.

### B. Count IV Fails to Adequately State a Conspiracy Claim Between Clary and Hailey

Count IV alleges that Clary conspired with the St. Joseph Public Library and Hailey. (Doc. 19, ¶¶ 81-93.) Clary moves to dismiss the conspiracy claim between him and Hailey because Arnold does not allege facts that show a meeting of the minds. As explained below, the Court agrees with this argument.

A private actor may be liable under § 1983 if he or she conspires with state officials to violate an individual's constitutional rights. *See Dossett v. First State Bank*, 399 F.3d 940, 950-51 (8th Cir. 2005). A § 1983 conspiracy claim contains the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Dean v. Cnty. of Gage*, 807 F.3d 931, 939 (8th Cir. 2015). A plaintiff must allege facts that plausibly show the defendants reached an agreement. *Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016). This means "pointing to at least some facts which would suggest the defendants reached an understanding to violate h[er] rights." *Id.* (cleaned up).

Arnold alleges that Clary conspired with Hailey to deprive her of constitutional rights. (Doc. 19, ¶¶ 82-93.) Arnold alleges the following in support of this claim: Clary called the police and stated that he wanted Arnold prosecuted for trespassing and conspired with Hailey to conceal his identity. (*Id.*, ¶¶ 85(c), (d), 87-93.) The concealment of identity allegations are based on Clary's refusal to give Arnold his name, and on Hailey's police report that wrongly identified Langford as the complaining security guard. (*Id.*, ¶¶ 33(b), 87-93.)

These allegations do not contain "specific facts tending to show a meeting of the minds among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (quotations

omitted). As stated above, Clary's call to the police and invoking Hailey's authority does not show an agreement or joint activity. *Hanuman*, 41 Fed. Appx. at 9; *Young*, 284 F.3d at 870. There are also no allegations that suggest Clary had any involvement in the preparation of Hailey's police report. Finally, Clary's refusal to provide his name to Arnold does not plausibly show he had a meeting of the minds with Hailey. Under these circumstances, the conspiracy claim between Clary and Hailey is dismissed for failure to state a claim.

However, Count IV also alleges a conspiracy between Clary and the library. (Doc. 19, ¶¶ 82-86.) Arnold notes that Clary does not argue the First Amended Complaint fails to state a conspiracy claim between him and the library. (Doc. 33, p. 2.) The Court agrees with Arnold, and Clary did not file a reply brief that suggests otherwise. Consequently, Arnold's conspiracy claim between Clary and the library is not dismissed.

### III. CONCLUSION

Accordingly, Clary's Motion to Dismiss Portions of Plaintiff's First Amended Complaint and Suggestions in Support, (Doc. 25), is GRANTED. Arnold's conspiracy claim between Clary and the library in Count IV remains pending.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
Date: February 12, 2020                    UNITED STATES DISTRICT COURT