4033.46

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

STACY ARNOLD,                )
                             )
            Plaintiff,       )
                             )   Case No. 19-CV-06137-BP
v.                           )
                             )
CITY OF ST. JOSEPH, ET AL.,  )
                             )
            Defendants.      )

### DEFENDANT ST. JOSEPH PUBLIC LIBRARY'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS

**I.   Nature of the Matter.**

Plaintiff seeks only injunctive and declaratory relief against Defendant Library. First Amended Complaint (ECF No. 19), pp. 30-31, Prayer for Relief ¶¶ A-F. This case primarily involves Plaintiff's arrest after possible trespass onto the local shopping mall's property. The Library played no role in Plaintiff's arrest. Plaintiff had no contact with any Library employee. Plaintiff was permitted to canvas on Library property and seek signatures to her petition. The only action attributed to the Library is a call made by a Library employee to the adjoining privately owned mall's security. The Library filed a motion to dismiss asking the Court to find Plaintiff's claims regarding the Library's policies should be held to be moot as an attempt to obtain an advisory opinion and Plaintiff's conspiracy claim against the Library should be dismissed for failure to sufficiently plead facts supporting her allegations. Plaintiff filed a response. She did not address the Library's request to dismiss the conspiracy claim warranting dismissal of the conspiracy claim.[1]

---

[1]   See Hinsdale v. City of Liberal, Kan., 19 F. App'x 749, 768 (10th Cir. 2001) (plaintiff abandoned an equal protection claim by failing to address it in response to motion for summary judgment); Louderback v. Litton Indus.,

1

## II. Plaintiff's Claims as to the Previous Library Policy Must be Dismissed.

Plaintiff has alleged the Library's policy on petitioning and distributing literature at the time of her arrest is subject to this Court's review. The Library disagrees. In her response to the Library's motion to dismiss, Plaintiff attempts to distinguish Turning Point USA at Arkansas State Univ. v. Rhodes, 409 F. Supp. 3d 677, 684 (E.D. Ark. 2019). There a university policy was repealed after a change in state law prohibited state-supported universities from limiting expressive activities to designated areas. The court found that when a policy has been repealed, a facial challenge remedies nothing and is therefore moot. Turning Point, at 685. In support of her argument, Plaintiff incorrectly states the university did not replace the offending policy in Turning Point. The case is silent on that point. It only provides that the university repealed the policy that limited expressive activities to designated areas in order to meet the requirements of the new state law. Furthermore, whether the policy at issue in Turning Point was repealed and replaced or simply repealed without replacement is not relevant. The point of Turning Point is that once a regulation has been repealed, it cannot be enforced against someone and a party has "no legally cognizable interest in its constitutionality." Id. Here Plaintiff concedes in her First Amended Complaint (ECF NO. 19), p. 19 ¶ 54 n. 3, that the Library policy in place at the time of the incident on January 30, 2018, is no longer in effect and her claims based on that policy are moot.[2]

## III. No Exception to the Mootness Doctrine is Applicable to Plaintiff's Claims.

---

Inc., 521 F. Supp.2d 1179, 1184 (D. Kan. 2007) (claim not raised in connection with defendant's summary judgment motion deemed abandoned); Walker v. Faith Techs., Inc., 344 F. Supp.2d 1261, 1270 (D. Kan. 2004) (plaintiff's failure to make any arguments concerning defendant's liability in discriminatory layoff claim warranted summary judgment); Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992) (plaintiff precluded on appeal from raising arguments she had failed to rebut in the defendant's motion for summary judgment).

[2] It is worth noting that Plaintiff concedes in her First Amended Complaint (ECF No. 19), p. 4 ¶ 16, had previously canvased for signatures while the former policy was in effect without incident and the Library never told her to stop petitioning.

Plaintiff argues that her issues are not moot because they are "capable of repetition yet evade review" – an exception to the mootness doctrine discussed in Fed. Election Comm'n v. Wisconsin Right to Life, Inc., 551 U.S. 449 (2007). Plaintiff interprets that case as an exception to mootness for any case that involves elections. However, that is too broad of a reading. See e.g., Abdurrahman v. Dayton, No. 16-CV-4279 (PAM/HB), 2016 WL 7428193, at *1 (D. Minn. Dec. 23, 2016), aff'd, 903 F.3d 813 (8th Cir. 2018). In Dayton, a rogue elector pledged to mark his ballot with the Democratic Party nominees, but failed to abide by that pledge. He sued when the Secretary of State refused to accept and count his ballot. The district court affirmed that the exception to the mootness doctrine applies where: "(1) the challenged action's duration is too short to be fully litigated before expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. citing 551 U.S. 449, 462. Ultimately, the court found that, while the plaintiff met the first prong of the test, the plaintiff was not likely to be subject to the same action again because he was not likely to be an elector in the future. In other words, it's not as simple as applying the exception merely because a case involves an election.

