4033.46

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 19-CV-06137-BP |
| v. | ) ) |
| CITY OF ST. JOSEPH, ET AL., | ) ) |
| Defendants. | ) ) |

**DEFENDANT ST. JOSEPH PUBLIC LIBRARY'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-RELY TO THE LIBRARY'S REPLY TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DISMISSAL**

I. **Nature of the Matter Before the Court.** Plaintiff has requested leave to file a sur-reply to Defendant St. Joseph Public Library's (hereinafter "Library") reply in support of its Motion to Dismiss (ECF No. 22). The gist of Plaintiff's desire to file sur-reply appears to be so that she can advise the Court that, sometime after the filing of her Opposition (ECF No. 38) and unbeknownst to Defendant Library, Plaintiff returned to the Library and canvassed for signatures to a petition without incident. This admission by Plaintiff actually supports Defendant Library's Motion to Dismiss (ECF No. 22). However, nothing presented in Plaintiff's Request (ECF No. 45) provides a basis for further briefing by Plaintiff and Defendant Library respectfully requests the Court deny Plaintiff's Request (ECF No. 45) for the reasons set forth herein.

II. **Facts.**

1. Plaintiff filed her First Amended Complaint on December 15, 2019 (ECF No. 19).

1

2. Defendant Library filed its Motion to Dismiss and Suggestions in Support on December 26, 2019 (ECF Nos. 22 & 23)

3. Plaintiff filed her Suggestions in Opposition (ECF No. 38) on January 29, 2020.

4. Defendant Library filed its Reply (ECF No. 44) on February 12, 2020.

5. On February 18, 2020 Plaintiff filed a Request for Leave to File Sur-Reply (ECF No. 45).

## III. Question Presented.

A. Should Plaintiff be allowed to file a sur-reply to Defendant Library's Reply in support of its Motion to Dismiss?

## IV. Argument and Authorities.

A. **Legal Standard.** In ruling upon a written motion, the Court must consider the motion, **supporting suggestions, opposing suggestions, and reply suggestions.**" Local Rule 7.0(b) (emphasis added). "Although the local rules in this district do not specifically prohibit the filing of a sur-reply, it is not the Court's practice to allow parties to file a sur-reply." Porter v. Gentry County Com'n, No. 08-6029-CV-SJ-FJG, 2008 WL 3156969, at *5 (W.D.Mo Aug. 4, 2008); Sentinel Insurance Company v. Haines, No. 07–0690–CV–W–FJG, 2008 WL 11337941, at *3 (W.D.Mo. Au. 6, 2008); see also Trice v. Friedman, No. 4:12-CV-00131-BCW, 2012 WL 12903899, at *1 (W.D.Mo. Sept. 13, 2012) (denying a plaintiff's motion to file a sur-reply for failure to show good cause necessitating the same); Oakdale Mall Associates v. Cincinnati Ins. Co., No. 11-0562-CV-W-FJG, 2011 WL 2729443, at *2 (W.D.Mo. July 13, 2011) (denying a plaintiff's motion to file a sur-reply because the "Court possess[ed] sufficient information to reach its decision"); Sappington v. Skyjack Inc., No. 04-5076-CV-SW-FJG, 2006 WL 8449113, at *1

2

(W.D.Mo. Oct. 13, 2006) (denying a defendant's motion for leave to file a sur-reply on the basis that "the prior briefs of the parties (plaintiffs' motion, defendants' responses, and plaintiffs' reply) adequately illuminate[d] the issues"); Stringfield v. Consentino's Food Stores, No. 15-0693-CV-W-FJG, 2017 WL 3880774, at *6 (W.D.Mo. Sept. 5, 2017) (finding that "because plaintiff raised information in her reply suggestions, which she had not previously raised in her initial summary judgment motion, that [defendant] will be allowed an opportunity to file its Sur-Reply").

