IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| STACY K. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-06137-CV-SJ-BP |
| | ) | |
| CITY OF ST. JOSEPH, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT
ST. JOSEPH PUBLIC LIBRARY'S MOTION TO DISMISS**

In this case, *pro se* Plaintiff Stacy Arnold ("Arnold") alleges that her freedom of speech and other civil rights were violated in front of a library in St. Joseph, Missouri. Plaintiff alleges in part that the library's policies regarding petitioning are unconstitutional. Now pending is Defendant St. Joseph Public Library's ("Defendant") Motion to Dismiss. (Doc. 22.) Defendant argues that Arnold lacks standing, that her claims are moot, and that she fails to state a claim upon which relief may be granted. Arnold opposes the motion. As explained below, the motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

The First Amended Complaint alleges the following facts, all of which are construed in the light most favorable to Arnold and deemed as true for purposes of this Order.[1]

Arnold frequently works as a canvasser and facilitates collective action regarding matters of public concern. (Doc. 19, ¶ 7.) Defendant is a political subdivision of Missouri and provides library facilities and services to the St. Joseph area. (*Id.*, ¶ 9.) Around 12:00 p.m. on January 30, 2018, Arnold was circulating a petition regarding minimum wage in front of the East Hills Library

---

[1] All page numbers cited herein are those generated by the Court's CM/ECF system.

("East Hills Library" or the "library") in St. Joseph, Missouri.  (*Id.*, ¶¶ 12-13.)  East Hills Library is a branch within the St. Joseph Public Library.  (*Id.*, ¶ 12.)  Arnold did not disturb any individual and was not impeding traffic.  (*Id.*, ¶¶ 13-15.)  Arnold acknowledges that she moved back and forth "between [a] publicly owned sidewalk . . . and the physically indistinguishable privately owned sidewalk that served a public purpose/easement."  (*Id.*, ¶ 40.)

Shortly after Arnold began petitioning, a mall security vehicle arrived at the library.  (*Id.*, ¶ 17.)  Two security guards for the East Hills Mall were in the vehicle, Defendant Roger Clary ("Clary") and Zachary Langford ("Langford").  (*Id.*, ¶¶ 11, 17, 24.)[2]  Clary told Arnold that she could not petition at the library.  (*Id.*, ¶ 17.)  Clary stated that a librarian had called and complained about the petitioning, that the mall owned the library grounds, and that no one had ever been allowed to petition at the library.  (*Id.*, ¶ 18.)  Arnold responded that she had a First Amendment right to petition in front of the library and told Clary he would need to call the police to resolve the issue if he thought otherwise.  (*Id.*, ¶ 19.)  Clary became irritated.  (*Id.*, ¶ 20.)  Clary called the City of St. Joseph police department at approximately 12:10 p.m., and Arnold called her boss around the same time.  (*Id.*, ¶¶ 21-23.)  Arnold asked Clary for his name and he refused to provide that information.  (*Id.*, ¶ 24.)  Arnold subsequently obtained Clary's name through a Sunshine request.  (*Id.*, ¶¶ 17, 24.)

Two police officers arrived while Arnold was on the phone with her boss.  (*Id.*, ¶ 25.)  Defendant police officer Rebecca Hailey ("Hailey") stepped out of her vehicle and commanded Arnold to "get off your phone."  (*Id.*)  Hailey asked Arnold what she was doing on private property, and the two disagreed whether Arnold could petition at the library.  (*Id.*, ¶¶ 25-26.)  Arnold

---

[2] Neither the First Amended Complaint or the parties' briefs adequately describe the location of the library in relation to the East Hills Mall.

requested Hailey's badge number and also stated that she would not disobey an order to leave the premises. (*Id.*, ¶ 26.)

