IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-CV-06137-BP |
| v. | ) |
| | ) |
| CITY OF ST. JOSEPH, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT ST. JOSEPH PUBLIC LIBRARY

**COMES NOW** Defendant St. Joseph Public Library ("Defendant") by and through its attorneys, McAnany, Van Cleave & Phillips, P.A. and for its answer to Plaintiff's First Amended Complaint (ECF No. 19), states as follows:

1. The allegations set forth in paragraph no. 1 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

## JURISDICTION AND VENUE

2. The allegations set forth in paragraph no. 2 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

3. The allegations set forth in paragraph no. 3 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

4. The allegations set forth in paragraph no. 4 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this

1

answering Defendant. To an extent an answer is required, the allegation is denied.

5. The allegations set forth in paragraph no. 5 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied. To the extent jurisdiction exists, Defendant does not contest venue in this Court.

6. The allegations set forth in paragraph no. 6 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

## PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 7 of Plaintiff's Complaint (ECF No. 1), and therefore denies the same.

8. Defendant admits the allegations set forth in paragraph no. 8 of Plaintiff's First Amended Complaint (ECF No. 19).

9. Defendant admits the allegations set forth in paragraph no. 9 of Plaintiff's First Amended Complaint (ECF No. 19).

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 10 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 11 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

## **STATEMENTS OF FACT**

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 12 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 13 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 14 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 15 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 16 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 17 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 18 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph no. 19 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 20 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 21 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 22 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 23 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 24 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 25 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 26 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 27 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 28 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 29 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 30 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 31 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 32 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 33 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 34 of Plaintiff's First Amended Complaint (ECF

No. 19), and therefore denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 35 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

36. With regard to the allegations set forth in paragraph no. 36 of Plaintiff's First Amended Complaint (ECF No. 19), Defendant admits its address for the East Hills Library is 502 N. Woodbine Road, St. Joseph, Missouri. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph no. 36 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

37. With regard to the allegations set forth in paragraph no. 37 of Plaintiff's First Amended Complaint (ECF No. 19), Defendant admits there is a sidewalk and a statute of a girl with a dove in the front of the library. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph no. 37 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

38. With regard to the allegations set forth in paragraph no. 38 of Plaintiff's First Amended Complaint (ECF No. 19), Defendant admits that there are property lines set forth in legal documents of record and speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph no. 38 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

39. With regard to the allegations set forth in paragraph no. 39 of Plaintiff's First Amended Complaint (ECF No. 19), Defendant admits it had a policy and adopted a new policy in 2019. Defendant further answers that the policies speak for themselves.

40. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph no. 40 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

41. The allegations set forth in paragraph no. 41 contain no factual allegation that requires an admission or denial from this Defendant. To the extent an answer is required, the allegations are denied.

42. The allegations set forth in paragraph no. 42 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 43 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 44 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

45. The allegations set forth in paragraph no. 45 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 46 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 47 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 48 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 49 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

50. Defendant denies the allegations set forth in paragraph no. 50 of Plaintiff's First Amended Complaint (ECF No. 19).

51. Defendant denies the allegations set forth in paragraph no. 51 of Plaintiff's First Amended Complaint (ECF No. 19).

52. Defendant denies the allegations set forth in paragraph no. 52 of Plaintiff's First Amended Complaint (ECF No. 19).

**COUNT I – VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION FREEDOM OF SPEECH – CONSTITUTIONAL QUESTION**
**(against Defendants City of St. Joseph, Defendant Officer Rebecca Hailey in her Official Capacity and St. Joseph Public Library)**

53. Defendant incorporates its answers to Paragraphs 1-52 herein.

54. to the extent this allegation is directed at any library policy other than the policy currently in effect, plaintiff's claims have been dismissed as to this Defendant and therefore no answer is required. To the extent this allegation is directed at Defendant's current policy, the policy speaks for itself and to the extent Plaintiff's allegations are inconsistent with the actual language of the policy, her allegations are denied.

55. The allegations set forth in paragraph no. 55 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this

8

answering Defendant. To an extent an answer is required, the allegation is denied.

56. The allegations set forth in paragraph no. 56 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied. Further, the allegations set forth in in this paragraph are no directed at this Defendant as the library has no control over the ordinances of the City of St. Joseph, Missouri.

57. The allegations set forth in paragraph no. 57 of Plaintiff's First Amended Complaint (ECF No. 19) call for a legal conclusion which does not require an admission or denial from this answering Defendant. To an extent an answer is required, the allegation is denied. Further, the allegations set forth in in this paragraph are no directed at this Defendant as the library has no control over the ordinances of the City of St. Joseph, Missouri.

58. Defendant denies the allegations set forth in paragraph no. 58 of Plaintiff's First Amended Complaint (ECF No. 19).

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 59 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 60 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 61 of Plaintiff's First Amended Complaint (ECF No. 19), and therefore denies the same.

62. Defendant denies the allegations set forth in paragraph no. 62 of Plaintiff's First

Amended Complaint (ECF No. 19).

