IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STACY ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-CV-06137-BP |
| v. | ) | |
| | ) | |
| CITY OF ST. JOSEPH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ST. JOSEPH PUBLIC LIBRARY, CITY OF ST. JOSEPH AND REBECCA HAILEY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**I.     Nature of the Matter.**

Plaintiff has filed a Motion (ECF No. 69) seeking a protective order in this matter to prevent Defendants St. Joseph Public Library, City of St. Joseph and Rebecca Hailey (collectively "Defendants") from inquiring about "information related to her employer, her employment on January 30, 2018, or subsequent employment with [that] employer…". Motion (ECF No. 69), p. 3 ¶ 11. However, aside from conclusory statements that such information does fall within the confines of discovery under Rule 26 and is oppressive, Plaintiff failed to set forth any facts tending to support the allegations in her Motion (ECF No. 69). For that reason and the reasons set forth more fully herein, Plaintiff's Motion for Protective Order (ECF No. 69) should be denied.

**II.    Arguments and Authorities.**

**A.     Information pertaining to Plaintiff's employer and her employment therewith is relevant and proportional to the needs of this case.** "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In the discovery context, relevance is broadly construed

1

"to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case". Jo Ann Howard & Associates, P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (internal quotations omitted); see also WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011) ("Broad discovery is an important tool for [] litigant[s]"); Jacobson v. Metropolitan St. Louis Sewer Dist., No. 4:14-cv-01333-AGF, 2015 WL 5330428, at *3 (E.D. Mo. Sept. 14, 2015) ("Relevance for discovery purposes is broadly construed").

In her Motion (ECF No. 69), p. 3 ¶ 9, Plaintiff, in conclusory fashion, stated that information pertaining to her employer or her employment is not "reasonably calculated to lead to admissible evidence" because such information will not assist in determining whether Plaintiff's constitutional rights were violated. Plaintiff misapprehends the meaning of relevance in the discovery context. As Plaintiff's Motion (ECF No. 69), p. 2 ¶ 2, admits, "she was on-the-clock working for her employer when the incident described [in Plaintiff's First Amended Complaint (ECF No. 19)] occurred." Therefore, information pertaining to her employer, including the type of work done and training provided to employees is necessarily relevant to this action. Furthermore, Plaintiff claims that Defendants violated her First Amendment rights. Because Plaintiff was working at the time of the alleged violation, commercial speech may be implicated. Therefore, information pertaining to Plaintiff's employer's commercial pursuits and business model as well as what she was doing in furtherance of the employer's business on the day in question would similarly be relevant and proportional to the needs of this case. In short, information pertaining to Plaintiff's employer and employment are facially relevant to her claims. Thus, Defendants are entitled to question Plaintiff about her employer and her employment on, before or after the date of the facts alleged in the First Amended Complaint (ECF No. 19).

Accordingly, Plaintiff's Motion for Protective Order (ECF No. 69) should be denied.

**B.     Plaintiff failed to show good cause necessary for the issuance of a protective order.**  Once the proponent of the discovery has made a threshold showing of such relevance, the burden shifts to the party resisting discovery to explain why discovery should be limited." CitiMortgage, Inc. v. Allied Mortg. Group, Inc., 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012); see also Dapron v. Spire, Inc. Retirement Plans Committee, 329 F.R.D. 223, 227 (E.D. Mo. 2019) (quoting CitiMortgage).  A party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....".  Fed.R.Civ.P. 26(c).  "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." Buehrle v. City of O'Fallon, MO, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted).  In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." Id. (citation omitted). "Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c)." National Foundation for Special Needs Integrity, Inc. v. Reese, No. 4:16MC102 RLW, 2016 WL 715729, at *2 (E.D. Mo. Feb. 19, 2016).

Because Defendants were able to make the threshold showing that information pertaining to Plaintiff's employer and employment are relevant to her claims, the burden shifted to Plaintiff to demonstrate why such information should be protected.  Here, Plaintiff failed to satisfy that burden.  In her Motion (ECF No. 69), Plaintiff simply stated that she finds **potential** questions about her employer or employment oppressive.  However, Plaintiff failed to demonstrate why such minimal lines of questioning would be oppressive.  The only attempt Plaintiff made to demonstrate some form of prejudice or hardship was she alleged that answering questions about her employer

3

or employment would jeopardize her future employment prospects. Nonetheless, Plaintiff's conclusory statements are unavailing as she failed to allege any specific reason or facts demonstrating why answering questions about her employer or employment would jeopardize her future employment prospects. In short, Plaintiff's Motion (ECF No. 69), rests on nothing more than the stereotypical and conclusory statements frowned upon by the courts. See Reese, 2016 WL 715729 at *2; In re Complaint Osage Marine Services, Inc., No. 4:10–CV–1674 (CEJ), 2011 WL 6813076, at *2 (E.D. Mo. Dec. 28, 2011) ("To obtain a protective order, the movant must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." (internal quotations omitted)). In light of that, Plaintiff has failed to show good cause for the issuance of a protective order. Accordingly, Plaintiff's Motion for Protective Order (ECF No. 69) should be denied.

### III. Conclusion.

For the reasons set forth herein, Plaintiff's Motion for Protective Order (ECF No. 69) should be denied. Questions pertaining to Plaintiff's employer and employment are facially relevant to her claims in this matter. Therefore, the burden is on Plaintiff to demonstrate why such information should be protected. Here, Plaintiff failed to allege anything more than conclusory statements as to why it would be a hardship for her to answer questions about her employer or her employment. In light of that, Plaintiff failed to satisfy her burden to show good cause for the issuance of a protective order. Accordingly, Defendants request that the Court enter an Order denying Plaintiff's Motion for Protective Order (ECF No. 69).

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com


By: /s/ Gregory P. Goheen
    Gregory P. Goheen    #58119

Attorneys for Defendant St. Joseph Public Library

BATY OTTO CORONADO, PC
4600 Madison Avenue, Suite 210
Kansas City, Missouri 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
E-mail: cheigle@batyotto.com
       scoronado@batyotto.com

By: /s/ Christopher L. Heigele
    Steven F. Coronado    #36392
    Christopher L. Heigle    #45733

Attorneys for Defendants City of St. Joseph and Rebecca Hailey


**CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*


       /s/ Gregory P. Goheen

5