IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY, OFFICER REBECCA HAILEY (IN HER PERSONAL AND PROFESSIONAL CAPACITY) AND ROGER CLARY | ) ) ) ) ) ) ) |
| Defendants | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

COMES NOW, Plaintiff, Stacy Arnold, and presents this reply to Defendants' suggestions in opposition to her motion for a protective order.

I. Plaintiff has shown good cause for her Motion for a Protective Order

Plaintiff has shown good cause for her motion for a protective order. Specifically, Plaintiff has shown that she would suffer harm if she were to disclose sensitive employer information because she could reasonably be expected to face adverse action from her employer or potential employers in the future. Moreover, much of the relevant employer-related material requested by Defendants has already been provided in response to interrogatories. When Plaintiff raised objections to some of these sensitive employer-related material in February 2020, the Defendants did not protest. See excerpts from *Plaintiff's Responses to RPDs from the City of St. Joseph* attached hereto as Exhibit A. In these excerpts, Plaintiff objected to providing company instructon manuals and training materials, partially on the basis that Plaintiff has signed a

1

confidentiality/nondisclosure agreement indicating that she will not do the same. Should the Court find that this agreement will aid in making a decision, Plaintiff can produce said agreement, and respectfully requests the ability to do so under seal.

II. <u>Defendant(s) has not made a threshold showing of relevance</u>

Only one claim remains against the St. Joseph Public Library, a challenge to the constitutionality of its policy regarding petitioning. The sensitive information sought by Defendants about Plaintiff's employer is not relevant to constitutional issue before this Court. The issue before this court requires scrutiny of the Library's practices and policies, not those of Plaintiff's employer. Defendant is unable to cite a single case that would establish the policies of Planitiff's employer would be relevant to the court's inquiry into the constitutionality of the Library's policies and practices against petitioning. Even if the sensitive employer-related information was determined to be relevant to the court's inquiry, Plaintiff would not be the proper source of this information. Plaintiff is not empowered by her employer to determine what sensitive information to disclose, and she has specifically been bound not to disclose certain information with a non-disclosure agreement. Furthermore, even if the information were relevant, Plaintiff is not the custodian of records for any employer, and therefore she is not in a position to authenticate the documents from her employer or to provide the foundational testimony to support their admission into evidence. If Defendants wish to place documents from Plaintiff's employer into evidence, they are bound to seek those documents from their proper source and seek to admit them into evidence in accordance with the rules of evidence.

III. <u>Plaintiff is the owner of her speech</u>

Defendant Library alleges, in a conclusory fashion, that because Plaintiff was on the

2

clock when the incident complained of herein transpired that commercial speech may be implicated. Defendant cites no cases to support this argument. The only thing implicated here is that Defendant is grasping at straws. As reflected by Plaintiff's filing of this lawsuit and the contents therein, which are the work product of Plaintiff, Plaintiff is clearly and obviously the owner of her speech:

> Plaintiff Stacy Arnold frequently works as a canvasser. Canvassing involves talking with people about matters of public concern and often also involves facilitating the collective action of people who share the same values, to the end that those values may be reflected in the society in which we find ourselves. While Plaintiff has worked for many causes she believes in, no cause is closer to her than her belief that people who are working hard and playing by the rules deserve a fair playing field and should not be living in poverty. Plaintiff has experienced economic insecurity herself and has worked in restaurants alongside hard-working people who frequently had to make decisions between paying for rent, healthcare and childcare—decisions that no human being should ever have to make. While Plaintiff was "on-the-clock" when the incident described herein occurred, she chose the position, consistent with her work record over the last six years, because it allowed her a structured and meaningful opportunity to discuss public questions and [e]ffect change. (ECF 19, ¶ 7).

IV. <u>Plaintiff respectfully requests clarification from this Court regarding the extension of discovery in this case</u>

On July 1, 2020, Defendant St. Joseph Public Library motioned the Court for an extension of time to take Plaintiff's deposition, a motion which the Court granted. While Defendants City of St. Joseph and Rebecca Hailey did not object to the Library's motion, they were not a party to said motion, nor was the motion filed on their behalf. But, Defendants City of St. Joseph and Rebecca Hailey joined in Defendant Library's opposition to Plaintiff's motion for a protective order: "Plaintiff has filed a Motion (ECF No. 69) seeking a protective order in this matter to prevent Defendants St. Joseph Public Library, City of St. Joseph and Rebecca Hailey (collectively "Defendants") from inquiring about….." (ECF 71, page 1). Accordingly, Plaintiff respectfully seeks clarification from the Court concerning the scope of the extension of discovery, including

3

whether discovery was extended for just the Library, for all remaining Defendants, or for all parties.

Respectfully Submitted,

STACY ARNOLD, Plaintiff

/s/Stacy Arnold
Stacy Arnold
500 Westover Dr. #11589
Sanford, NC 27330
803-428-7024
stacy.kaye.arnold@gmail.com

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court on August 19, 2020, to be served by operation of the Court's electronic filing system upon:

Christopher L. Heigele
Steven F. Coronado
Bay Otto Coronado PC – KCMO
4600 Madison Avenue
Suite 210
Kansas City, MO 64112-3019
cheigele@bayotto.com
scoronado@bayotto.com
*Attorneys for Defendants
City of St. Joseph, Missouri,
Officer Rebecca Hailey*

Gregory P Goheen
McAnany, Van Cleave & Phillips, PA-KCKS
10 East Cambridge Circle Drive
Ste. 300
Kansas City, KS 66103
ggoheen@mvplaw.com
*Attorneys for Defendant
St. Joseph Public Library*

/s/Stacy Arnold