**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

STACY ARNOLD,

                Plaintiff,

v.

CITY OF ST. JOSEPH, ST. JOSEPH
PUBLIC LIBRARY and OFFICER
REBECCA HAILEY,

                Defendants.

Case No. 5:19-CV-06137-BP

## SUGGESTIONS IN SUPPORT OF DEFENDANTS CITY OF ST. JOSEPH AND REBECCA HAILEY'SMOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, City of St. Joseph ("the City") and Officer Rebecca Hailey ("Officer Hailey"), by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submit these Suggestions in Support of the Summary Judgment Motion for all claims against the City and Officer Hailey.

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................... 2

TABLE OF AUTHORITIES ............................................................................................. 3

INTRODUCTION ............................................................................................................. 5

STATEMENT OF UNCONTROVERTED MATERIAL FACTS................................... 6

STANDARD OF REVIEW ............................................................................................. 11

ARGUMENT AND AUTHORITIES.............................................................................. 13

   A.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I, II, AND V OF PLAINTIFF'S AMENDED PETITION UNDER § 1983. .......................... 13

       1.   OFFICER HAILEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF BASED ON THE EYEWITNESS ACCOUNT AND COMPLAINT OF LIBRARY EMPLOYEES AND MALL SECURITY; AS SUCH, THERE WAS NO WRONGUL ARREST AND NO VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS. ........................................................................... 13

       2.   OFFICER HAILEY'S PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS DEFEATS PLAINTIFF'S CLAIM OF VIOLATION OF HER FIRST AMENDMENT RIGHTS. ................................................................... 15

       3.   OFFICER HAILEY IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE SHE HAD ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS. ................................................................................................... 16

   B.   OFFICER HAILEY IS ENTITLED TO SUMMARY JUDGMENT ON COUNT III... 19

   C.   THE CITY OF ST. JOSEPH IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS I AND II. ................................................................................................... 21

       1.   OFFICER HAILEY DID NOT VIOLATE PLAINTIFF'S RIGHTS; THEREFORE, THERE IS NO VIABLE CLAIM AGAINST THE CITY OF ST. JOSEPH. ................................................................................................... 21

       2.   THE CITY OF ST. JOSEPH IS NOT LIABLE TO PLAINTIFF ON ANY THEORY OF RESPONDEAT SUPERIOR LIABILITY. ................................... 21

CONCLUSION............................................................................................................... 24

# **TABLE OF AUTHORITIES**

**Cases**

*Aipperspach v. McInerney*, 766 F.3d 803, 808 (8th Cir. 2014) .................................................... 21

*Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)............................................................... 14

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010)........................................ 13

*Bd. of Cnty. Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405-7 (1997) .................... 22

*Bishop v. Glazier*, 2013 WL 3880208, 3 (8th Cir. 2013)............................................................. 12

*Borgman v. Kedley,* 646 F.3d 518, 523 (8th Cir. 2011)............................................................... 18

*Brodnicki v. City of Omaha,* 75 F.3d 1261, 1264 (8th Cir. 1996) .............................................. 18

*Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011)...................................................... 12

*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (U.S. 1986) .................................................... 21

*Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. (Mo.) 1993 ........................................................... 21

*Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005)........................................... 12

*District of Columbia v. Wesby*, 138 S. Ct. 577, 586, 199 L. Ed. 2d 453 (2018)......................... 13

*Engleman v. Deputy Murray*, 546 F.3d 944, 950 (8th Cir. 2008)............................................... 14

*Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 -818 (8th Cir. (Mo.) 2010)......................... 14

*Green v. Nocciero*, 676 F.3d 748, 751 (8th Cir. 2012) ............................................................... 18

*Hunter v. Bryant*, 502 U.S. 224, 228–29 (1991).......................................................................... 17

*Jeremy Rothe-Kushel v. Jewish Community Foundation of Greater Kansas City, et al.,* Case No.
    4:18-cv-00319-BP, 1/30/20 Order and Opinion Granting Defendant's Motion for Summary
    Judgment, *Document 243, p.10* (W.D. Mo. 2020) .............................................................. 15

*Kaminsky v. Saint Louis Univ. Sch. of Med.*, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at *12
    (E.D. Mo. Aug. 16, 2006) aff'd, 226 F. App'x 646 (8th Cir. 2007).......................................... 13

*McDonough v. Smith*, 139 S. Ct. 2149, 2156, 204 L. Ed. 2d 506 (2019) .................................... 19

*Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 -1245 (U.S. 2012)...................................... 17

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611
    (1978) ................................................................................................................................. 21

*Mullenix v. Luna*, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015).................................................. 17

*Nader v. City of Papillion*, 917 F.3d 1055, 1058 (8th Cir. 2019)................................................ 17

*Nieves v. Bartlett*, 139 S. Ct. 1715, 1726, 204 L. Ed. 2d 1 (2019) ............................................. 15

*Panetta v. Crowley,* 460 F.3d 388, 395–96 (2d Cir.2006).......................................................... 14

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir.2010)) ................................................................. 23

*Pearson v. Callahan,* 555 U.S. 223, 231 (2009).......................................................................... 17

