IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY, OFFICER REBECCA HAILEY (IN HER PERSONAL AND PROFESSIONAL CAPACITY) AND ROGER CLARY | ) |
| Defendants | ) |

### DEFENDANT HAILEY'S OBJECTIONS AND RESPONSES TO PLAINTIFF STACY ARNOLD'S FIRST INTERROGATORIES TO DEFENDANT HAILEY

COMES NOW Defendant Rebecca Hailey, by counsel, and provides the following objections and responses to Plaintiff's First Interrogatories.

### Preliminary Objection

**Defendant Hailey objects to Plaintiff's definitions and identification instructions as they are argumentative, purport to state legal conclusions and are beyond the scope of the Federal Rules of Civil Procedure regarding discovery.**

### INTERROGATORY NO. 1:

To the best of your recollection, please list everything that was stated from you or the other responding officer to Plaintiff on January 30, 2018.

### ANSWER:

**Objection. This request is overly broad, unduly burdensome and argumentative because it calls for a narrative response.**

**Without waiving said objection, see the incident report and call for service records previously produced and already in the possession of Plaintiff.**

1

EXHIBIT J

**INTERROGATORY NO. 2:**

To the best of your recollection, please list everything that was stated from Plaintiff to you on January 30, 2018.

**ANSWER:**

**Objection. This request is overly broad, unduly burdensome and argumentative because it calls for a narrative response.**

**Without waiving said objection, see the incident report and call for service records previously produced and already in the possession of Plaintiff. See also the purported cell phone video taken by Plaintiff which would include statements made by Plaintiff during part of the incident at issue.**

**INTERROGATORY NO. 3:**

Where was Plaintiff standing when you arrived at the scene of the incident referenced in Plaintiff's *First Amended Complaint*?

**ANSWER:**

**In the parking lot of the East Hill Mall property.**

**INTERROGATORY NO. 4:**

When you arrived at the scene of the incident referenced in Plaintiff's *First Amended Complaint*, to the best of your recollection, was Plaintiff across from Defendant Clary, in front him, or behind him?

**ANSWER:**

**Objection. This request is vague and calls for speculation.**

**Without waiving said objection, the persons at the scene were changing positions during the encounter and I did not take measurements or draw a map of the scene or the encounter at issue.**

**INTERROGATORY NO. 5:**

During the time you were at the scene, did you witness Defendant Clary distinguish between property belonging to the library and property belonging to the mall, make Plaintiff aware of any designated area and/or ask Plaintiff to move to or remain in said area, or inform Plaintiff of any adequate, alternatives areas in which she could petition or discuss public questions? If so, please describe each instance.

**ANSWER:**

**Objection. This request is not proportional to the needs of the case or the claims made herein, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objection, Defendant states, not that I recall.**

**INTERROGATORY NO. 6:**

There is a discrepancy in the identity of the complaining party in Plaintiff's police report and the call for service report. How do you contend that this happened?

**ANSWER:**

**Objection. This request is argumentative in that it suggests a discrepancy in the incident report.**

**There was no discrepancy. The caller Zachery Langford was identified as the complaining party and was a co-worker present with Defendant Clary.**

**INTERROGATORIES NO. 7:**

Please list every individual with whom you discussed the content to be written in Plaintiff's police report and describe the content of any such conversation and the medium via which the conversation took place.

**ANSWER:**

> See individuals listed or referred to in the incident report and the call for service records exhibited to Plaintiff's complaint.

**INTERROGATORY NO. 8:**

Please list in as much detail any service calls you responded to involving Defendant Clary, Zachary Langford and/or East Hills Mall Security between 1/30/2018 and your writing Plaintiff's police report.

**ANSWER:**

> None that I recall.

**INTERROGATORY NO. 9:**

Approximately how many times do you communicate with Defendant Clary in any typical month?

**ANSWER:**

> Objection. This request is vague, overly broad and not limited in time or scope. Objecting further, this request is not proportional to the needs of the case and the claims made herein, and therefore not reasonably calculated to lead to the discovery of admissible evidence in this case.
>
> Without waiving said objection, my communications with Roger Clary were rare before the incident involving Plaintiff and related to disturbances at the mall property. My communication with Roger Clary became even more rare afterwards, as the mall was no longer in my patrol area due to my promotion and change in shift hours. Therefore, it is impossible for me to guess or speculate as to how many times I have communicated with Defendant Clary in my career as a St. Joseph police officer.

