STACY ARNOLD,

                Plaintiff,

v.

CITY OF ST. JOSEPH,
ST. JOSEPH PUBLIC LIBRARY,
OFFICER REBECCA HAILEY (in her personal and professional capacity) and
ROGER CLARY,

                Defendants.

Case No. 19-06137-CV-SJ-BP

### DEFENDANT CITY OF ST. JOSEPH'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF ST. JOSEPH

COMES NOW Defendant City of St. Joseph, Missouri, by counsel, and provides the following objections and responses to Plaintiff's First Request for Production of Documents.

### Preliminary Objection

**Defendant City of St. Joseph, Missouri objects to Plaintiff's definitions as they are argumentative, purport to state legal conclusions and are beyond the scope of the Federal Rules of Civil Procedure regarding discovery.**

### REQUEST NO. 1

A recording of any dispatch radio or other communication via any recorded and/or documented method (with the exception of the call for service report, which Plaintiff already has in her possession) between the non-emergency line operator(s) and responding officers relating to the incident as described on 1/30/2018.

**RESPONSE:**

**All recordings responsive to this request were exhibited to Plaintiff's Complaint. No recordings other than those documents produced pursuant to Plaintiff's sunshine law request and the discovery from her municipal court proceedings exist.**

### REQUEST NO. 2

A recording of any and all radio communication between officers of the St. Joseph Police Department regarding Plaintiff and/or the incident as described on 01/30/2018.

**RESPONSE:**

**All recordings responsive to this request were exhibited to Plaintiff's Complaint. No recordings other than those documents produced pursuant to Plaintiff's sunshine law request and the discovery from her municipal court proceedings exist.**

### REQUEST NO. 3

Any and all video footage of the incident involving Plaintiff on January 30, 2018, including, but not limited to, any footage from dash cams in police vehicles when they were approaching, at, and leaving the East Hills Library.

**RESPONSE:**

**None other than the recordings purported to be from Plaintiff's cell phone exist. There is no dashcam recording as requested.**

### REQUEST NO. 4

Any and all material, written or otherwise, indicating how long dash cam/other video footage from police officers and/or service calls is kept, in what form, and for how long.

**RESPONSE:**

**Officer Hailey's car was not equipped with dash camera recording equipment. Therefore, there are no dash cam recordings of the incident. Therefore, the request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence in this case.**

### REQUEST NO. 5

Any and all material, written or otherwise, indicating how long dispatch radio from/to St. Joseph police officers is kept, in what form, and for how long.

**RESPONSE:**

**Objection. This request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff has obtained all dispatch recordings and has exhibited them to her Complaint.**

## REQUEST NO. 6

Any document or training material, in any form, regarding citizens' right to free speech and how police officers should interact with canvassers, leafleteers, petitioners, and/or protestors.

**RESPONSE:**

**Objection. This request is vague and over broad as to "any document or training material, in any form, regarding citizens' right to free speech" and as such, this request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objections, there are no specific written departmental policies regarding "how police officers should interact with canvassers, leafleteers, petitioners, and/or protestors" as the City understands the request. The officers interact with those individuals as they would with all other individuals. *See also* the St. Joseph Municipal Code of Ordinances.**

## REQUEST NO. 7

Any document or training material, in any form, regarding how police officers should treat/interact with petitioners specifically, including document indicating how police officers should respond to complaints about canvassers, leafleteers, petitioners, and/or protestors.

**RESPONSE:**

**Objection. This request is vague and over broad as to "any document or training material, in any form, regarding should treat/interact with petitioners specifically" and as such, this request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objections, there are no specific written departmental policies regarding "how police officers should respond to complaints about canvassers, leafleteers, petitioners, and/or protestors" as the City understands the request. The officers treat/interact with those individuals as they would with all other individuals that are the subject of complaints.** *See also* **the St. Joseph Municipal Code of Ordinances.**

## REQUEST NO. 8

Any incident reports, citations, or tickets involving interaction between petitioners and City of St. Joseph police officers for the last five (5) years.

**RESPONSE:**

**Objection. This request is overly broad, unduly burdensome and vague as to any documents "involving interaction between petitioners and the City of St. Joseph police officers." As phrased, this request could include any report, citation or ticket issued. Objecting further, this request is not proportionate to the needs of the case and the issues involved herein, and therefore is not reasonably calculated to lead to the discovery of admissible evidence in this case.**

**Without waiving said objection, Plaintiff's suit is believed to be the only claim or lawsuit involving allegations that a person employed to obtain signatures on a petition has suffered a deprivation of their first amendment rights. All such documentation regarding Plaintiff's incident was obtained by Plaintiff via sunshine law requests or discovery in her municipal court proceedings and has been previously exhibited to her Complaint.**

## REQUEST NO. 9

Any and all document or training material(s), in whatever form, that indicate *where* citizens may exercise their First Amendment rights in the City of St. Joseph, to include petitioning.

**RESPONSE:**

**Objection. This request is vague and over broad as to "any and all training material(s), in whatever form" and as such, this request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objections, there are no specific written departmental policies regarding "*where* citizens may exercise their First Amendment Rights" in the City, as the City understands the request.** *See also* **the St. Joseph Municipal Code of Ordinances.**

### REQUEST NO. 10

Any and all complaints, in whatever form, filed against Defendant Officer Rebecca Hailey for the last five (5) years.

**RESPONSE:**

**Objection. This request is overly broad, unduly burdensome and not proportionate to the needs of this case and the issues involved, and therefore not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objection, officer Hailey has not been the subject of any complaint, discipline, claim or lawsuit regarding the performance of her duties in effecting an arrest or investigation of a citizen complaint, other than pro se Plaintiff's allegations herein.**

### REQUEST NO. 11

Defendant Officer Rebecca Hailey's employee/personnel file.

**RESPONSE:**

**Objection. This request is overly broad, unduly burdensome and requests personal and private information not subject to public disclosure. Objecting further, this request is not proportionate to the needs of the case, and therefore not reasonably calculated to lead to the discovery of admissible evidence in this matter.**

**Without waiving said objection, Officer Hailey has not been the subject of any complaint, discipline, claim, or lawsuit regarding the performance of her duties in effecting an arrest or investigation of a citizen complaint, other than pro se Plaintiffs allegations herein.**

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele
------
Steven F. Coronado   MBN 36392
Christopher L. Heigele   MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, Missouri 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANTS
CITY OF ST. JOSEPH AND
REBECCA HAILEY

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, the above and foregoing document was served via electronic mail in PDF format to:

| | |
|---|---|
| Stacy Arnold<br>500 Westover Dr. #11589<br>Sanford, NC 27330<br>Stacy.kaye.arnold@gmail.com<br>Plaintiff Pro Se | Mark Beam-Ward<br>Beam-Ward, Kruse, Wilson & Fletes, LLC<br>8645 College Boulevard, Suite 250<br>Overland Park, KS 66210<br>mbeamward@bkwflaw.com<br>Attorneys for Defendant Roger Clary |
| Gregory P. Goheen<br>McAnany, Van Cleave & Phillips, P.A.<br>10 E. Cambridge Circle Drive, Suite 300<br>Kansas City, Kansas 66103<br>ggoheen@mvplaw.com<br>Attorneys for Defendant St. Joseph Public Library | |

/s/ Christopher L. Heigele
Attorney for Defendants