from at least two patrons. Ms. Whitten recalls a patron reporting that a woman was accosting people out front and also recalls a patron telling her that the patron was not out of their car yet when they were approached. Ms. Knorr recalls at least two patrons telling her that they were approached when they got out of their car about signing a petition and that they did not like it.

**INTERROGATORY NO. 7:**

In the view of the library, is petitioning on the external grounds of property that serves a public purpose—in a way that does not impede ingress and egress—a matter or right, or a matter or grace by public officials?

**ANSWER:** Defendant objects to this Interrogatory to the extent it is an improper hypothetical that calls for a legal conclusion and seeks the disclosure of attorney work product as it probes into the mental impressions of its counsel. As limited by these objections and the General Objections set forth above, Defendant maintains guidelines on petitioning and distribution of literature on its property and designates certain areas for use by petitioners near the library entrance as a limited public forum.

**INTERROGATORY NO. 8:**

Does the designated area serve a purpose that cannot similarly be served by petitioning taking place a reasonable distance from the doors, and if so, please describe this purpose in detail.

**ANSWER:** Defendant objects to this Interrogatory as being so vague, ambiguous and confusing that it is incapable of being answered.

**INTERROGATORY NO. 9:**

Where was Plaintiff standing when the police arrived at the scene of the incident referenced in Plaintiff's *First Amended Complaint*?

**ANSWER:** Defendant does not know where Plaintiff was standing when the police arrived on January 30, 2018, nor is it relevant to Plaintiff's remaining claims against this Defendant which is based solely on the Library's 2019 policy.