# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY and OFFICER REBECCA HAILEY, <br><br> Defendants. | Case No. 5:19-CV-06137-BP |

**DEFENDANTS CITY OF ST. JOSEPH AND OFFICER REBECCA HAILEY'S
SUGGESTIONS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
"COUNT I – FREEDOM OF SPEECH –CONSTITUTIONAL QUESTION"**

**TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................................... 2

**DEFENDANTS HAILEY AND THE CITY'S RESPONSES TO PLAINTIFF'S' "STATEMENTS OF UNDISPUTED MATERIAL FACTS"** .................................................. 4

**ARGUMENT AND AUTHORITIES**....................................................................................... 13

    A.    Plaintiff's Motion for Summary Judgment must be denied because Officer Hailey had probable cause to cite plaintiff for trespass on private property, and thus the First Amendment is not implicated. ............................................................................. 13

    B.    Plaintiff's motion for partial summary judgment must be denied because the Court cannot rewrite City Ordinances at plaintiff's request. .............................................. 15

    C.    Plaintiff's motion for partial summary judgment must be denied because the Court cannot issue the advisory opinion she requests............................................................. 17

**CONCLUSION** ......................................................................................................................... 17

COME NOW Defendants, City of St. Joseph, Missouri ("the City") and Officer Rebecca Hailey ("Officer Hailey"), by and through undersigned counsel, and respectfully submits these Suggestions in Opposition Plaintiff's Motion for Summary Judgment on Count I. Defendants City and Officer Hailey incorporate by reference their *Motion for Summary Judgment and Supporting Suggestions* (Doc. 84 and 85) as though fully set forth herein, because it contains direct refutation to Plaintiff's instant Motion, at least with respect to her claims against them. For these suggestions in opposition to Plaintiff's offensive motion on Count I, the City and Officer Hailey additionally state as follows:

## **INTRODUCTION**

Simply put, while Plaintiff compiles an extensive treatise of First Amendment free speech cases, Plaintiff does not overcome Defendants City of St. Joseph and Officer Hailey's entitlement to summary judgment on her claims. As established in their *Motion for Summary Judgment*, probable cause (actual or arguable) for trespass on private property eliminates Plaintiff's claim under the First Amendment for retaliation and wrongful arrest. As such, the City and Officer Hailey also have no liability because no rights were violated. Officer Hailey is also vested with qualified immunity from suit. As such, Plaintiff's motion for summary judgment is moot and should be dismissed.

Plaintiff's motion continues the fallacy of her Complaint that she was arrested for exercising First Amendment rights on public property. Simply put, Plaintiff was undisputedly cited for trespass on private mall property. She was cited for trespassing in the private Mall parking lot, not for her speech, but for bothering patrons in the parking lot and refusing to leave when asked by the Mall's private security guards. Plaintiff's suggestion she offered to leave is not only dispelled by her own actions of clearly <u>not</u> leaving when repeatedly requested, but her own partial recording of the interaction. First, her offer to leave was contingent on viewing Officer

Hailey's badge.  Second, the violation for trespass in the parking lot as reported by the victim, *e.g.*, private mall security, had already occurred.[1]  Third, Plaintiff's argument does not change the fact the Mall requested Plaintiff be cited for trespass on its private property parking lot. Finally, even Plaintiff's lengthy and well-written suggestions, more of a law review article than suggestions supporting a motion for summary judgment, highlight through dissenting opinions and differing analysis that there is no clear standard to apply to her argument.

What is clear is the Supreme Court in its *Nieves* decision holds if there is probable cause for a trespass citation, as there clearly was in this case, the First Amendment is not implicated. Thus, there is no constitutional violation, and no retaliatory arrest claim against law enforcement officer Rebecca Hailey.  At the very least, assuming *arguendo* Officer Hailey was mistaken in relying on the victim's private security guard and failing to conduct a survey of the metes and bounds of the parking lot and "external grounds of a public library and a sidewalk," Officer Hailey is vested with qualified immunity.  Plaintiff's wish to gather petition signatures on any property she wants, regardless of title, simply does not change the probable cause analysis.  It also does not change the appropriateness of summary judgment for the City and Officer Hailey.

What's more, Plaintiff's motion and request for summary judgment is nothing more than a request for this Court to rewrite the otherwise constitutionally valid City trespass ordinance (and the Library's policy regarding petitioning and distribution of literature).  This, the Court cannot and will not do.  In addition, Plaintiff's motion is a request for an advisory opinion on prospective and hypothetical questions and standards of law regarding the validity of the library's policies and procedures, again, something this Court cannot do.

