IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STACY ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, ) | |
| ST. JOSEPH PUBLIC LIBRARY, ) | |
| OFFICER REBECCA HAILEY (IN HER ) | |
| PERSONAL AND PROFESSIONAL CAPACITY) ) | |
| AND ROGER CLARY ) | |
| ) | |
| ) | |
| Defendants ) | |

## DEFENDANT ROGER CLARY'S ANSWERS TO PLAINTIFF STACY ARNOLD'S FIRST INTERROGATORIES TO DEFENDANT CLARY

COMES NOW Plaintiff, Stacy Arnold, and pursuant to Fed. R. Civ. P. 33, propounds the following First Interrogatories to Defendant Clary, to be to be answered fully and under oath within thirty (30) days after service hereof. These interrogatories are continuing in nature and require supplemental answers if additional information is obtained between the time of answering and the time of trial.

### DEFINITIONS:

- "The Incident" refers to the interactions between Plaintiff and Defendants on 1/30/18 which resulted in Plaintiff's arrest, as described in the First Amended Petition.

- "The private property in question" shall include private property that functions as the external grounds of the East Hills Library: all property not owned by the East Hills Library from the property line in front of the library until the vehicular pass through that separates

1

the library parking area from the mall parking area, to include, unless otherwise specified, the easement area and the library parking lot area.

## INTERROGATORY NO. 1:

What specific objection(s) do you contend that you had to the way that Plaintiff was petitioning, in reference to your denial of this part of paragraph 18 in Plaintiff's *First Amended Complaint?*

**ANSWER:** **The property is private property and soliciting is not permitted.**

## INTERROGATORY NO. 2:

In paragraph 25 of Plaintiff's *First Amended Complaint*, Plaintiff has indicated that she was on the phone when Defendant Officer Rebecca Hailey arrived at the scene, and you admitted that you heard Defendant Officer Rebecca Hailey tell her to get off her phone. Did you see Plaintiff on her phone or hear the phone conversation?

**ANSWER:** **Yes, I saw her on the phone, but did not hear any conversation.**

## INTERROGATORY NO. 3:

Where were you standing when the Officer's arrived at the scene of the incident referenced in Plaintiff's *First Amended Complaint?*

**ANSWER:** **In front of the library to the side of the doors as far as I remember.**

**INTERROGATORY NO. 4:**

When the officers arrived at the scene of the incident referenced in Plaintiff's *First Amended Complaint*, to the best of your recollection, was Plaintiff across from you, in front of you, or behind you?

**ANSWER:** Across from me as far as I remember.

**INTERROGATORY NO. 5:**

During the time you were at the scene, did you witness Officer Rebecca Hailey distinguish between property belonging to the library and property belonging to the mall, make Plaintiff aware of any designated area and/or ask Plaintiff to move to or remain in said area, or inform Plaintiff of any adequate, alternatives areas in which she could petition or discuss public questions? If so, please describe each instance.

**ANSWER:** No.

**INTERROGATORIES NO. 6 & 7:**

You have *denied* paragraph 40 in Plaintiff's *First Amended Complaint* in its entirety, the beginning of which reads, "**Neither Defendant Roger Clary nor Zachary Langford made Plaintiff aware of any distinction in property ownership. Nor did either of them ask Plaintiff to move to a designated area; Defendant Roger Clary claimed that the mall owned**

3

**everything and told Plaintiff that no one had ever been allowed to petition at the library…"**
But, concerning paragraph 18 of Plaintiff's *First Amended* Complaint, you have denied that you did not express any complaint or concern about the way Plaintiff was petitioning and *admitted* the remainder of the paragraph, which reads, **"Neither of them asked Plaintiff to acquiesce to any type of petitioning restriction. Neither of them informed Plaintiff that there was a designated area or asked her to remain in or move to said area. Neither of them asked Plaintiff to stop talking to people in their cars. Neither of them referred Plaintiff to the library director or her designee. Neither of them mentioned any adequate, alternative locations from which Plaintiff could petition. On the contrary, Defendant Roger Clary told Plaintiff that the librarian had called to complain about Plaintiff's petitioning, that the mall owned the entire library grounds and that no one had ever been allowed to petition there."**

For the sake of clarity -

6. Did you inform Plaintiff of a designated area and/or distinguish between property belonging to the mall and property belonging to the library?

