**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| STACY ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, | ) |
| ST. JOSEPH PUBLIC LIBRARY, | ) |
| OFFICER REBECCA HAILEY (IN HER | ) |
| PERSONAL AND PROFESSIONAL CAPACITY) | ) |
| AND ROGER CLARY | ) |
| | ) |
| | ) |
| Defendants | ) |

## AFFIDAVIT OF STACY ARNOLD

1. When I sent my suggestions in opposition to the Library's dismissal motion to Defendants on Wednesday, January 29, 2020, I also sent correspondence regarding my desire to return to the East Hills Library to petition, as well as my desire not to return to the Buchanan County Jail. The ability to verbally and physically approach people from any angle was among the wishes that I expressed. I also commented that I was unsure if the same would be contrary to the wishes of Defendants. Exhibit A is a true and correct copy of this correspondence.

2. It was February 4, 2020, and, while I had as of then received no reply from Defendants' counsel, it was time to canvass, and I took my clipboards to the East Hills Library.

3. I stood behind the statue while looking at the picture of the designated area on the Library's website and reading the instructions attached hereto as Exhibit B, and exhibited in part below.

Assembly and/or Petitioning are only allowed on SJPL property in the following circumstances:

1. Assembly and/or Petitioning are permitted inside the library only when included as part of the agenda of a meeting officially scheduled in a library meeting room, and approved in accordance with SJPL's Meeting Room Policy.
2. Except as part of an officially scheduled meeting, those engaged in Assembly and/or Petitioning, shall be required to stand outside library buildings on SJPL property in areas designated by staff, away from entrances, and must not impede traffic or pursue patrons.

If an individual engaged in Assembly and/or Petitioning is not in a designated area, is impeding traffic, or pursues patrons, he or she will be asked to follow the guidelines contained in this policy. If the guidelines are not followed, the individual will be asked to leave the premises.

The allowance of any Assembly or Petitioning on SJPL property shall not be deemed to constitute an endorsement by SJPL of the content of such Assembly or Petitioning.

Any person wishing to appeal or otherwise question the enforcement of a restriction under this policy should be referred to the Library Director or his/her designee.

This policy is not designed to prohibit the initial access of any person to SJPL property, and shall be enforced without prejudice or arbitrary distinctions between individuals, classes of individuals, or the opinions being expressed.

Designated Areas: the following locations may be used by individuals or groups who desire to engage in Assembly and/or Petitioning on SJPL property:

Carnegie Library: In the library park at the bench on the east side of the library.

Downtown Library: On the sidewalk in a location that does not impede patrons from accessing the front steps.

Washington Park Library: In the library park at the front of the building by the two benches.

East Hills Library: An area of eight squares of concrete halfway between the statue garden and the front door. The nine squares are between the pillars. Petitioners and those Assembling should not be on the sidewalk in front of the pillars or the ten squares of concrete directly in front of the entrance. Petitioners and Assemblers may not impede entrance into the library. Please see picture below for clarification. The green area is the area where petitioners should stand.



4. I studied the picture and narrative above, and interpreted the designated area as encompassing the squares below with check marks.



5. Out of fear of arrest, I petitioned only in the squares from the photograph above with check marks.

6. At or around 11:30 am on February 4, 2020, a woman who introduced herself as Shirley Blakeney, a manager, came out to talk to me. She smiled a lot and was very friendly. She also told me that I could not petition in some of the squares above with check marks. She told me that if patrons were walking by, that I had to "let them pass." Specifically, she told me that I could only petition while standing in two places. These two places are circled below, in

two different pictures.





7. I then stepped in no fewer than two of the squares that contain check marks in the

photograph above in paragraph 4, and asked Shirley Blakeney if I could petition there. Shirley Blakeney smiled and said no.

8. I then asked Shirley Blakeney if I could take pictures of the areas in which she indicted that I could petition, and she indicated that I could.

9. After taking pictures I was walking towards my car, and Shirley Blakeney ran after me. "I made a mistake," she said. She was then holding a copy of the Library's policy on petitioning and the distribution of literature in her hands.

10. Shirley Blakeney then attempted to locate the designated area using the handout as a guide. She seemed to have difficulty determining the location of the area. I pointed out that the description read "an area of eight squares." Shirley Blakeney responded that that referenced an area where one should not be.

11. Shirley Blakeney eventually seemed to reach the same interpretation of the location of the designated area as I initially did—namely, the eight squares checked under paragraph 4, above.

12. Shirley suggested, but did not demand, that I check in with Library staff before petitioning. She indicated that is what petitioners usually do.

13. She also indicated that I was welcome to use the water fountain and restroom facilities, as well as come inside and warm up, provided I was not petitioning inside.

14. For the remainder of February 4, 2020, I continued to petition the way that I was petitioning before Shirley Blakeney came out to speak with me without incident.

15. While I did not find the request/suggestion that I check in with library staff before petitioning to be a requirement of the Library policy on petitioning, and I certainly did not find it a

requirement of the First Amendment, I did the same for the other four (4) days that I returned to the East Hills Library to petition.

16. I returned to the Library to petition on Thursday, February 6, 2020, and told Shirley Blakeney I was there when I arrived. She told me to "have fun."

17. On Saturday, February 8, 2020, I returned to the Library to petition. I went inside to tell Library staff that I was there. A Library staff member with a name badge that read "Jacob," asked me if I knew where I was supposed to petition. I told him that I did, and that I'd be happy to point the area out, to make sure that we had the same interpretation of the area's location.

18. I then pointed to each of the eight squares checked above in Paragraph 4.

19. The Library staff member then indicated that he thought the area was somewhere else. He went inside for longer than a brief moment and returned with the Library policy. "It's these five squares," he said, pointing out his interpretation of the area. He gave a copy of the library policy to me. The five (5) squares he indicated were the designated area are exhibited below. They contain check marks.



20. On Sunday, February 9, 2020, I returned to the Library to petition. When I told the staff members at the front desk that I was there to petition, one of them smiled and said "great."

21. On Tuesday, February 11, I received a reply to my correspondence from counsel for the St. Joseph Public Library. The reply referenced the Library guidelines for petitioning, and was silent regarding my request to be able to physically and verbally approach people.

22. I also returned to the library to petition on February 11, 2020. I do not remember the name of the staff member I spoke with (perhaps Angela). She asked me if I knew where to stand, and I asked her if she could show me. She printed the Library Policy, and, using it as a guide, pointed out the same eight squares that are checked in paragraph 4.

23. I canvassed in front of the Library on February 4, 2020; February 6, 2020; February 8, 2020; February 9, 2020; and February 11, 2020.

24. I intend to return to the Library in the future to canvass about causes that I care about. I continue to believe that I have a right under the First Amendment to do so, without fear of arrest.

_____  2/18/2020
Stacy Arnold (Affiant)

Subscribed and sworn to before me, this 18ᵗʰ day of February, 2020:

_____
Notary Public

My commission expires: 05/30/2024

CONRAD J. MCGHEE
NOTARY PUBLIC OF SOUTH CAROLINA
MY COMMISSION EXPIRES MAY 30, 2024