Here, the challenged action's duration was not too short to be fully litigated before expiration. Plaintiff circulated her petition on January 30, 2018, but waited more than 20 months to file this action. If Plaintiff believed the Library's former policy was problematic, she could have sought immediate relief by filing a request for an injunction or declaratory relief. She did neither. Regarding the second prong, Plaintiff's arguments must fail as well. There is no reasonable expectation that Plaintiff will be subject to the same action again, to the extent the Library was an "actor." Plaintiff focuses on her desire to canvas at the Library again. But the issue is not whether she appears to canvas again. Rather, it's whether she will be subject to the

same action based on the former policy – an impossibility since the former policy is no longer in effect. Moreover, the Library contacted mall security, because it believed Plaintiff was trespassing on mall property. The Library's former policy was not even in play. In fact, Plaintiff admits she had previously canvassed at the Library with no issues. First Amended Complaint (ECF No. 19) p. 4, ¶ 16. Plaintiff now knows where the property lines are located and is aware of the Library's new policy. She is unlikely to trespass on mall property again and presumably will comply with the Library's new policy should she elect to canvas for signatures in the future. Plaintiff has simply not demonstrated this matter is an exception to the mootness doctrine, and her case she be dismissed as a result.

IV. **Plaintiff Does Not Have Standing to Challenge the Library Policy.**

Plaintiff argues she has standing even if the Library's current policy has never been applied to her. She also argues the Library's previous policy must have been applied to her by virtue of its very existence. The Library's position at its most basic is as follows: (1) The current policy has never been applied to Plaintiff because, other than her representation that she returned to take photos of the Library, she has not returned to the Library since her arrest and after the policy was enacted; and (2) the previous policy was never applied to Plaintiff, because the Library's call to mall security was rooted in the fact that she was possibly trespassing on mall property not on any violation of the Library's policy. The policy was irrelevant to the Library employee's actions.

As argued above, Plaintiff's arguments regarding the previous policy should be dismissed as moot because the policy is no longer in existence. Regarding the current policy, Plaintiff argues even though it has never been applied to her, it is enough for her to say she wants to petition in front of the Library in a way that violates the current policy (she wants to pursue the public outside of the designated area) and that the Library's current policy alone is sufficient to chill her speech.

4

Plaintiff's argument is essentially that she has standing because the library's current policy is an impediment to her ability to canvass at the Library without restriction. But standing in this context only exists if the policy's "very existence causes the plaintiff to forego a constitutionally-protected activity." Rodgers v. Bryant, 301 F. Supp. 3d 928, 931 (E.D. Ark. 2017), aff'd, 942 F.3d 451 (8th Cir. 2019) citing Broadrick v. Oklahoma, 413 U.S. 601, 611–612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 792 (8th Cir. 2004). Plaintiff has made no attempt to return to canvas at the Library under its new policy and the ability to canvas without any restriction is not a constitutionally-protected activity. The government can place reasonable and content-neutral time, place, or manner restrictions on First Amendment speech or expression. Snyder v. Phelps, 562 U.S. 443, 456 (2011). "The First Amendment ... does not guarantee [speakers] access to every or even the best channels or locations for their expression." Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks, 195 F. Supp. 3d 1065, 1079 (E.D. Mo. 2016), aff'd, 864 F.3d 905 (8th Cir. 2017) quoting Carew–Reid v. Metro. Transp. Auth., 903 F.2d 914, 919 (2d Cir.1990). Plaintiff cannot demonstrate the Library's new policy has caused her to forego a constitutionally-protected activity. She was welcome to canvas previously, as she admits in her complaint (ECF No. 19) p. 4 ¶ 16, and she's welcome to canvas now. She simply needs to remain on the Library's property and abide by the Library's policy.

**V.     Conclusion.**

Defendant Library respectfully requests that this Court dismiss Plaintiff's claims against it for a lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and that Defendant be granted costs, including reasonable attorneys' fees, incurred in defending against the claims asserted against it by Plaintiff in this action.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail:ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
      Gregory P. Goheen    #58119

Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via U.S. mail, postage prepaid to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Mark Beam-Ward
Beam-Ward, Kruse, Wilson & Fletes, LLC
8645 College Boulevard, Suite 250
Overland Park, KS 66210
Attorneys for Defendant Roger Clary

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey

/s/ Gregory P. Goheen