The mere fact that a Plaintiff has *pro se* status "does not relieve him with complying with the court's procedural requirements." Heistand v. Coleman, CRIM.A. 08-3292-CM, 2009 WL 3336008 (D. Kan. Oct. 14, 2009); Barnes v. United States, 173 F. Appx 695, 697 (10th Cir. 2006) (citations omitted); see also Santistevan v. Colo. Sch. of Mines, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

**B.      No Cause Exists for the Filing of a Sur-Reply.** Plaintiff has failed to demonstrate "good cause" necessitating the filing of a sur-reply as the arguments made by Plaintiff in her Request (ECF No. 45) do not relate to the legal issues raised by Defendant Library in its Reply (ECF No. 44) and provide no additional significant information to assist the Court with its decision. Plaintiff's requested sur-reply focuses on her return to Defendant Library to conduct canvassing activities since the incident giving rise to her Complaint (ECF No. 1). Plaintiff's First Amended Complaint references Plaintiff's desire to return to the Library grounds at some point in the future. First Amended Complaint (ECF No. 19) at p. 18, ¶ 52. Defendant Library welcomed Plaintiff back to the Library. See Defendant Library's Memorandum in Support of Motion to Dismiss (ECF No. 23), at p. 12. Unbeknownst to Defendant Library at the time its Reply (ECF No. 44) was filed, Plaintiff had apparently already returned to Defendant Library on at least one occasion and

3

canvassed without incident. Plaintiff's Request for Leave to File a Sur-Reply (ECF No. 45), Exhibit A. As such, Plaintiff's sur-reply confirms that Plaintiff was allowed to canvass during her recent visit to Defendant Library without incident and that her claims for injunctive and declaratory relief against Defendant Library based on its prior policies are moot and should be dismissed. However, Plaintiff's admission does not, by itself, warrant the filing of a sur-reply and, if Plaintiff is permitted to file a sur-reply, Defendant Library ask leave of Court to respond to any new arguments raised within Plaintiff's sur-reply. Such further delay and additional costs are unwarranted and unneeded as, given Plaintiff's admission, any additional arguments contained in Plaintiff's proposed sur-reply would not change anything and therefore Plaintiff's Request (ECF No. 45) should be denied.

**C.     The Issues Raised in Plaintiff's Sur-Reply are Outside the Scope of the Pleadings.** Because this matter is before the Court on Defendant Library's Motion to Dismiss (ECF No. 22), the issues are generally limited to the factual allegations set forth in Plaintiff's First Amended Complaint (ECF No. 19). Fed.R.Civ.P. 12(c). Plaintiff's First Amended Complaint seeks injunctive and declaratory relief against Defendant Library relating to its policy on petitioning and distribution of literature on its grounds that was in effect at the time of an incident which occurred on or about January 30, 2018 (ECF No. 1). See First Amended Complaint (ECF No. 19), ¶¶ 12, 39; pp. 30-31, Prayer for Relief ¶¶ A-F. Defendant Library amended its policy on petitioning after the January 30, 2018 incident. See First Amended Complaint (ECF No. 19), ¶ 39. Plaintiff's First Amended Complaint makes no allegations against Defendant Library regarding its new policy, nor does it challenge Defendant Library's current policy on petitioning and distribution of literature on its grounds. To the extent Plaintiff's seeks in her proposed sur-

4

reply to challenge or assert facts relating to her recent canvassing trip to Defendant Library, those claims are beyond the scope of the pleadings and should be disregarded.

V. **Conclusion.** This procedural issue is important in the presentation of cases to this Court. Eventually the filing of briefs related to motions must come to a close so that the Court can make a decision. The federal and local rules have established an orderly procedure to permit the parties to present issues to the Court for determination, i.e., motion, response and reply. If the Court grants the Plaintiff leave to file a sur-reply, Defendant Library will be deprived of the opportunity to reply to Plaintiff's additional arguments -- arguments which do not materially impact the Court's ability to rule on Defendant Library's Motion to Dismiss (ECF No. 22) and are also outside the scope of the pleadings. Defendant Library respectfully requests that Plaintiff's Request (ECF No. 45) be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    Gregory P. Goheen        #58119

Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via U.S. mail, postage prepaid to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Mark Beam-Ward
Beam-Ward, Kruse, Wilson & Fletes, LLC
8645 College Boulevard, Suite 250
Overland Park, KS 66210
Attorneys for Defendant Roger Clary

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey

/s/ Gregory P. Goheen

6

Case 5:19-cv-06137-BP   Document 48   Filed 03/03/20   Page 6 of 6