Hailey responded that Arnold was trespassing because the security guard had already asked her to leave. (*Id.*, ¶ 27.) Arnold again requested Hailey's badge number but Hailey did not provide that information. (*Id.*, ¶¶ 27-28.) Instead, Hailey said "we're gonna do this the easy way." (*Id.*, ¶ 29.) Hailey turned to Clary and asked whether he wanted to prosecute Arnold for trespassing. (*Id.*) Clary said "yeah." (*Id.*) Hailey responded "perfect" and placed Arnold in handcuffs. (*Id.*) Arnold was charged with trespass in violation of St. Joseph City Code Ordinance 20-51, but this charge was ultimately dismissed on or about July 25, 2018. (*Id.*, ¶¶ 34, 44.)

At all relevant times, Defendant had a written policy on petitioning. As of January 30, 2018, Defendant's policy (the "2018 policy") allowed petitioning in unspecified "areas designated by staff." (*Id.*, ¶ 39; Ex. Q.) This policy further stated that petitioners must not "pursue patrons." (*Id.*) Defendant approved the current policy on July 23, 2019 (the "2019 policy"). In relevant part, the 2019 policy also limits petitioning to "designated areas" specified in the policy and prohibits petitioners from "pursu[ing] patrons." (*Id.*; Ex. R.).[3] Arnold alleges that the "designated areas" and "pursue patrons" provisions in both policies are unconstitutional. (*Id.*, ¶¶ 39, 54, 58.) Arnold further states that she "would like to return to both the publicly and privately owned external grounds of East Hills Library to petition about causes that she cares about in the future and to lift the chill that Defendants have placed on core political speech." (*Id.*, ¶ 62.)

The First Amended Complaint asserts three claims against Defendant. These claims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and 42 U.S.C. § 1983. (*Id.*, ¶¶ 3-4.) The

---

[3] Defendant also adopted a policy on March 27, 2018. This policy included specific locations of designated areas and included a picture of such areas. (*Id.*) The parties devote little attention to this policy and it does not appear relevant to the legal issues presently before the Court.

3

claims are not clearly pled. Count I appears to seek declaratory and injunctive relief against the 2018 and 2019 policies. (*Id.*, ¶¶ 53-62.) Count II appears to seek declaratory and injunctive relief based on the January 2018 incident. (*Id.*, ¶¶ 63-73.) Neither Count I or Count II seeks monetary relief against Defendant. Count IV asserts a conspiracy claim between Defendant and Clary and requests monetary damages against both defendants. (*Id.*, ¶¶ 81-86.)

## II. DISCUSSION

Defendant now moves to dismiss Counts I and II for lack of subject matter jurisdiction, and Count IV for failure to state a claim upon which relief may be granted. Arnold opposes the motion.[4] The parties' arguments are addressed below.

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Declaratory Judgment Act provides that a federal court, "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A "case of actual controversy" means "the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Maytag Corp. v. Int'l Union*, 687 F.3d 1076, 1081 (8th Cir. 2012). The parties must have "a concrete dispute" and the plaintiff "must seek specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quotations omitted).

"[M]ootness and standing are questions of subject matter jurisdiction." *Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013). "Mootness is akin to the doctrine of standing because the

---

[4] Defendant's briefs do not separately address each claim. The Court will do so for the purpose of clarity. Further, Defendant's reply brief states that "Plaintiff seeks only injunctive and declaratory relief against Defendant Library." (Doc. 44, p. 1.) This is not accurate. The Wherefore clause at the conclusion of Count IV requests "any and all applicable nominal, compensatory, general and punitive damages." (Doc. 19, p. 27, Wherefore clause.)

4

requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012) (quotations omitted). To establish standing, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (quotations omitted). A case will become moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (citations omitted).

### *1. The Court Has Subject Matter Jurisdiction Over Count I With Respect to the 2019 Policy*

In Count I, Arnold alleges that the 2018 and 2019 policies are "facially invalid" and "facially invalid . . . as applied to the publicly owned exterior grounds of the East Hills Library." (Doc. 19, ¶¶ 54, 58.) Specifically, Arnold alleges that each version of the policy impermissibly limits petitioning to specified or unspecified "designated areas." This restriction "is/was not narrowly tailored to serve a cognizable, much less a compelling/significant government interest, nor is it reasonable." (*Id.*, ¶ 54.) Arnold also contends that each version of the policy is "impermissibly vague" by stating that petitioners "must not pursue patrons." (*Id.*) This clause allegedly "affords unbridled discretion to city officials and employees in its interpretation[.]" (*Id.*) Arnold contends that she "would like to return to both the publicly and privately owned external grounds of East Hills Library to petition about causes that she cares about in the future and to lift the chill that Defendants have placed on core political speech." (*Id.*, ¶ 62.) Count I seeks declaratory and injunctive relief regarding the "designated areas" and "pursue patrons" provisions.[5]