## COUNT II – VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION FREEDOM OF SPEECH – VIOLATION OF A CLEARLY ESTABLISHED RIGHT

**(against Defendants St. Joseph Public Library, Roger Clary, Officer Rebecca Hailey – in her personal capacity – and City of St. Joseph)**

63. Defendant incorporates its answers to Paragraphs 1-62 herein.

64. The allegations set forth in paragraph no. 64 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

65. The allegations set forth in paragraph no. 65 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

66. The allegations set forth in paragraph no. 66 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

67. The allegations set forth in paragraph no. 67 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

68. The allegations set forth in paragraph no. 68 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

69. The allegations set forth in paragraph no. 69 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

70. The allegations set forth in paragraph no. 70 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

71. The allegations set forth in paragraph no. 71 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

72. The allegations set forth in paragraph no. 72 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

73. The allegations set forth in paragraph no. 73 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant

to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

### COUNT III – VIOLATION OF DUE PROCESS FABRICATION OF EVIDENCE
**(against Defendant Officer Rebecca Hailey – in her individual capacity)**

74. Defendant incorporates its answers to Paragraphs 1-73 herein.

75. The allegations set forth in paragraph 75 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 75 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

76. The allegations set forth in paragraph 76 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 76 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

77. The allegations set forth in paragraph 77 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 77 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

78. The allegations set forth in paragraph 78 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 78 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

79. The allegations set forth in paragraph 79 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of

this defendant. If such answer is required, the allegations set forth in paragraph 79 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

80. The allegations set forth in paragraph 80 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 80 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

### **COUNT IV – CONSPIRACY TO DEPRIVE PLAINTIFF OF HER CONSTITUTIONAL RIGHTS**
**(against Defendants St. Joseph Public Library, Roger Clary and Officer Rebecca Hailey – in her individual capacity)**

81. Defendant incorporates its answers to Paragraphs 1-80 herein.

82. The allegations set forth in paragraph no. 82 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

83. The allegations set forth in paragraph no. 83 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

84. The allegations set forth in paragraph no. 84 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

85. The allegations set forth in paragraph no. 85 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant

to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

86. The allegations set forth in paragraph no. 86 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

87. The allegations set forth in paragraph no. 87 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

88. The allegations set forth in paragraph no. 88 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

89. The allegations set forth in paragraph no. 89 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

90. The allegations set forth in paragraph no. 90 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

91. The allegations set forth in paragraph no. 91 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

92. The allegations set forth in paragraph no. 92 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

93. The allegations set forth in paragraph no. 93 of Plaintiff's First Amended Complaint (ECF No. 19) relate to claims that have been dismissed against this answering Defendant pursuant to the Court's March 11, 2020 rulings on Defendant's Motion to Dismiss (ECF No. 22) and therefore, no answer to the same is required.

**COUNT V – VIOLATION OF THE FIRST AMENDMENT - RETALIATION**
**(against Defendant Officer Rebecca Hailey – in her individual capacity)**

94. Defendant incorporates its answers to Paragraphs 1-93 herein.

95. The allegations set forth in paragraph 95 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 95 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

96. The allegations set forth in paragraph 96 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 96 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

15

97. The allegations set forth in paragraph 97 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 97 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

98. The allegations set forth in paragraph 98 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 98 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

99. The allegations set forth in paragraph 99 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 99 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

100. The allegations set forth in paragraph 100 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 100 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

101. The allegations set forth in paragraph 101 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 101 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

102. The allegations set forth in paragraph 102 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required

this defendant. If such answer is required, the allegations set forth in paragraph 102 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

103. The allegations set forth in paragraph 103 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 103 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

104. The allegations set forth in paragraph 104 of Plaintiff's First Amended Complaint (ECF No. 19) are not directed to this answering defendant and, therefore, no answer is required of this defendant. If such answer is required, the allegations set forth in paragraph 104 of Plaintiff's First Amended Complaint (ECF No. 19) are denied.

105. Defendant denies that its conduct has caused Plaintiff any damages.

106. Defendant denies the nature and extent of Plaintiff's claimed injuries.

107. Defendant denies that Plaintiff is entitled to any of the damages or relief requested in the *ad damnum* clauses on pages 20, 23, 25, 27, & 30 of Plaintiff's First Amended Complaint (ECF No. 19).

108. Defendant denies each and every allegation, including portions thereof, contained within Plaintiff's First Amended Complaint (ECF No. 19) which has not been specifically admitted to herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint (ECF No. 19) fails to state a claim upon which relief can be granted.

2. No subject matter jurisdiction exists over Plaintiff's claims against Defendant.

3. Plaintiff lacks standing to pursue her claims

4. Plaintiff's claims are not ripe.

5. Plaintiff's claims are moot.

6. Defendant's policies state reasonable content, neutral time, place and manner restrictions which are not violative of the First Amendment of the United States Constitution.

7. Defendant at all times acted in a reasonable and rational manner.

8. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorneys' fees, incurred in defending this action.

9. Defendant reserves the right to assert any further defenses which may become apparent during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff and that it be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as deemed fair, just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail:ggoheen@mvplaw.com


By: /s/ Gregory P. Goheen
      Gregory P. Goheen        #58119

Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Mark Beam-Ward
Beam-Ward, Kruse, Wilson & Fletes, LLC
8645 College Boulevard, Suite 250
Overland Park, KS 66210
Attorneys for Defendant Roger Clary

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey

/s/ Gregory P. Goheen