*Perkins v. Hastings,* 915 F.3d 512, 520-21(8th Cir. 2019)........................................................ 22

*Peterson v. City of Plymouth*, 60 F.3d 469, (8th Cir. 1995) ....................................................... 14

*Rencher v. Williams*, No. 4:11CV1059 RWS, 2012 WL 4092496, at *2 (E.D. Mo. Sept. 17,
    2012).................................................................................................................................... 13

*Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007)) ............................................................. 23

*Rosemann v. Sigillito*, 956 F. Supp. 2d 1082, 1088 (E.D. Mo. 2013) ........................................ 12

*Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir.2000).......................................................... 17

Case 5:19-cv-06137-BP   Document 85   Filed 10/19/20   Page 3 of 25

*State v. Guess,* 804 S.W.2d 57, 58 (Mo. Ct. App.1991) ................................................................ 18

*Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d at 385, 390 (8th Cir. 2007) ..................... 22

*United States v. Roggy*, 76 F.3d 189, 191–92 (8th Cir. 1996) ...................................................... 19

*Wedemeier v. City of Ballwin*, Mo.  931 F.2d 24, 26 (8th Cir. (Mo.) 1991) ................................. 23

*Young v. Mercer Cty. Comm'n*, 849 F.3d 728, 735 (8th Cir. 2017) ............................................. 17

*Young v. Nissan Motor Corp.,* 964 F. Supp. 1350 (W.D. Mo. 1997), ......................................... 11

4

## INTRODUCTION

Plaintiff Stacy Arnold, *pro se*, was employed by a company called Field Works to gather signatures on a petition to support increasing Missouri's minimum wage. Plaintiff's pay was tied to the number of signatures gathered. On January 30, 2018, Ms. Arnold was soliciting signatures in the parking lot outside of the East Hill Library (hereinafter "Library"), a library branch within the St. Joseph Public Library. East Hills Library is located adjacent to the East Hills Mall (hereinafter "Mall"). The Library and its patrons utilize the Mall's private parking lot.

On January 30, 2018, library employees Sara Whitten and Maryann Knorr received several complaints that Plaintiff was approaching and "accosting" library patrons, attempting to solicit signatures in the parking lot as library patrons exited their vehicles or approached their vehicles to leave. After receiving multiple complaints, Ms. Knorr contacted Mall security to address the situation. The Mall maintains a Code of Conduct that prohibits any form of soliciting without prior written permission of mall management. Solicitors are not allowed on Mall property, including individuals gathering signatures for any petition. When Mall security arrived, Ms. Arnold was soliciting on Mall property in the parking lot. Mall security asked Ms. Arnold to leave, and she refused. Ms. Arnold told mall security they would need to call St. Joseph Police.

Mall security then called the St. Joseph Police Department seeking Police assistance with the situation. Defendant Officer Rebecca Hailey responded. Officer Hailey informed Plaintiff that she was trespassing, based on the complaints of library staff and Mall security. Plaintiff, again, refused to leave. Mall Security Officer Roger Clary told Officer Hailey the Mall wanted to prosecute Ms. Arnold for trespassing. Officer Hailey arrested Plaintiff and transported her to the police station where she was cited for trespassing. She posted bond and was released. Plaintiff hired an attorney and the municipal trespass charge was eventually dismissed.

Plaintiff has made several claims and allegations but all are essentially the same, attempting to argue her arrest was wrongful and in violation of her First Amendment Rights.[1] However, Officer Hailey simply did her job, responding to a citizen complaint of trespassing by the Library and the Mall. Officer Hailey was not required to conduct a mini-trial in the Mall parking lot and can rely on the complaints of the Library Staff and Mall Security as a matter of law. When the Mall security indicated it wanted to press charges for Plaintiff's continued refusal to leave the premises, Plaintiff was arrested. Plaintiff was arrested for trespass, because there was probable cause as a matter of law. Officer Hailey simply did not violate any of Plaintiff's constitutional rights. At the very least, Officer Hailey had arguable probable cause and is protected by Qualified Immunity. Finally, all claims against the City of St. Joseph cannot stand as there can be no respondeat superior or *Monell* liability. As such, summary judgment is proper on all claims against Officer Rebecca Hailey and the City of St. Joseph.

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

The City and Officer Hailey submit the following statement of uncontroverted material facts in support of their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1.

---

[1] Plaintiff's First Amended Complaint, asserted the following causes of action: Count I) Violation of the First and Fourteenth Amendment Freedom of Speech – Constitutional Question, against the City, Officer Hailey and the Library; Count II) Violation of the First Amendment Freedom of Speech – Violation of a Clearly Established Right, against the Library, Officer Clary, Officer Hailey and the City; Count III) Violation of Due Process Fabrication of Evidence, against Officer Hailey; Count IV) Conspiracy to Deprive Plaintiff of Her Constitutional Rights, against the Library, Officer Clary and Officer Hailey; and Count V) Violation of the First Amendment – Retaliation, against Officer Hailey. Several of Plaintiff's claims have been dismissed. The only claims that remain are: Count I against the City, Officer Hailey, and the Library regarding its 2019 policy; Count II against Officer Hailey and the City; Count III against Officer Hailey; and County V against Officer Hailey.