**INTERROGATORIES NO. 10, 11, 12, 13, 14 & 15:**

Did you see, speak with, or communicate with Defendant Clary between the time that you took Plaintiff to jail on January 30, 2018 and when you wrote Plaintiff's police report? If the answer if "yes," please proceed to questions 11 – 15.

**ANSWER:**

   **No.**

   11. What was the method(s) of communication for each instance?

   **ANSWER:**

**NA**

   12. What did you say/write during each instance?

   **ANSWER:**

**NA**

   13. What did he say/write during each instance?

   **ANSWER:**

**NA**

   14. When did the instance(s) occur?

   **ANSWER:**

**NA**

   15. Were there any witnesses and what is the identifying information (including name, address, email and phone number) of any such witnesses?

   **ANSWER:**

**NA**

## INTERROGATORY NO. 16:

Please describe in detail any and all interactions, while in your role as an officer, you have had with petitioners in St. Joseph in the last five (5) years.

## ANSWER:

**Objection. This request is overly broad and unduly burdensome and not proportional to the needs of the case and the claims made herein, and therefore not reasonably calculated to lead to the discovery of admissible evidence herein.**

**Without waiving said objections, I do not specifically recall any other interactions with a "petitioner" such as Plaintiff, other than the incident at issue in this case.**

## INTERROGATORY NO. 17

Please list all of the locations in the City of St. Joseph where petitioning is allowed without the consent of the property owner.

## ANSWER:

**Objection. This request is overly broad and unduly burdensome and not proportional to the needs of the case and the claims made herein, and therefore and not reasonably calculated to lead to the discovery of admissible evidence. Objecting further, this request calls for a legal conclusion and calls for a guess or speculation as to formulating a response.**

**Without waiving said objection, I do not know all or any of the locations in the entire City of St. Joseph where you may enter and remain on another's land without consent or after the property owner has requested that you vacate their property.**

## INTERROGATORY NO. 18

On 1/30/2018, in relation to the incident in Plaintiff's *First Amended Complaint,* who indicated to you that they wanted to press charges for trespassing?

## ANSWER:

**As indicated in the incident report and call for service records, Roger Clary, Zachary Langford and the library staff requested Plaintiff be cited for trespass for her failure to leave when requested.**

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele
| Steven F. Coronado | MBN 36392 |
| Christopher L. Heigele | MBN 45733 |

4600 Madison Avenue, Suite 210
Kansas City, Missouri 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANTS
CITY OF ST. JOSEPH AND
REBECCA HAILEY

# CERTIFICATE OF SERVICE

   I hereby certify that on February 24, 2020, the above and foregoing document was served via electronic mail in PDF format to:

| | |
|---|---|
| Stacy Arnold<br>500 Westover Dr. #11589<br>Sanford, NC 27330<br>Stacy.kaye.arnold@gmail.com<br>Plaintiff Pro Se | Mark Beam-Ward<br>Beam-Ward, Kruse, Wilson & Fletes, LLC<br>8645 College Boulevard, Suite 250<br>Overland Park, KS 66210<br>mbeamward@bkwflaw.com<br>Attorneys for Defendant Roger Clary |
| Gregory P. Goheen<br>McAnany, Van Cleave & Phillips, P.A.<br>10 E. Cambridge Circle Drive, Suite 300<br>Kansas City, Kansas 66103<br>ggoheen@mvplaw.com<br>Attorneys for Defendant St. Joseph Public Library | |

            /s/ Christopher L. Heigele
            Attorney for Defendants

VERIFICATION

STATE OF ~~Buc~~ Missouri )
                                 ) ss.
COUNTY OF Buchanan )

REBECCA HAILEY, of lawful age, being first duly sworn under oath, states:

That she is the Defendant above-named, that she has read the above and foregoing interrogatories and that the answers thereto are true and correct according to her best information and belief.

                                                  _____
                                                  Rebecca Hailey

Subscribed and sworn hereto before me this 24 day of FEBRUARY, 2020.

                                                  _____
                                                  Notary Public

> RITA R KETCHEM
> Notary Public - Notary Seal
> State of Missouri, Buchanan County
> Commission Number 12430543
> My Commission Expires May 10, 2020