---

[1] It would be akin to a promise to an officer to never speed again at a traffic stop.  This does not change the appropriateness of the original stop for a speeding violation. Nor does it provide a defense or excuse for the violation.

Plaintiff's motion for partial summary judgment on Count I of her Petition must be dismissed.

### DEFENDANTS HAILEY AND THE CITY'S RESPONSES TO PLAINTIFF'S' "STATEMENTS OF UNDISPUTED MATERIAL FACTS"[2]

1. On or around noon on January 30, 2018, Plaintiff was circulating a petition in front of the East Hills Library, a library within the St. Joseph Public Library Branch. (ECF 24 ¶ 12). See also excerpts from the Library's 26a disclosures—SJPL000001, 2—attached hereto as Exhibit 1.

   **RESPONSE:**

   **It is uncontroverted Plaintiff was circulating a petition in front of the East Hills Library. It is also uncontroverted Plaintiff was conducting this activity in the parking lot in front of the library which is private property owned by the East Hills Mall.** *See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and its Statement of Uncontroverted Material Facts nos. 5, 7, 9, 10, 13, 19 and 23 (including footnote 3)* **(Doc. 85, pp. 7-11).**

2. The East Hills Library, a separate physical structure from the East Hills Mall, is accessed from a vehicular right-of-way from which one can also access the East Hills Mall, Office Depot, JOANNE Fabrics and Crafts, New China Super Buffet, and other businesses. Below is a picture of the Library, retrieved from Google maps.

   **RESPONSE:**

   **Objection. This request is compound and is not properly supported for summary judgment under the rules.**

   **However, without waiving said objection, this statement is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

---

[2] For ease and consistency's sake, Defendants will utilize Plaintiff's headings. Their use is not to be construed as an admission of their truth or veracity.

3.      Shortly after 12pm on January 30, 2018, Roger Clary, a mall security guard, told Plaintiff that she could not petition at the Library, that the mall owned the entire Library, and no one had ever been allowed to petition there. At no point did he inform Plaintiff of the existence of a designated area and ask Plaintiff to move to and/or remain in said area. He also called the police. (ECF 24 ¶ 17, 18, 21). See also East Hills Security Department Incident Report, pp. 2, excerpted from *Roger Clary's Responses to Plaintiff's Requests for Production of Documents To Def. Clary* attached hereto as Exhibit 2 as well as excerpts from *Roger Clary's Answers to Plaintiff's First Interrog. To Def. Clary* at Interrog. 6-7, attached hereto as Exhibit 3.

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this matter. It is uncontroverted Plaintiff was cited for trespass on private mall property, *i.e.*, the parking lot grounds where she was soliciting individuals. *See* Response to Plaintiff's statement no. 1 above. *See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and its Statement of Uncontroverted Material Facts nos. 20, 22, and 23* (Doc. 85, p. 10-11).**

4.      On or around 12:30pm on January 30, 2018, Defendant Hailey, a police officer for the City of St. Joseph, placed Plaintiff under arrest. (ECF 26 ¶ 16).

**RESPONSE:**

**Uncontroverted but immaterial to Plaintiff's request for summary judgment. *See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and its Statement of Uncontroverted Material Facts nos. 18, 19, 20, 21, 22, and 23* (Doc. 85, p. 10-11).**

5.      The arrest occurred after Plaintiff had communicated her belief to her arresting officer, Defendant Hailey, that the area in question was a public forum, communicated to Defendant Hailey that she would not disobey an order, communicated to Defendant Hailey that

she, Plaintiff, would leave if Defendant Hailey wanted her to leave, and asked Defendant Hailey for her badge number. See Exhibit E from ECF 19, which was delivered to the Court along with Plaintiff's Complaint in the form of an audio CD.

**RESPONSE:**

**Controverted. The recording attached as Exhibit E to Plaintiff's motion is an incomplete recording of the interaction between the parties on the day of the arrest. Plaintiff also mischaracterizes the actual partial recording she attaches. Plaintiff refused at least twice to leave when requested before her arrest for trespass. Specifically,**

> **Arnold:** **If you ask me to leave, I just need your badge number and I'm happy to leave.**
>
> **Officer Hailey:** **Actually, if they ask you to leave and you refuse, you're actually trespassing.**
>
> **Arnold:** **I just need your badge number, ma'am.**

**See Plaintiff's Exhibit E at 0:09-0:19. This equivocal exchange is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to judgment in this case.**

6. Plaintiff was subsequently charged with trespassing, St. Joseph City Ordinance 20-51. See Plaintiff's ticket, attached hereto as Exhibit 4.