**ANSWER:** **No.**

7. Did you tell Plaintiff that the mall owned the entire library grounds and that no one had ever been allowed to petition there?

**ANSWER:** **Yes, that was my understanding.**

4

**INTERROGATORY NO. 8:**

What is any and everything that Maryann, the librarian, said to you when she called to complain about Plaintiff's petitioning on 1/30/2018?

**ANSWER:** **See statements contained in the Incident Report produced by Defendant. I do not remember any other statements by the librarian.**

**INTERROGATORY NO. 9:**

What is any and everything that you said to the Maryanne, the librarian, when she called you to complain about Plaintiff's petitioning on 1/30/2018?

**ANSWER:** **I don't remember anything that I said. Based on my experience, I assume I would have told her that I would check it out.**

**INTERROGATORIES NO. 10, 11, 12, 13, 14 & 15:**

Did you see, speak with, or communicate with Officer Rebecca Hailey between the time that she took Plaintiff to jail on January 30, 2018 and February 20, 2018? If the answer if "yes," please proceed to questions 12 – 16.

**ANSWER: No.**

    11. What was the method(s) of communication for each instance?

    **ANSWER:**

12. What did you say/write during each instance?

**ANSWER:**

13. What did she say/write during each instance?

**ANSWER:**

14. When did the instance(s) occur?

**ANSWER:**

15. Were there any witnesses and what is the identifying information (including name, address, email and phone number) of any such witnesses?

**ANSWER:**

**INTERROGATORY NO. 16:**

Prior to January 30, 2018, had you ever witnessed a petitioner (s) on the external ground of the library (to include both the private and the public property) and if so please describe any action that you did or did not take towards any petitioner(s) that you saw in each instance.

**ANSWER:** **If there were any petitioners in the mall or around the grounds, I would ask them to leave and they would.**

6

**INTERROGATORY NO. 17:**

Regarding the contention that you shared with Plaintiff on 1/30/2018 that no one had ever been allowed to petition at the library, how and when did you become privy to such information?

**ANSWER:** **From the time I began working at the mall.**

**INTERROGATORY NO. 18:**

Within the last five years (or, alternatively, for the duration of your employment with East Hills Security, if it should be less than five years), have you or East Hills Security been called upon to resolve any other issues regarding petitioners at the East Hills Library (to include the private property in question) besides the incident in Plaintiff's *First Amended Complaint*? If so, please describe each instance in detail.

**ANSWER:** **I do not recall.**

**INTERROGATORY NO. 19:**

For the last five years (or alternatively, for the duration of your employment with East Hills Security, if it should be less than five years), have you or East Hills Mall Security been called upon to resolve any issues unrelated to petitioners? If so please describe each instance in as much detail as possible, or alternatively (if there are many instances of this) please share approximately how many times per month you or mall security is called upon and give an

7

overview of the types of issues that they are called upon to resolve, with a specific example of each type of issue.

**ANSWER:** **I do not recall.**

**INTERROGATORY NO. 20:**

To the best of your recollection, what is everything that was stated from you or Zachary Langford to Plaintiff on 01/30/2018 and everything that Plaintiff stated to either of you?

**ANSWER:** **The best I remember, I told Ms. Arnold that we did not permit soliciting and asked her to leave.**

Respectfully submitted,

BEAM-WARD, KRUSE, WILSON
& FLETES, LLC

By: /s/ Richard S. Fisk
Richard S. Fisk, MoBar #61286
Mark Beam-Ward, KS #10071
8645 College Blvd., Ste 250
Overland Park, Kansas 66210
(913) 339-6888
(913) 339-9653
rfisk@bkwflaw.com
mbeamward@bkwflaw.com
Attorneys for Defendant Clary

## VERIFICATION

STATE OF  Missouri     )
                       ) ss.
COUNTY OF  Buchanan    )

ROGER CLARY, of lawful age, being first duly sworn under oath, states:

That he is the Defendant above-named, that he has read the above and foregoing interrogatories and that the answers thereto are true and correct according to his best information and belief.

_Roger Clary_
Roger Clary

Subscribed and sworn hereto before me this _28_ day of _February_, 2020.

_Marian E. Mead_
Notary Public

[Notary Seal: MARIAN E. MEAD, My Commission Expires January 28, 2022, Commission #14572570, Clinton County, NOTARY PUBLIC, STATE OF MISSOURI]