---

[5] The specific relief sought in Count I is not entirely clear, but Arnold's opposition brief identifies this is the relief sought. (Doc. 38, p. 3.) Arnold also filed a motion for leave to file a surreply, which states that she has and/or intends to return to the library in order to petition. (Doc. 45.) The motion is granted, and the surreply is deemed filed, though the surreply (Doc. 45-1) did not affect any of the rulings herein.

5

Defendant moves to dismiss Count I because Arnold lacks standing and/or because the claim is moot.[6] According to Defendant, this is because the 2018 policy is no longer in effect, and because Arnold has failed to adequately allege that she will be subjected to the 2019 policy. (Doc. 23, pp. 10-12.) Defendant thus moves to dismiss Count I for lack of subject matter jurisdiction.

Upon review of the record, the Court finds that Arnold lacks standing to seek declaratory and injunctive relief regarding the 2018 policy. "Jurisdictional issues such as standing . . . are determined at the time the lawsuit was filed[.]" *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 814 (8th Cir. 2006). When Arnold filed this lawsuit, the 2018 policy was no longer in effect. Consequently, Arnold lacks standing and the Court dismisses her claim for declaratory and injunctive relief based on the 2018 policy. *Webb v. Smith*, 936 F.3d 808, 814 (8th Cir. 2019) (recognizing that "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum").

However, the 2019 policy is currently in effect. Arnold alleges that this policy is unconstitutional because of the "areas designated by staff" and "pursue patrons" provisions. (Doc. 19, Ex. R. (Policy dated 7/23/2019 and currently in effect); Doc. 38, p. 3.) Defendant does not adequately explain why these provisions are constitutional or should otherwise be upheld at the motion to dismiss stage. Additionally, Arnold adequately alleges that she will be subjected to the 2019 policy in the future. The First Amended Complaint alleges that Arnold "frequently works as a canvasser," that she previously petitioned at the library, and that she would like to petition at the library in the future without threat of criminal prosecution. (Doc. 19, ¶¶ 7, 12, 52, 62.) These allegations adequately state that Arnold has standing and that the dispute is not moot.

---

[6] The parties use the terms standing and mootness interchangeably. However, as discussed below, standing is the applicable legal doctrine.

Defendant raises a factual dispute regarding whether and when Arnold will return to the library to petition, but this dispute cannot be resolved at the pleading stage. Defendant also suggests this case is moot because Arnold "is welcome at the Library." (Doc. 23, p. 12.) This argument is not persuasive based on Defendant's alleged misconduct in January 2018. *Davis*, 886 F.3d at 677 ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). Moreover, given that the current policy limits Arnold's planned actions, she has standing to challenge the policy. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-167 (2014).

For these reasons, Arnold's request for declaratory and injunctive relief regarding the 2018 policy is dismissed. Arnold's request for declaratory and injunctive relief regarding the 2019 policy is not dismissed and may proceed.

### *2. The Court Lacks Subject Matter Jurisdiction Over Count II*

The Court construes Count II as challenging Defendant's conduct on January 30, 2018. In general, Arnold alleges that Defendant violated her constitutional and other civil rights in front of the library. (Doc. 19, ¶¶ 63-73.) This claim appears to arise under § 1983 and the Declaratory Judgment Act.[7] Arnold only seeks declaratory and injunctive relief against Defendant in Count II, and does not request an award of damages. However, Arnold requests an award of damages, as well as declaratory and injunctive relief, against the City of St. Joseph, Clary, and Hailey. (*Id.*, p. 23, Wherefore Clause.)