1.    The East Hills Mall (the "Mall") maintains a Code of Conduct that prohibits any form of soliciting without prior written permission of mall management. *See East Hills Mall Code of Conduct ("Mall Code of Conduct"), a copy of which is attached hereto as **Exhibit B***.

2.    On January 30, 2018 the East Hill Library, a branch within the St. Joseph Public Library, had established guidelines for petitioning on Library District Property that permitted petitioners to stand outside library buildings on Library District property in areas designated by staff but prohibited petitioners from pursing patrons. *See Guidelines for Petitioning and Distribution of Literature on Library District Property ("Library Petitioning Guidelines"), a copy of which is attached hereto as **Exhibit C***.

3.    Around 12:00 p.m. on January 30, 2018, Plaintiff was "on-the-clock" canvassing for her employer, Field Works, seeking signatures on a petition registered with the state of Missouri to raise the minimum wage. *See Plaintiff's First Amended Complaint ("Complaint"), **Exhibit A**, at ¶ 7, 12*.  Plaintiff's pay was based on the number of signatures gathered, the more she turned in, the more she made.  *See Deposition of Stacy Arnold ("Arnold Depo."), a copy of which is attached hereto as **Exhibit L**, at 159:17-24, 160:3-17, 162:23-164:23*.

4.    Sara Whitten, a Senior Library Assistant for the Library, was working at the front desk of the Library on January 30, 2018. *See the Declaration of Sara Whitten ("Whitten Declaration"), a copy of which is attached hereto as **Exhibit D**, at ¶¶ 2-3*.

5.    Ms. Whitten received multiple complaints from library patrons being "accosted" by Ms. Arnold as they were getting into or out of their vehicles in the parking lot. *See Whitten Declaration, **Exhibit D**, at ¶ 4*.

6.    Maryann Knorr, currently a Technical Services Specialist for the Library, was also working at the front desk of the Library as a Senior Library Assistant on January 30, 2018. *See the*

*Declaration of Maryann Knorr ("Knorr Declaration"), a copy of which is attached hereto as* **Exhibit E***, at ¶¶ 2-3.*

7.      Ms. Knorr also received multiple complaints from library patrons being solicited by Ms. Arnold as they were getting out of their vehicles. The patrons reported that Ms. Arnold would approach their vehicles and follow them after they exited their vehicle in the parking lot. *See Knorr Declaration,* **Exhibit E***, at ¶ 4.*

8.      Maryann Knorr, after receiving several complaints, called Mall Security regarding the Plaintiff to have Mall security handle and assess the situation. Mall Security informed Ms. Knorr that the Mall does not allow solicitors on its property, including individuals gathering signatures for any petition. *See Knorr Declaration,* **Exhibit E***, at ¶ 5; Emails exchanged between Mary Beth Revels, Maryann Knorr, and Shirley Blakeney ("Library Emails"), a copy of which is attached hereto as* **Exhibit F***; the Declaration of Roger Clary ("Clary Declaration"), a copy of which is attached hereto as* **Exhibit G***, at ¶ 3; and the East Hills Security Department Incident Report ("Mall Security Incident Report"), a copy of which is attached hereto as* **Exhibit H***.*

9.      Mall Security Officers Roger Clary[2] and Zachary Langford arrived near the Library to address the Library's concerns related to the Plaintiff. When Mall security officers Clary and Langford arrived, Ms. Arnold was soliciting persons on Mall property in the parking lot. *See Clary Declaration,* **Exhibit G***, at ¶ 4.*

10.     Mall Security Officers Clary and  Langford approached Ms. Arnold and asked her to leave the property, as soliciting on Mall property without permission was not allowed. *See*

---

[2] Roger Clary was originally a Defendant herein but the claims against him were ultimately dismissed by Plaintiff after filing his Motion for Summary Judgment, which included the Plaintiff's allegation of conspiracy with Officer Hailey.

*Complaint, **Exhibit A**, at ¶ 17-18; Clary Declaration, **Exhibit G**, at ¶ 5; and the Mall Security Incident Report, **Exhibit H**; See Arnold Depo., **Exhibit L**, at 179:18-180:12.*

11.     Prior to the January 30, 2018 incident, Plaintiff did not obtain deeds or drawings showing property boundaries of the Library and Mall property.  *See Arnold Depo., **Exhibit L**, at 193:8-194:2.*

12.     On January 30, 2018, Plaintiff did not know the ownership and boundaries of the Mall and Library property. *See Arnold Depo, **Exhibit L**, at 193:19-193:23.*

13.     On January 30, 2018, Plaintiff was informed by Mr. Clary that she was on property owned by the Mall. *See Arnold Depo, **Exhibit L**, at 193:24-194:2.*

14.     On January 30, 2018, Plaintiff had no knowledge of the Library's guidelines for petitioning; Plaintiff believed she had the right to petition anywhere as long as she was not blocking the entrance to the library; Plaintiff believed and believes she should be able to pursue or follow patrons on the external grounds around the Library, *regardless of title,* and require them to tell her they are not interested in her solicitation. *See Arnold Depo, **Exhibit L**, at 114:22-118:16, 137:13-138:23, 139:3-146:15,194:3-11.*