**RESPONSE:**

**Uncontroverted, yet immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case. *See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and its Statement of Uncontroverted Material Facts nos. 23, 24, and 25* (Doc. 85, p. 11).**

7. St. Joseph City Ordinance 20-51 reads as follows: "Trespass. (a) A person commits the offense of trespass if he enters or remains unlawfully upon real property of another. The fact that a person has no intent to enter unlawfully or remain unlawfully is no defense to this section.

(b) A person enters unlawfully or remains unlawfully in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public. (c) Trespass is a misdemeanor.

**RESPONSE:**

**Uncontroverted. The St. Joseph trespass ordinance 20-51 speaks for itself, is content neutral, and thus is constitutional.**

7. The East Hills Mall and the East Hills Library have separate addresses. The address of the East Hills Mall is 3702 Frederick Ave, St. Joseph, MO 64506. The address of the East Hills Library is 502 N Woodbine Rd, St. Joseph, MO 64506. (ECF 24 ¶ 36); (ECF 26 ¶ 20). The address listed on Plaintiff's trespass ticket was the address for the mall.

**RESPONSE:**

**Uncontroverted. However, it is also controverted Plaintiff was cited for trespass on private mall property, as requested by private security officer Roger Clary.**

8. There is a sidewalk that runs parallel to the entrance of the East Hills Library. (ECF 24 ¶ 37) For pictures, see ECF 19, Exhibits G, H, I & J.

**RESPONSE:**

**Uncontroverted, but immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

9. Although it extends far beyond the library doors, the sidewalk has a beginning and an end. (ECF 24 ¶ 37).

**RESPONSE:**

**Uncontroverted, but immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

10. In front of the sidewalk is a single row of parking spaces, in front of the spaces is a vehicular pass-through that cars must utilize to access the library, and on the other side of the vehicular pass-through sits the mall parking lot. (ECF 24 ¶ 37).

**RESPONSE:**

**Uncontroverted. It is also uncontroverted that the parking lot is private mall property.** *See* **response to Plaintiff's Statement no. 1 above. It is also uncontroverted Plaintiff was cited for trespass on private mall property. It is also uncontroverted Plaintiff does not know whether she was arrested on the sidewalk or the parking lot.** *See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and its Statement of Uncontroverted Material Facts no. 23, including footnote 3* **(Doc. 85, p. 11). As such, this statement is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

11. A statue of a girl with a dove surrounded by sidewalk now stands in place of what was once five parking spaces in the single row of spaces in front of the library. (ECF 24 ¶ 37). See also ECF 19, Exhibit K.

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

12. The sidewalk surrounding the statue is intertwined with and physically indistinguishable from the sidewalk that is parallel to the library. (ECF 24 ¶ 37).

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

13. There are four benches, two to the right and two to the left of the statue. (ECF 24 ¶ 37).

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

14. Between the statue and the sidewalk are rocks. (ECF 24 ¶ 37).

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

15. There was, at the time of Plaintiff's arrest, and on January 2, 2019, a sign in the rocks that read: "Rock Garden/Take a rock for inspiration/Share one for motivation/or/Leave a rock to help the garden grow!" (ECF 24 ¶ 37). See ECF 19, Exhibit L for a picture.

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

16. Messages as well as artwork were displayed on some of the rocks in the garden. (ECF 24 ¶ 37).

**RESPONSE:**

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

17. There is a plaque in front of the statue that reads: "Girl With Dove/Artist: Tom Corbin/Generously donated to the St. Joseph Public Library by the Bradley Charitable Trust and the William T. Kemper Foundation Commerce Bank, Trustee." (ECF 24 ¶ 37). See ECF 19, Exhibit M for a picture.

RESPONSE:

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

18. According to Google maps, public bus stops 13 and 19 are located in front of the statue.

RESPONSE:

**This statement is largely uncontroverted. However, it is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

19. The Library owns the property from and including the portions of the sidewalk that are parallel to the Library (not to include the parts of the sidewalk to the front, right, and left of the statue), and the East Hills Mall owns the parking spaces and the vehicular pass-through. See the Library final plat excerpted from the Library's initial 26(a) disclosures—SJPL000007—attached hereto as Exhibit 5. See also ECF 19, Exhibits N and O.