The Court finds that Arnold lacks standing to pursue this claim. "In a case of this sort, where the plaintiff[] seek[s] declaratory and injunctive relief, past injuries alone are insufficient to

---

[7] The parties do not dispute that Defendant is subject to § 1983. *See* Mo. Rev. Stat. § 70.210 (defining a "county library, city library, [and] city-county library" as a "political subdivision"); (Doc. 19, ¶ 9; Doc. 23, pp. 15-16.)

7

establish standing." *Frost v. Sioux City*, 920 F.3d 1158, 1162 (8th Cir. 2019) (quotations omitted). "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 Fed. App'x 763, 766 (10th Cir. 2008). Consequently, the Court does not have subject matter jurisdiction over Count II because Arnold lacks standing to seek declaratory and injunctive relief for Defendant's past conduct. As stated above, prospective relief may be sought under Count I.

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a party may file a motion to dismiss for failure to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); Fed. R. Civ. P. 12(b)(6). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (quotations and citations omitted). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* complaint is construed "liberally, but the complaint must still allege

8

Case 5:19-cv-06137-BP   Document 50   Filed 03/11/20   Page 8 of 10

sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (quotations omitted).

### *Count IV Fails to State a Conspiracy Claim against Defendant*

Count IV asserts a conspiracy claim between Defendant and Clary. (Doc. 19, ¶¶ 82-86.) Defendant argues this claim should be dismissed because Arnold does not allege facts that show a meeting of the minds among the alleged conspirators. As explained below, the Court agrees with this argument.[8]

A § 1983 conspiracy claim contains the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Dean v. Cnty. of Gage*, 807 F.3d 931, 939 (8th Cir. 2015). A plaintiff must allege facts that plausibly show the defendants reached an agreement. *Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016). This means "pointing to at least some facts which would suggest the defendants reached an understanding to violate h[er] rights." *Id.* (cleaned up).

Arnold alleges the following in support of her claim that Defendant conspired with Clary: a librarian called Clary and complained about Arnold's petitioning, the librarian and Clary "then reached an agreement" to remove her, Clary told Arnold she had to leave and could not petition at the library, and Clary called the police and stated that he wanted Arnold prosecuted for trespassing. (*Id.*, ¶¶ 83-86.)

These allegations do not contain "specific facts tending to show a meeting of the minds among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (quotations

---

[8] Arnold's opposition brief does not argue that she adequately stated a conspiracy claim.

9

Case 5:19-cv-06137-BP   Document 50   Filed 03/11/20   Page 9 of 10

omitted). At most, the First Amended Complaint "pleads facts that are merely consistent" with a meeting of the minds. *Iqbal*, 556 U.S. at 678. However, the First Amended Complaint also pleads facts that could be consistent with an inquiry into possible trespassing. Defendant argues, and the Court agrees, that there are "no alleged facts that the librarian did anything but call Defendant Clary about a potential trespasser. And Plaintiff admits that to the best of her recollection she moved back and forth several times between mall property and Library property . . . There are no allegations the librarian asked Defendant Clary to take any actions toward Plaintiff." (Doc. 23, p. 14; *see also* Doc. 19, ¶ 40.) Under these circumstances, the First Amended Complaint does not adequately plead a meeting of the minds between Defendant and Clary. Consequently, Count IV against Defendant is dismissed for failure to state a claim.

Finally, Arnold's opposition brief concludes by summarily requesting leave to amend should the Court find that the First Amended Complaint is deficient. (Doc. 38, p. 10.) If Plaintiff wishes to file a Second Amended Complaint in light of this Order, she should file a motion for leave to amend and attach the proposed complaint. *See* L.R. 15.1.

### III. CONCLUSION

For these reasons, Defendant St. Joseph Public Library's Motion to Dismiss (Doc. 22) is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as Count I is dismissed regarding the 2018 policy, Count II is dismissed, and Count IV is dismissed. The motion is denied insofar as Count I is not dismissed with respect to the 2019 policy. Arnold's motion for leave to file a surreply (Doc. 45) is GRANTED.

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: March 11, 2020   UNITED STATES DISTRICT COURT