15.     Plaintiff refused to leave, arguing with the Mall Security Officers and stating she would not leave. Plaintiff instructed Mall Security Officer Roger Clary to call the police to decide if she had a right to petition at that location before she would leave. *See Complaint, **Exhibit A**, at ¶ 19; Clary Declaration, **Exhibit G**, at ¶ 6; See Arnold Depo., **Exhibit L**, at 179:18-181:17.*

16.     Mall Security Officer Clary called the St. Joseph Police Department regarding the Plaintiff, seeking Police assistance with the situation. *See Complaint, **Exhibit A**, at ¶ 21; Clary Declaration, **Exhibit G**, at ¶ 7; the Mall Security Incident Report, **Exhibit H**; the St. Joseph Police*

*Department Incident Report ("Police Report"), a copy of which is attached hereto as **Exhibit I**; See Arnold Depo., **Exhibit L**, at 181:14-17.*

17.     Police Dispatch advised officers that a white female was asked to leave the mall property for soliciting and refused to leave. *See Police Report, **Exhibit I**.*

18.     Two St. Joseph police officers responded to the call and arrived on the scene, including Officer Hailey. *See Complaint, **Exhibit A**, at ¶ 21; Mall Security Incident Report, **Exhibit H**; and Police Report, **Exhibit I**.*

19.     When Officer Hailey arrived at the scene and observed Plaintiff, Plaintiff was located on Mall property. *See Defendant Hailey's Objections and Responses to Plaintiff Stacy Arnold's First Interrogatories to Defendant Hailey ("Hailey's Responses to First Interrogatories"), a copy of which is attached hereto as **Exhibit J**, at pp. 2, Interrog. 3.*

20.     Defendant Officer Hailey informed Plaintiff that she was trespassing based on the complaint of the Library and Mall Security Officers Clary and Langford. *See Complaint, **Exhibit A**, at ¶ 27; Mall Security Incident Report, **Exhibit H**; Police Report, **Exhibit I**; Defendants City of St. Joseph and Rebecca Hailey's First Interrogatories to Plaintiff ("Plaintiff's Responses to First Interrogatories"), a copy of which is attached hereto as **Exhibit K** at pp. 22, Interrog. 22; See Arnold Depo., **Exhibit L** at 182:11-183:8, 184:10-22.*

21.     Plaintiff, again, refused to leave. *See Clary Declaration, **Exhibit G**, at ¶ 8; Mall Security Incident Report, **Exhibit H**.*

22.     When Officer Hailey asked Mall Security Officer Clary if the Mall wanted to prosecute Plaintiff for trespassing, Clary indicated that the Mall would.  *See Complaint, **Exhibit A**, at ¶ 29; Clary Declaration, **Exhibit G**, at ¶ 9; Mall Security Incident Report, **Exhibit H**; Police Report, **Exhibit I**; Hailey's Responses to First Interrogatories, **Exhibit J**, at pp. 6, Interrog. 18;*

*Plaintiff's Responses to First Interrogatories, **Exhibit K**, at pp. 22, Interrog. 22; See Arnold Depo., **Exhibit L**, at 184:3-186:6.*

23.     Plaintiff was arrested while standing in the area owned by the Mall. *See Complaint, **Exhibit A**, at ¶ 38;Mall Security Incident Report, **Exhibit H**.*[3]

24.     Excessive force was not used during the arrest. *See Complaint, **Exhibit A**, at ¶ 30; Arnold Depo., **Exhibit L**, at 186:7-12.*

25.     Plaintiff was transported to the police station and issued a City Summons for violation of St. Joseph City Ordinance 20-51(B) Trespass – Public Place.[4] *See Police Report, **Exhibit I***.

26.     Officer Rebecca Hailey has never been the subject of any complaint, discipline, claim or lawsuit regarding the performance of her duties in effecting an arrest or investigation of a citizen complaint other than Plaintiff's allegations herein.  *See Defendant City of St. Joseph's Objections and Responses to Plaintiff's first Request for Production of Documents, a copy of which is attached hereto as **Exhibit M,** at pp. 4-5, Request Nos. 8, 10 and 11.*

## STANDARD OF REVIEW

In *Young v. Nissan Motor Corp.,* 964 F. Supp. 1350 (W.D. Mo. 1997), the court succinctly stated:

---

[3] Plaintiff cannot even say for sure whether she was in the parking lot or on the sidewalk when she was arrested. *See Arnold Depo., **Exhibit L**, at 179:4-17.*

[4] St. Joseph City Ordinance 20-51(B) states that a person commits trespass when he/she:

> enters unlawfully or remains unlawfully in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public.

> A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law. The moving party bears the burden of showing that there is no genuine issue of fact for trial." **The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts."...**When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences."

*Id.* at 1351 (*citations omitted*) (emphasis added). "When a defendant asserts qualified immunity at the summary judgment stage, **the plaintiff must produce evidence sufficient to create a genuine issue of fact** regarding whether the defendant violated a clearly established right." *Bishop v. Glazier*, 2013 WL 3880208, 3 (8th Cir. 2013)(*Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011) (emphasis added). Here, *pro se* Plaintiff Arnold cannot establish a violation of her rights or overcome Defendants' immunities.