RESPONSE:

**It is uncontroverted the East Hill Mall owns the parking lot in front of the library. The remaining statement is immaterial to Plaintiff's request for summary judgment**

**and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

20. An area where five parking spaces used to be is owned by the mall with an easement granted to the Library for the purpose of the installation of a statue and related landscaping. See excerpts from the Library's initial 26(a) disclosures—SJPL000008 - SJPL000009—attached hereto as Exhibit 6. See also ECF 19, Exhibit P.

**RESPONSE:**

**It is uncontroverted the East Hill Mall owns the parking lot in front of the library. The remaining statement is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

21. The Library had a published policy on petitioning and the distribution of literature at the time of Plaintiff's arrest. This policy indicated that petitioning was allowed in undifferentiated "areas designated by staff," and that petitioners were "not to pursue patrons." See an excerpt from the Library's 26(a) disclosures—SJPL000005—attached hereto as Exhibit 7.

**RESPONSE:**

**The library's policy is uncontroverted. However, this statement is immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

22. Another similar, but more detailed policy was implemented on 8/23/2019. This is the current policy as of 10/11/2020. It maintained the "pursue patrons" language from the initial policy as well as the designated areas; it also included a picture indicating where the designated area at the East Hills Library is located. See an excerpt from the Library's 26(a) disclosures—SJPL000010 – SJPL000011—attached hereto as Exhibit 8.

**RESPONSE:**

**The library's policy is uncontroverted. However, this statement is immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

23. Plaintiff returned to the external grounds of the East Hills Library on several occasions in February 2020 to petition for another cause that she cares about. (ECF 45, Ex. 1 ¶ 23). Plaintiff wanted to petition as she was doing before her arrest on 1/30/2018, but, for fear of arrest, Plaintiff confined herself to what she interpreted as the designated area. (ECF 45, Ex. 1 ¶¶ 4 & 5).

**RESPONSE:**

**Controverted. This statement is vague and argumentative. However, this statement is immaterial to Plaintiff's request for summary judgment and immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

24. In February 2020, Plaintiff received two verbal interpretations of the designated area from East Hills Library staff that were more restrictive than the area indicated on the written policy (ECF 45, Ex. 1 ¶¶ 6, 7, & 19).

**RESPONSE:**

**Objection. This statement is vague, involves hearsay and is argumentative. However, this statement is immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case, as it is after the arrest for trespass on private property.**

25. The Library was asked to produce any records or studies which may indicate that petitioning on its external grounds interferes with its intended purpose and the Library produced no such records. See excerpts from *St. Joseph Public Library's Responses to Plaintiff's Request for Production of Documents To Def. Library* at Request No. 2, attached hereto as Exhibit 9. Moreover, the Library was asked in an interrogatory if the designated area served a purpose that could not similarly be served by requiring that petitioning take place a reasonable distance from

the entrance, and the Library indicated no reason, and, indeed, seemed confused by the question. See excerpts from *St. Joseph Public Library's Answers to Plaintiff's First Interrog. To St. Joseph Public Library* at Interrog. 8, attached hereto as Exhibit 10.

**RESPONSE:**

**Objection. This statement is vague, involves hearsay and is argumentative. However, this statement is immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case, as it is after the arrest for trespass on private property.**

26. Plaintiff would like to return to the East Hills Library in the future to petition for another cause that she cares about and to participate in expressive activities. While Plaintiff does not wish to impede the ingress or egress of Library patrons, Plaintiff would like to petition on the external grounds of the public East Hills Library, regardless of title, without being confined to a designated area or other paternalistic constraints, without being burdened by ambiguity of interpretation, and without fear of arrest.

**RESPONSE:**

**Objection. This statement is not a fact but argument and an incorrect argument at that. The fact is also not supported by the record as required by Federal Rule 56 and Local Rule 56.1. Nonetheless, this statement is immaterial to the City's and Officer Hailey's entitlement to summary judgment in this case.**

## ARGUMENT AND AUTHORITIES

**A.  Plaintiff's Motion for Summary Judgment must be denied because Officer Hailey had probable cause to cite plaintiff for trespass on private property, and thus the First Amendment is not implicated.**

The established, uncontroverted material facts in this case demand both the City's and Officer Hailey's Motion for Summary Judgment be granted <u>and</u> the *pro se* Plaintiff's instant motion for partial summary judgment be denied (to the extent it may be considered directed toward these Defendants). It cannot be stated enough the plaintiff was not arrested for exercising her First Amendment rights. Plaintiff was cited for trespass on private property after the owner of that