"Self-serving allegations and denials are insufficient to create a genuine issue of material fact. To survive a motion for summary judgment, the nonmoving party must substantiate its allegations with sufficient probative evidence that would permit a finding in its favor based on more than mere speculation, conjecture, or fantasy." *Rosemann v. Sigillito*, 956 F. Supp. 2d 1082, 1088 (E.D. Mo. 2013) (citation and internal punctuation omitted); *See also Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) ("A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor."). Finally, Plaintiff's "beliefs, however, are not evidence, and sincerity of belief, without evidence, is not sufficient to withstand summary judgment." *Kaminsky v. Saint Louis Univ. Sch. of Med.*, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at *12

(E.D. Mo. Aug. 16, 2006) aff'd, 226 F. App'x 646 (8th Cir. 2007); *See Rencher v. Williams*, No. 4:11CV1059 RWS, 2012 WL 4092496, at *2 (E.D. Mo. Sept. 17, 2012) (plaintiff's personal belief and self-serving speculation are not evidence to establish a prima facie case or overcome summary judgment) (*citing Davidson, supra*).

## ARGUMENT AND AUTHORITIES

**A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I, II, AND V OF PLAINTIFF'S AMENDED PETITION UNDER § 1983.**

**1. OFFICER HAILEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF BASED ON THE EYEWITNESS ACCOUNT AND COMPLAINT OF LIBRARY EMPLOYEES AND MALL SECURITY; AS SUCH, THERE WAS NO WRONGUL ARREST AND NO VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

On January 30, 2018, Officer Hailey had probable cause to arrest Ms. Arnold for trespass.

As the Supreme Court recently reaffirmed,

> A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence. To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. **It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar.**

*District of Columbia v. Wesby*, 138 S. Ct. 577, 586, 199 L. Ed. 2d 453 (2018) (citations and internal punctuation omitted, emphasis added). "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (cleaned up; quotation omitted). The determination of Officer Hailey's probable cause at the time

of Plaintiff's arrest is a question of law for this Court to decide. *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 -818 (8th Cir. (Mo.) 2010) (*citing Peterson v. City of Plymouth*, 60 F.3d 469, (8th Cir. 1995)).

Further,

> To determine the existence of probable cause, we look at the totality of the circumstances as set forth in the information available to the officers at the time of arrest. As probable cause is determined at the moment the arrest was made, any later developed facts are irrelevant to the probable cause analysis for an arrest. Officers are generally entitled to rely on the veracity of information supplied by the victim of a crime.

*Fisher*, 619 F.3d at 816–17 (8th Cir. 2010)(citations and internal punctuation omitted); *See Peterson*, 60 F.3d at 474–75 (officers are generally entitled to rely on the veracity of information supplied by the victim of a crime).

In addition, when making the on-the-spot determination of probable cause, Officer Hailey was "not required to conduct a 'mini-trial' before arrest...." *Fisher*, 619 F.3d at 817 (*citing Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)). In addition, Officer Hailey was not required to walk away just because Plaintiff claimed she did nothing wrong. "The protests of a resisting arrestee generally do not make an objectively reasonable arrest unreasonable." *Engleman v. Deputy Murray*, 546 F.3d 944, 950 (8th Cir. 2008); *See also, e.g., Panetta v. Crowley,* 460 F.3d 388, 395–96 (2d Cir.2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.")).

Officer Hailey was not required to determine plaintiff's guilt beyond reasonable doubt before arrest, and was by no means required to conduct a survey of the metes and bounds of the property to determine where mall property or library property was located in making her determination of probable cause to make the arrest for trespass, based on the complaint and request

of Mall Security (the victim). What's more, officer Hailey was not required to conduct this survey and then locate and consult with Library guidelines about solicitation. At the time of the arrest, Plaintiff was not even aware of the property lines or library policy; she simply (and erroneously) believed she could solicit anywhere she wanted, 'regardless of title,' as long as she did not block the library doors. The information everyone possessed at the time was that Plaintiff, admittedly, was soliciting library patrons in the Mall parking lot, private property, and refused to leave when requested by the property owner. This is text-book probable cause (or at the very least arguable probable cause, as set forth below) for the trespass arrest. Given all the above facts, Officer Hailey had probable cause to arrest the Plaintiff and is entitled to summary judgment on all of Plaintiff's claims.

## 2. OFFICER HAILEY'S PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS DEFEATS PLAINTIFF'S CLAIM OF VIOLATION OF HER FIRST AMENDMENT RIGHTS.

The Supreme Court recently reaffirmed that the presence of probable cause for a crime defeats a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726, 204 L. Ed. 2d 1 (2019). This Court is acutely aware of the Supreme Court's ruling in *Nieves*. This case is substantially and eerily similar to this Court's decision in *Jeremy Rothe-Kushel v. Jewish Community Foundation of Greater Kansas City, et al.,* Case No. 4:18-cv-00319-BP, 1/30/20 Order and Opinion Granting Defendant's Motion for Summary Judgment, *Court Document 243, p.10* (W.D. Mo. 2020). This Court's decision should be dispositive of *pro se* Plaintiff's claims In *Rothe-Kushel*, the plaintiff was attending a lecture program inside of a public library. When the question and answer section of the program began, the plaintiff asked a question to the lecturer speaking at the event, which the lecturer answered. The plaintiff then began yelling and arguing with the lecturer, which lead to the plaintiff's removal from the event. The plaintiff was later

arrested and cited for trespass. He then brought claims for wrongful arrest in violation of his First Amendment Rights. *Id*.