13

Case 5:19-cv-06137-BP   Document 93   Filed 11/16/20   Page 13 of 19

property (the East Hills Mall) requested St. Joseph Police cite her for trespass on that private property. Officer Hailey was not required as a matter of law to conduct a mini-trial in the parking lot. Officer Hailey was not required to conduct a metes and bounds survey of the area, which at the time, even plaintiff could not and did not distinguish private from public property. Plaintiff still does not believe, as stated in her instant motion, she is required to respect private property. Officer Hailey could rely on the eye-witness accounts of the private mall security guard, Roger Clary, that plaintiff was trespassing on private property and refused to leave. Officer Hailey was not required to accept plaintiff's excuse for trespassing. The undisputed facts establish Officer Hailey had probable cause to arrest plaintiff for trespass on private property.

It is not amiss to recast the Supreme Court's recent ruling in *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726, 204 L. Ed. 2d 1 (2019). The Court reaffirmed that the presence of probable cause for a crime defeats a First Amendment retaliatory arrest claim. It also bears repeating this Court is acutely aware of the Supreme Court's ruling in *Nieves*. This Court's decision in *Jeremy Rothe-Kushel v. Jewish Community Foundation of Greater Kansas City, et al.* should be dispositive here. *See Case No. 4:18-cv-00319-BP, 1/30/20 Order and Opinion Granting Defendant's Motion for Summary Judgment, Court Document 243, p.10 (W.D. Mo. 2020).*

In *Rothe-Kushel* there was no wrongful arrest or retaliation for exercise of First Amendment Rights because the officer involved had probable cause to arrest the plaintiff for trespass. The facts could not be more similar. The officer witnessed the plaintiff arguing with a lecturer during the question and answer section of a presentation at a local library. Library security tried to get plaintiff to leave. The event organizer (*i.e.* the victim) indicated it wanted to press charges against plaintiff for trespass. Thus, this Court ruled these facts established the officer had

probable cause to believe the plaintiff was unlawfully remaining on the property and had probable cause to arrest plaintiff.

Again, the same is true in this case. Officer Hailey was responding to a call reporting a trespasser on Mall property (*i.e.* the victim). When Officer Hailey arrived, she witnessed Plaintiff still on the property. Officer Hailey told Plaintiff she was trespassing on Mall property. Mall Security Officer Clary (i.e. the victim) indicated the Mall wanted to press charges against Plaintiff for trespassing on Mall property. Plaintiff was then arrested and cited for trespass. The facts establish Officer Hailey had probable cause to arrest Plaintiff for trespass. This defeats Plaintiff's claims for violation of her First Amendment Rights. Plaintiff's motion for partial summary judgment must be denied.

**B.     Plaintiff's motion for partial summary judgment must be denied because the Court cannot rewrite City Ordinances at plaintiff's request.**

*Pro se* Plaintiff's motion on Count I requests the Court essentially rewrite or amend the City's content neutral and constitutional trespass ordinance to include giving the 'benefit of the doubt' to those who argue they are exercising their First Amendment rights on any property, *regardless of title.* Not only is this not a requirement in any law enforcement setting (*see Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment and Suggestions in Support.)*, but as set forth herein, the court cannot and should not be in the business of rewriting municipal ordinances.

Similarly, Plaintiff also requests the Court rewrite the Library's policy with respect to where individuals can petition and distribute literature on Library property. It is uncontroverted the Library is an independent and separate public entity from the City and enacts its own policies and procedures, similar to City ordinances. Neither the City nor Officer Hailey owns, operates or controls the library and does not enact policies for the Library. *See Defendants City of St. Joseph*

*And Rebecca Hailey's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, ¶5 (Document 26, p. 2).* For economy's sake, these Defendants will not re-address the appropriateness and constitutionality of the Library's policies and actions in this case as they do not directly implicate the City's or Officer Hailey's right to summary judgment or dismissal. These Defendants, however, incorporate by reference *Defendant St. Joseph Public Library's Motion for Summary Judgment and Suggestions in Support* (Documents 88 and 89) as applicable.[3]