This Court found that there was no wrongful arrest, as the officer involved had probable cause to arrest the plaintiff for trespass. The officer witnessed the plaintiff arguing with the lecturer during the question and answer section of the program. Library security tried to get plaintiff to leave. The event organizer (*i.e.* the victim) indicated it wanted to press charges against plaintiff for trespass. Thus, this Court ruled these facts established the officer had probable cause to believe the plaintiff was unlawfully remaining in the auditorium and had probable cause to arrest plaintiff.

The same is true in this case. Officer Hailey was responding to a call reporting a trespasser on Mall property (*i.e.* the victim). When Officer Hailey arrived, she witnessed Plaintiff still on the property. Officer Hailey told Plaintiff she was trespassing on Mall property. Mall Security Officer Clary (i.e. the victim) indicated the Mall wanted to press charges against Plaintiff for trespassing on Mall property. Plaintiff was then arrested and cited for trespass. The facts establish Officer Hailey had probable cause to arrest Plaintiff for trespass. This defeats Plaintiff's claims for violation of her First Amendment Rights. Summary Judgment is warranted.

### 3. OFFICER HAILEY IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE SHE HAD ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS.

The uncontroverted material facts of this case establish Officer Hailey had actual probable cause to arrest Plaintiff for trespass based on the totality of circumstances facing her on January 30, 2018. However, at the very least, Officer Hailey is vested with Qualified Immunity. The Supreme Court and the Eighth Circuit cherish Qualified Immunity:

> The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Qualified immunity gives government officials breathing room to make reasonable but

> mistaken judgments, **and protects all but the plainly incompetent or those who knowingly violate the law.** Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.

*Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 -1245 (U.S. 2012)(citations and internal punctuation omitted).[5] "A clearly established right is one that is sufficiently clear **that every reasonable official** would have understood that what he is doing violates that right." *Young v. Mercer Cty. Comm'n*, 849 F.3d 728, 735 (8th Cir. 2017) (*citing Mullenix v. Luna*, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015)). "Officers may also be entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable." *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008) (*citing Hunter v. Bryant*, 502 U.S. 224, 228–29 (1991)). "We have characterized this inquiry as whether the officers had 'arguable probable cause.'" *Id. (citing Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir.2000); *See Nader v. City of Papillion*, 917 F.3d 1055, 1058 (8th Cir. 2019)(same).

Officer Hailey is entitled to qualified immunity for similar reasons to those in *Rothe-Kushel*. Officer Hailey had probable cause, or arguable probable cause, to arrest Plaintiff, reasonably believing Plaintiff was trespassing on private Mall property. The Library received complaints that Plaintiff was 'accosting' Library patrons in the parking lot. The Library called Mall security, and Mall security responded to the scene. Plaintiff had not obtained deeds or drawings of the property boundaries of the Library and Mall property, nor was she aware of the

---

[5] "In the last five years, [the Supreme] Court has issued a number of opinions reversing federal courts in qualified immunity cases… The Court has found this necessary both because qualified immunity is important to society as a whole, and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly*, 137 S. Ct. 548, 551–52, 196 L. Ed. 2d 463 (2017) (*citing Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (internal punctuation and citation omitted)).

ownership and boundaries of the property. Plaintiff was informed by Mall Security Officer Clary that she was located on Mall property and was trespassing. Plaintiff refused to leave, and Police were called. Officer Hailey could rely on Mall Security's complaint as a matter of law to establish probable cause for trespass. *Fisher*, 619 F.3d at 816–17. Officer Hailey arrived at the scene, and informed Plaintiff again she was trespassing. Plaintiff continued to refuse to leave, and the Mall indicated it wished to press charges against Plaintiff. Plaintiff was arrested.

However, if it is assumed, *arguendo,* Mall Security and the Library staff were mistaken somehow in their eyewitness reports of Plaintiff's trespass, Officer Hailey's reliance under the totality of circumstances was objectively reasonable entitling her to Qualified Immunity. Again, "[p]robable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest." *Green v. Nocciero*, 676 F.3d 748, 751 (8th Cir. 2012)(*citing Brodnicki v. City of Omaha,* 75 F.3d 1261, 1264 (8th Cir. 1996)). A person who is disruptive may be asked to leave even a government facility and may be arrested for trespass if he refuses to leave. *Id. (citing State v. Guess,* 804 S.W.2d 57, 58 (Mo. Ct. App.1991)). "**Arguable probable cause in a trespassing case may be based at least in part on explanations given by internal security officers, such as the security supervisor....**" *Id. (citing Borgman v. Kedley,* 646 F.3d 518, 523 (8th Cir. 2011).