The Court must reject Plaintiff's motion, **because the Courts cannot rewrite city ordinances**. *See Willson v. City of Bel-Nor, Missouri*, 4:18-CV-3 RLW, 2020 WL 3639745, at *9 (E.D. Mo. July 6, 2020)[4] (finding that Courts do not rewrite laws to conform to constitutional requirements, as doing so would invade the "legislative domain"); *See e.g. Jennings v. Dir. of Revenue*, 992 S.W.2d 249, 252 (Mo. App. W.D. 1999) (holding that it is improper for a circuit court to impose additional requirements under a Missouri statute, essentially rewriting the statute, as that role is to be left to the General Assembly); *See United States v. Stevens*, 559 U.S. 460, 481, 130 S. Ct. 1577, 1592, 176 L. Ed. 2d 435 (2010)(the Court will not rewrite a law to conform it to constitutional requirements, as doing so would constitute a serious invasion of the legislative domain); *See Ways v. City of Lincoln*, 274 F.3d 514, 519 (8th Cir. 2001) (stating constructions of state and local legislation are more appropriately done by a state court or an enforcement agency, rather than by the Court.).

Thus, the Court cannot grant the relief *Pro Se* Plaintiff requests. The Court cannot rewrite City Ordinances and carve out exceptions for her (or her employer's) particular purposes. Plaintiff's motion for summary judgment must be denied.

---

[3] The City also incorporates by reference the *Defendant St. Joseph Public Library's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment on Count I.*

[4] *After affirmance and remand, in* 924 F.3d 995, 1004 (8th Cir. 2019)).

### C. Plaintiff's motion for partial summary judgment must be denied because the Court cannot issue the advisory opinion she requests.

In the same vein, *pro se* Plaintiff's motion is also a prayer or request to declare theoretical and hypothetical pronouncements of law as to what may or might be appropriate in the future, or however plaintiff may choose to argue at a later date. At its basic level plaintiff's motion is also a request for an advisory opinion. The Court cannot grant plaintiff's request. When federal judicial power "is invoked to pass upon the validity of actions by the Legislative and Executive Branches of the Government, the rule against advisory opinions implements the separation of powers prescribed by the Constitution and confines federal courts to the role assigned them by Article III." *United States v. Terrill*, 688 F. Supp. 542, 544 (W.D. Mo. 1988). **Thus, the federal courts are without power to give advisory opinions.** *U.S. Hoffman Mach. Corp. v. Richa*, 78 F. Supp. 969, 972 (W.D. Mo. 1948); *see also Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013) (holding federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts"); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 180, 136 S. Ct. 663, 680, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016) (finding that the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case).

The Court must deny plaintiff's motion for partial summary judgment and cannot rewrite the laws and regulations with which she disagrees.

## CONCLUSION

Defendant Officer Rebecca Hailey had probable cause (actual or arguable) to cite Plaintiff for trespass on private property, as a matter of law and uncontroverted fact. As established in *Nieves,* probable cause for a trespass citation, as there clearly was in this case, eliminates Plaintiff's

claim under the First Amendment for retaliation and wrongful arrest. The First Amendment is simply not implicated here. As there was no violation of right, there can be no claim against the City of St. Joseph. At the very least Qualified Immunity insulates Officer Hailey. Officer Hailey's spotless record also insulates the City. As such, and for the same reasons Defendants' *Motion for Summary Judgment* should be granted, *Pro Se* Plaintiff's motion for summary judgment on Count I is moot and should be dismissed.

In addition, the Court cannot grant the relief she requests and rewrite City Ordinances and carve out exceptions for her, or issue advisory opinions to guide future hypothetical conduct, again to suit her own desires. Plaintiff's motion for partial summary judgment on Count I must be denied.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele
---
Steven F. Coronado    MBN 36392
Christopher L. Heigele    MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT CITY OF ST. JOSEPH AND REBECCA HAILEY

# CERTIFICATE OF SERVICE

      I hereby certify the original of the above and foregoing document was filed with the Court through the Court's electronic filing system and served via electronic mail on November 16, 2020, to:

| | |
|---|---|
| Stacy Arnold<br>500 Westover Drive #11589<br>Sanford, NC 27330<br>Stacy.kaye.arnold@gmail.com<br>PLAINTIFF, pro se | Gregory Goheen<br>McAnany, Van Cleave & Phillips, P.A.<br>10 E. Cambridge Circle Drive, 300<br>Kansas City, KS 66103<br>ggoheen@mvplaw.com<br>Attorneys for Defendant St. Joseph Public Library |

      /s/ Christopher L. Heigele
Attorney for Defendants City of St. Joseph and Rebecca Hailey