Based on all of the facts, Officer Hailey had probable cause, at least arguable probable cause, to believe a crime of trespass was being or had been committed. She is vested with Qualified Immunity. Thus, she is entitled to summary judgment on all First Amendment and wrongful arrest claims against her.

18

**B.    OFFICER HAILEY IS ENTITLED TO SUMMARY JUDGMENT ON COUNT III.**

The claim against Officer Hailey for violation of Due Process for fabrication of evidence should be dismissed as a matter of law. Plaintiff's fabrication of evidence claim is merely an extension of Plaintiff's wrongful arrest claims.  In order to succeed on a fabricated-evidence and violation of due process claim, the Plaintiff must show that her deprivation of liberty, i.e. being arrested, was caused by Officer Hailey's malfeasance in fabricating evidence. *McDonough v. Smith*, 139 S. Ct. 2149, 2156, 204 L. Ed. 2d 506 (2019). Here, no evidence was fabricated, nor did any alleged wrongdoing by Officer Hailey lead to Plaintiff's arrest.

Plaintiff alleges Officer Hailey wrongly identified the Mall security officer who made the call for assistance to the St. Joseph Police Department. Plaintiff alleges that the error in reporting the member of Mall security who reported the incident to St. Joseph Police constituted fabrication of evidence, violating her due process rights. However, the person who made the call is immaterial. (See *United States v. Roggy*, 76 F.3d 189, 191–92 (8th Cir. 1996), finding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment…Evidence is material only if it is likely that, had the evidence been disclosed, the outcome of the proceeding would have been different").

St. Joseph Police Department received a call from Mall security seeking assistance with Plaintiff's trespass on its property. Based on the call, Officer Hailey and her partner responded as officers to the scene. The specific Mall security team member who made the call, whether Zackary Langford or Roger Clary, did not affect officers responding to the scene or constitute fabrication of evidence.  One officer simply investigated and the other contacted St. Joseph police. Additionally, Officer Hailey's report of which member of Mall security made the call would not

have any material bearing affecting Ms. Arnold's guilt or punishment. As such, Officer Hailey did not fabricate evidence nor violate any of Plaintiff's rights.

Plaintiff also asserts that Officer Hailey fabricated evidence by stating Ms. Arnold had disobeyed an officer. Based on the facts, however, Ms. Arnold's claims cannot stand. When Officer Hailey arrived at the scene after the call for service, she observed a woman engaged with Mall security who she identified as the subject of the call. At this point, Officer Hailey was aware Plaintiff had refused to leave the property at the request of Mall Security. Officer Hailey informed the Plaintiff she was trespassing. When Plaintiff refused to leave, disobeying an officer, she was arrested for trespass after the Mall indicated it wanted to press charges for trespass.

Again, the uncontroverted facts establish Officer Hailey had probable cause to arrest Plaintiff. In the St. Joseph Police Department Incident Report, authored by Officer Hailey, it shows that Plaintiff was cited for trespass. Her report indicates " [Plaintiff] was asked to leave the mall property for soliciting and refused to leave,"…and "[Plaintiff] told us it was her First Amendment right and she didn't have to leave because it was a public place." By any account, this is an accurate reporting of the events from Officer Hailey's perspective. The report illustrates Plaintiff's refusal to leave the property, Plaintiff's noncompliance with Mall Security and the St. Joseph police officers who asked her to leave. No fabrication of evidence occurred as nothing in the record indicates Officer Hailey fabricated any evidence material to Plaintiff's arrest, guilt or punishment. As such, the violation of due process claim against Officer Hailey should be dismissed. Summary Judgment is warranted.

## C. THE CITY OF ST. JOSEPH IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS I AND II.

### 1. OFFICER HAILEY DID NOT VIOLATE PLAINTIFF'S RIGHTS; THEREFORE, THERE IS NO VIABLE CLAIM AGAINST THE CITY OF ST. JOSEPH.

As set forth at length above, Officer Hailey did not violate Plaintiff Arnold's constitutional rights. Plaintiff's arrest was made due to Plaintiff's trespass on private property and was supported by probable cause or arguable probable cause. While under certain circumstances government officials may be held liable for constitutional wrongs caused by their failure to train or supervise subordinates, if those subordinates did not violate anyone's constitutional rights, then the claims against their superiors fail. *See Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. (Mo.) 1993 ("A vital element of any section 1983 claim is a showing that a right secured by the Constitution or federal law was violated. No such showing having been made, the defendants named as supervisors must also be granted summary judgment.")(citation omitted)); *See also Aipperspach v. McInerney*, 766 F.3d 803, 808 (8th Cir. 2014)("Absent a constitutional violation by the individual defendants, the municipal defendants are not liable to the plaintiff.")(*citing City of Los Angeles v. Heller*, 475 U.S. 796, 799 (U.S. 1986)). As set forth above, there was no violation of Plaintiff's constitutional rights. As such, the City is entitled to summary judgment on Plaintiff's Section 1983 claims.

### 2. THE CITY OF ST. JOSEPH IS NOT LIABLE TO PLAINTIFF ON ANY THEORY OF RESPONDEAT SUPERIOR LIABILITY.

The City of St. Joseph is not responsible to the Plaintiff for any respondeat superior liability. Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a City may be liable under respondeat superior in four distinct scenarios, none of which exist in this case: 1) liability based on formal policy, 2) liability based on governmental custom, 3) liability based on inadequate training or supervision, and 4) liability based on improper hiring.

21

Regarding scenarios one and two, the City of St. Joseph is entitled to judgment because there is no evidence of any facially unlawful policy or custom which was the moving force behind any alleged constitutional deprivation. It is not an unlawful policy or custom to arrest a person trespassing on private property at the request of the property owner. Because there was no unlawful policy, Officer Hailey violated no policy. As such, plaintiff must meet the "rigorous" deliberate indifference standard with respect to the claims against the City. Plaintiff has not and cannot meet that heavy burden.

> Where a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a "policy" by demonstrating that the inadequacies were a product of deliberate or conscious choice by policymakers. **The standard of fault in that situation is "deliberate indifference" to constitutional rights. Where a plaintiff claims that the [government entity] has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.** A plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. Thus, only where a municipality's failure to adopt adequate safeguards was the product of deliberate indifference to the constitutional rights of its inhabitants will the municipality be liable for an unconstitutional policy under § 1983.

*Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d at 385, 390 (8th Cir. 2007) (*citing Bd. of Cnty. Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405-7 (1997) (internal punctuation omitted)(emphasis added)); *See also Perkins v. Hastings,* 915 F.3d 512, 520-21(8th Cir. 2019)(same)(citations omitted).

**"Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability."** *Atkinson*, 709 F.3d at 1216 (*citing Brown*, 520 U.S. at 409; *Szabla*, 486 F.3d at 392-93).

Just like in *Atkinson*, there is no factual evidence (because it does not exist) of any prior complaints of unconstitutional acts by Officer Hailey. The single incident involving Plaintiff cannot alone establish a policy or custom even if it is assumed, *arguendo,* the incident involved misconduct. "Generally, an isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom. By the same token, a single deviation from a written, official policy does not prove a conflicting custom or usage." *Wedemeier v. City of Ballwin*, Mo. 931 F.2d 24, 26 (8th Cir. (Mo.) 1991) (internal citations omitted). However, there was clearly no constitutional violation or misconduct here. Summary Judgment for the City is warranted.

Scenarios three and four fail as well, as there is no evidence Officer Hailey was inadequately trained, supervised, or improperly hired. "Under § 1983, 'a claim for failure to supervise requires the same analysis as a claim for failure to train.'" *Atkinson*, 709 F.3d at 1216-1217 (*citing Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007)). "Neither claim can succeed without evidence the municipality '[r]eceived notice of a pattern of unconstitutional acts committed by [its employees].'" *Id.* (*citing Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir.2010)); *See also Perkins v. Hastings,* 915 F.3d at 521 ("To establish deliberate indifference, a plaintiff ordinarily must show a pattern of constitutional violations." (*citing Brown,* 520 U.S. at 409)).

Until Plaintiff Arnold's claims, Officer Hailey never had any complaints of wrongful arrest or any other constitutional violations. Officer Hailey had never been sued in any capacity as a law enforcement officer, until this claim. Thus, there is no factual evidence which would give the City of St. Joseph reason to believe their hiring, training or supervision of Officer Hailey was improper or constitutionally inadequate. This is because Officer Hailey is adequately trained. "Absent some form of notice, the [City] cannot be deliberately indifferent to the risk that its training or supervision of [Officer Hailey] would result in 'a violation of a particular constitutional or

statutory right.'" *Atkinson*, 709 F.3d at 1217 (*citing Brown*, 520 U.S. at 411). No reasonable jury could find the City of St. Joseph liable under Section 1983 because there was no constitutional injury or any notice the training or supervision of Officer Hailey would result in constitutional injury. To the contrary, it is uncontroverted Officer Hailey is well-trained and well-supervised. Summary judgment must be granted as it was in *Atkinson.*

## CONCLUSION

Defendants City of St. Joseph and Officer Rebecca Hailey are entitled to Summary Judgment on all of Plaintiff's claims in this case. Defendant Officer Rebecca Hailey had actual probable cause to arrest Plaintiff for trespass as a matter of law, and thus did not violate any of Plaintiff's Constitutional rights. At the very least Officer Hailey had arguable probable cause under the circumstances entitling her to Qualified Immunity. Because Officer Hailey did not violate plaintiff's rights and has never even been accused of any other violations of right, the claims against the City of St. Joseph fail. Summary judgment is warranted on all of Plaintiff's claims.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele

Steven F. Coronado      MBN 36392
Christopher L. Heigele    MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT CITY
OF ST. JOSEPH AND REBECCA HAILEY

**CERTIFICATE OF SERVICE**

   I hereby certify the original of the above and foregoing document was filed with the Court through the Court's electronic filing system and served via electronic mail on October 19, 2020, to:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Stacy.kaye.arnold@gmail.com
PLAINTIFF, pro se

Gregory Goheen
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, KS 66103
ggoheen@mvplaw.com

        /s/ Christopher L. Heigele
        Attorney for Defendants City of St. Joseph
        and Rebecca Hailey