IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

STACY ARNOLD, )
)
      **Plaintiff,** )
) Case No. 19-CV-06137-BP
v. )
)
CITY OF ST. JOSEPH, ET AL., )
)
      **Defendants.** )

**DEFENDANT ST. JOSEPH PUBLIC LIBRARY'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Table of Contents**

                                                                            **Page**

TABLE OF AUTHORITIES ................................................................................................2

NATURE OF THE CASE ...................................................................................................4

DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF FACTS............................4

DEFENDANT'S ADDITIONAL STAEMENT OF UNCONTROVERTED FACTS ...................9

QUESTIONS PRESENTED..................................................................................................9

ARGUMENT AND AUTHORITIES......................................................................................9

      LEGAL STANDARDS APPLICABLE TO SUMMARY JUDGMENT SOUGHT BY PLAINTIFF ON THE MERITS OF HER REMAINING CLAIM AGAINST DEFENDANT REQUIRE HER TO PROVIDE EACH ELEMENT OF HER CLAIM AND DISPROVE EACH AFFIRMATVIE DEFENSE ASSERTED BY DEFENDANT BASED ON THE APPLICABLE LAW AND THE UNCONTROVERTED MATERIAL FACTS VIEWED IN THE LIGHT MOST FAVORABLE TO DEFENDANT AS THE NON-MOVING PARTY ...................................................................................................................................9

      DEFENDANT'S 2019 POLICY IS ONLY APPLICABLE TO LIBRARY PROPERTY ...................................................................................................................................10

      THE FORUM ANALYSIS IS APPLICABLE TO ANALYZING PLAINTIFF'S CHALLENGE TO DEFENDANT'S 2019 POLICY .......................................................10

    THE FORUM ANALYSIS IS APPLICABLE TO ANALYZING PLAINTIFF'S CHALLENGE TO DEFENDANT'S 2019 POLICY ..........................................................10

    DEFENDANT'S 2019 POLICY IS REASONABLE, CONTENT NEUTRAL TO TIME, PLACE AND MANNER RESTRICTION ................................................................11

    DEFENDANT'S 2019 POLICY IS NOT SUBJECTED TO STRICT SCRUTINY AND SUMMARY JUDGMENT SHOULD NOT BE ENTERED IN PLAINTIFF'S FAVOR EVEN IF THE STANDARD WERE STRICT SCRUTINY ..............................................12

    DEFENDANT DID NOT VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHTS BY ADOPTING THE LIBRARY'S 2019 POLICY INSTEAD OF SOME OTHER HYPOTHETICAL ALTERNATIVE ...............................................................................13

    DEFENDANT'S 2019 POLICY IS NOT UNCONSTITUTIONALY VAGUE ..............14

    THE FORUM ANALYSIS IS NOT IMPERMISSIBLY VAGUE ...................................17

    PLAINTIFF'S ARGUMENTS REGARDING THE HISTORICAL CONFINES OF THE FIRST AMENDMENT DO NOT WARRANT SUMMARY JUDGMENT IN HER FAVOR FINDING DEFENDANT'S 2019 POLICY TO BE FACIALLY INVALID.....17

CONCLUSION..............................................................................................................................17

## Table of Authorities

**Case Law**                                                                                                          **Page**

American Communications Assn. v. Douds, 339 U. S. 382 (1950) .............................................15

Cameron v. Johnson, 390 U.S. 611 (1968) .....................................................................................4

Carew–Reid v. Metro. Transp. Auth., 903 F.2d 914 (2nd Cir.1990) .............................................13

Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez, 561 U.S. 661, 130 S. Ct. 2971, 2975 (2010)..................................................................................11

City of Renton v. Playtime Theatres. Inc., 475 U.S. 41 (1986)......................................................14

Frisby v. Schultz, 487 U. S. 474 (1988).........................................................................................12

Grayned v. City of Rockford, 408 U. S. 104, 110 (1972)...............................................................15

Haynes v. William, 88 F.3d 898, 900 n. 4 (10th Cir. 1996) ..........................................................10

Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U. S. 640 (1981)..................12

Hill v. Colorado, 530 US 703 (2000).........................................................................4, 11, 12, 14, 15

Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks, 195 F. Supp.3d 1065, 1079 (E.D. Mo. 2016), aff'd, 864 F.3d 905 (8th Cir. 2017) ...................................................................13

Keister v. Bell, 879 F.3d 1282 (11th Cir. 2018) ..............................................................13

Kolender v. Lawson, 461 U.S. 352 (1983) .........................................................................15

Lee, 505 U.S. at 696-97 ...................................................................................................13

Madsen, 512 U. S. at 775-776..........................................................................................15

Rice v. Kempker, 347 F.3d 675 (8th Cir. 2004) ...............................................................14

Rodriguez de Quijes v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989)...................10

Rowan, 397 U.S. at 738 ....................................................................................................12

Schenck, 519 U. S. at 383 .................................................................................................15

Schneider v. State, 308 U.S. at 160; ................................................................................13

Snyder v. Phelps, 562 U.S. 443, 456 (2011)....................................................................11

U.S. v. Barros, 984 F. supp. 1257, 2366 (D.Colo. 1998)..............................................10

United States v. Kokinda, 497 U.S. 720, 728 (1990).....................................................13

United States v. Raines, 362 U. S. 17, 23 (1960) ...........................................................15

U.S. v. Spedalieri, 910 F.2d 707, 709 n. 2, 710 n. 3 (10th Cir. 1990) ...........................10

Ward v. Rock Against Racism, 491 U.S. 781, 798 (1989)......................................11, 14

**Other Authorities**

Wright, Miller & Kane  Fed. Prac. & Proc., § 2722 .......................................................4

3

**I.     Nature of the Case.**  Plaintiff's sole remaining claim against Defendant Library is a facial challenge, pursuant to § 1983, to the constitutionality the Library's current Policy for Public Assembly and Petitioning and Distribution of Literature on Library District Property, enacted July 23, 2019, (hereinafter "the 2019 Policy") asserting that the 2019 Policy violates the First and Fourteenth Amendments to the United States Constitution.  See Order and Opinion Granting In Part and Denying In Part Defendant St. Joseph Public Library's Motion to Dismiss (ECF No. 50), p. 10.  Specifically, Plaintiff alleges that the Policy "is/was not narrowly tailored to serve a cognizable, much less compelling/significant government interest, nor is it reasonable" and that the policy is "impermissibly vague" by stating that petitioners "must not pursue patrons".  First Amended Complaint (ECF No. 19), p. 19, ¶ 54.

However, Plaintiff concedes that "[a] compelling interest of the library … is ensuring the unimpeded ingress and egress of patrons."  Suggestions (ECF No. 87), p. 37.  See Cameron v. Johnson, 390 U.S. 611 (1968) (upholding a statute that prohibited picketing that obstructed or unreasonably interfered with ingress or egress to or from public buildings, including courthouses).  Defendant's 2019 Policy is a content neutral time, place and manner restriction which is narrowly tailored to address this acknowledged need.  Hill v. Colorado, 530 U.S. 703, 719-720 (2000).  Thus, even if Plaintiff had presented sufficient facts, arguments and authorities to overcome Defendant's affirmative defenses, the 2019 Policy is not facially invalid and Plaintiff's Motion (ECF No. 86) must be denied.

**II.    Defendant's Responses to Plaintiff's Statement of Facts.**   In accordance with Fed.R.Civ.P. 56 and Local Rule 56.1, Defendant offers the following responses to Plaintiff's

4

statement of uncontroverted facts[1]:

1. Not controverted for purposes of this motion that Plaintiff was circulating a petition near the library on January 30, 2018. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

2. Objection. Plaintiff fails to identify any particular material in the record to support her contention – i.e., some record, document, or testimony as required by Fed.R.Civ.P. 56(c)(1). It should therefore be disregarded. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

3. Not controverted for purposes of this motion that Plaintiff and Roger Clary had an interaction on January 30, 2018. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

4. Not controverted for purposes of this motion but not relevant or material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

5. Not controverted for purposes of this motion that Exhibit E is an audio recording delivered with Plaintiff's Complaint (ECF No. 1). Defendant objects to Plaintiff's attempt to summarize or misstate the contents of the recording. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

6. Not controverted for purposes of this motion but not relevant or material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

7. Not controverted for purposes of this motion that the City of St. Joseph has an ordinance on trespass. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

---

[1] These facts are admitted solely for purposes of summary judgment and should not be deemed admissions for purposes of trial. Wright, Miller & Kane, Fed. Prac. & Proc. § 2722 at 48.

5

[7]. Not controverted for purposes of this motion but not relevant or material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

8. Not controverted for purposes of this motion that there is a sidewalk in front of the entrance of the library. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

9. Not controverted for purposes of this motion that there is a sidewalk in front of the entrance of the library. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

10. Not controverted for purposes of this motion that there is a row of parking spaces in front of the sidewalk. The other statements contained in this "fact" do not appear to be consistent with the photographs and other depictions of the property which Plaintiff has provided to support other facts in her Suggestions. Plaintiff has not properly supported these statements as required by Fed.R.Civ.P. 56(c)(1). Defendant is not bound by any answer of another Defendant. This fact is also irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

11. Not controverted for purposes of this motion that there is a statute of a girl with a dove in front of the library. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

12. Not controverted for purposes of this motion that there is a sidewalk next to the statute of a girl with a dove in front of the library. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

13. Not controverted for purposes of this motion that there are benches near the statue of a girl with a dove in front of the library. This fact is irrelevant and not material to the remaining

claim asserted against this Defendant. FED.R.EVID. 403.

14. Not controverted for purposes of this motion that there are rocks around the statute. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

15. Not controverted for purposes of this motion that the photo attached to Plaintiff's Amended Complaint (ECF No. 19-12) containing this sign. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

16. Although this fact is not properly supported, as required by Fed.R.Civ.P. 56(c)(1) and is not relevant or material to the Plaintiff's remaining claim asserted against this Defendant, this fact is not controverted for purposes of this motion.

17. Not controverted for purposes of this motion that the photo attached to Plaintiff's Amended Complaint (ECF No. 19-13) containing this plaque. This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

18. Objection. Plaintiff fails to identify any particular material in the record to support her contention – i.e., some record, document, or testimony as required by Fed.R.Civ.P. 56(c)(1). It should therefore be disregarded. Regardless, this fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

19. Not controverted for purposes of this motion that the parking lot in front of the library building is owned by the East Hills Mall. Defendant objects to Plaintiff's attempt to summarize and mischaracterize the contents of the plat. The legal document speaks for itself. Defendant also objects to Plaintiff's contention to the extent it contains unsupported allegations and legal argument. Fed.R.Civ.P. 56(c)(1). This fact is also irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

20. Not controverted for purpose so this motion that the statute of the girl with a dove in front of the library sits on an easement for that purpose. Defendant objects to Plaintiff's attempt to summarize and mischaracterize the contents of the easement. The legal document speaks for itself. Defendant also objects to Plaintiff's contention to the extent it contains unsupported allegations and legal argument. Fed.R.Civ.P. 56(c)(1). This fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

21. Not controverted for purposes of this motion that Defendant had a policy that covered petitioning and the distribution of literature at the time. Because that policy has been revised and is no longer in effect, this fact is irrelevant and not material to the remaining claim asserted against this Defendant. FED.R.EVID. 403.

22. Not controverted for purposes of this motion that Defendant's Board of Trustees adopted its current Policy for Public Assembly and Petitioning and Distribution of Literature on Library District Property on July 23, 2019 which is attached in its entirety as Exhibit 2 to the Affidavit of Mary Beth Revels (Exhibit A) to Defendant's Suggestions in Support of Motion for Summary Judgment (ECF No. 89).

23. Not controverted for purposes of this motion that Plaintiff returned to the Library in February 2020 and was able to canvass for petitions. *See* Defendant's SOF ¶ 11 (ECF No. 89).

24. Not controverted for purposes of this motion that on the first day Plaintiff was at the Library to petition in February of 2020, a Library employee, when asked by Plaintiff, initially indicated a more restrictive area for petitioning outside the Library than what is provided for in the policy, but that later that day the employee came back out and told Plaintiff that the employee had made a mistake. *See* Defendant's SOF ¶ 13 (ECF No. 89).

25. Defendant objects to Plaintiff's attempt to mischaracterize and misstate the contents

of Defendant's discovery responses. The responses speak for themselves. Defendant also objects to Plaintiff's contention to the extent it contains unsupported allegations and legal argument. Fed.R.Civ.P. 56(c)(1). The evidence cited by Plaintiff does not support her contention and it should therefore be disregarded.

26. Objection. Plaintiff fails to identify any particular material in the record to support her contention – i.e., some record, document, or testimony as required by Fed.R.Civ.P. 56(c)(1). Defendant also objects to Plaintiff's contention to the extent it contains legal argument. It should therefore be disregarded.

### III. **Defendant's Additional Statement of Uncontroverted Facts.**

Defendant incorporates by reference the facts set forth in its Suggestions in Support if its Motion for Summary Judgment (ECF No. 89), pp. 2-6.

### IV. **Questions Presented.**

A. Has Plaintiff presented uncontroverted material facts which when viewed in the light most favorable to Defendant prove that the Library's 2019 Policy is facially invalid and which overcome all affirmative defenses raised by Defendant?

### V. **Argument and Authorities.**

Plaintiff in seeking summary judgment does not really differentiate between her legally and factually distinct claims against each separate defendant. The only claim remaining against Defendant is a facial challenge to constitutionality of the Library's 2019 Policy. Defendant incorporates by reference the legal authorities and arguments set forth in its Motion for Summary Judgment and Suggestions in support thereof (ECF No. 88 & 89).

**A. Legal standards applicable to summary judgment sought by Plaintiff on the merits of her remaining claim against Defendant require her to prove each element of her**

9

**claim and disprove each affirmative defense asserted by Defendant based on the applicable law and the uncontroverted material facts viewed in the light most favorable to Defendant as the non-moving party.** Plaintiff has failed to address any of Defendant's affirmative defenses in her Motion for Summary Judgment or Suggestions in support thereof (ECF Nos. 86 & 87) and, this alone, requires denial. Additionally, the material facts which are not in dispute and when viewed in the light most favorable to Defendant do not establish that Defendant's 2019 Policy was facially invalid.

      **B.    Defendant's 2019 Policy is only applicable to Library property.** Plaintiff first argues that private property – ie. property not owned by Defendant – is subject to First Amendment scrutiny. Suggestions (ECF No. 87), pp. 15-18. This argument does not appear to have anything to do with Defendant's 2019 Policy which applies only to public assembly, petitioning and distribution of literature on Library property.

      **C.    The forum analysis is applicable to analyzing Plaintiff's challenge to Defendant's 2019 Policy.** Plaintiff next appears to argue that the forum analysis, which the U.S. Supreme Court has repeated utilized to analyze First Amendment claims, should be abandoned. Suggestions (ECF No. 87), pp. 18-22. Of course, this Court is bound to follow U.S. Supreme Court and 8th Circuit precedent, in that order. Rodriguez de Quijes v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989) ("If a precedent of this court has direct application in a case, yet appears to rest on reasons rejected by some other line of decisions, the Court of Appeals should follow the case which directly controls leaving this Court the prerogative of overruling its own decisions."); Haynes v. William, 88 F.3d 898, 900 n. 4 (10th Cir. 1996); U.S. v. Spedalieri, 910 F.2d 707, 709 n. 2, 710 n. 3 (10th Cir. 1990); U.S. v. Barros, 984 F.Supp. 1257, 1266 (D.Colo. 1998) (district court "bound by [] Circuit precedent unless overruled *en banc* or superseded by a

contrary U.S. Supreme Court decision" (citations omitted)).

**D. Defendant's 2019 Policy is a reasonable, content neutral time, place and manner restriction.** A limited public forum may impose restrictions on speech that are reasonable and viewpoint neutral. Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez, 561 U.S. 661, 130 S. Ct. 2971, 2975 (2010); see also Snyder v. Phelps, 562 U.S. 443, 456 (2011) (stating that the government can place reasonable and content-neutral time, place, or manner restrictions on First Amendment speech or expression). Plaintiff concedes that "folks talking in normal decibels amongst themselves … would likely prove distracting to a library patron reading a book inside of the library," but then argues that "this same conversation on the exterior grounds of a public library distracts nobody from anything. Suggestions (ECF No. 87), p. 25. The obvious fallacy with this argument is that a person sitting outside the Library building on a bench, at a table or even on the lawn quietly reading a book could be equally distracted by such a conversation. Courts must always acknowledge and seek to balance the legitimate and important competing interests "between the constitutionally protected rights of law-abiding speakers and the interests of unwilling listeners." Hill v. Colorado, 530 US 703, 714-718 (2000).

> The recognizable privacy interest in avoiding unwanted communication varies widely in different settings. It is far less important when "strolling through Central Park" than when "in the confines of one's own home," or when persons are "powerless to avoid" it. Id., at 21-22. But even the interest in preserving tranquility in "the Sheep Meadow" portion of Central Park may at times justify official restraints on offensive musical expression. Ward, 491 U. S., at 784, 792.

Hill at 716 citing Ward v. Rock Against Racism, 491 U. S. 781, 784, 792 (1989).

Defendant's 2019 Policy, like the statute considered in Hill, is content neutral and designed to protect patrons entering and leaving the Library who want to be left alone and "pass without obstruction".

> "[W]e have continued to maintain that "no one has a right to press even `good' ideas

11

> on an unwilling recipient." Rowan, 397 U. S., at 738. None of our decisions has minimized the enduring importance of 'a right to be free' from persistent "importunity, following and dogging" after an offer to communicate has been declined. While the freedom to communicate is substantial, 'the right of every person 'to be let alone' must be placed in the scales with the right of others to communicate.' Id., at 736. It is that right, as well as the right of "passage without obstruction," that the Colorado statute legitimately seeks to protect. The restrictions imposed by the Colorado statute only apply to communications that interfere with these rights rather than those that involve willing listeners."

Hill at 718.

"[W]hen a content-neutral regulation does not entirely foreclose any means of communication, it may satisfy the tailoring requirement even though it is not the least restrictive or least intrusive means of serving the statutory goal." Hill at 726. Here, as in Hill, Defendant's 2019 Policy imposed minimal restrictions far less than those approved by the U.S. Supreme Court such as a total ban on picketing on the sidewalk outside a residence (upheld in Frisby v. Schultz, 487 U. S. 474 (1988)), or the restriction of leafletting at a fairground to a booth (upheld in Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U. S. 640 (1981)). As in Hill at 730, the restrictions in Defendant's 2019 Policy are reasonable and narrowly tailored. Accordingly, Plaintiff's Motion (ECF No. 86) must be denied.

**E.     Defendant's 2019 Policy is not subjected to strict scrutiny and summary judgment should not be entered in Plaintiff's favor even if the standard were strict scrutiny.** Plaintiff argues that the sidewalk and other outside areas of the Library constitute a public forum. Suggestions (ECF No. 87), pp. 29-37. In doing so, Plaintiff incorrectly focuses on the type or label of a structure – ie. a sidewalk – rather than the intended use. Here the area at issue in the 2019 Policy is the sidewalk directly in front of the entrance to the Library which has the purpose of permitting patrons ingress and egress into and out of the Library. As such, this area is not a public forum and has only been granted a limited public forum status by virtue of the designation of a portion of this area as such through the adoption of the 2019 Policy. Notably, although criticized

12

Case 5:19-cv-06137-BP   Document 96   Filed 11/16/20   Page 12 of 18

by Plaintiff as a plurality opinion, the U.S. Supreme Court in United States v. Kokinda, 497 U.S. 720, 728 (1990), recognized that a sidewalk in front of the entrance to a public building lacked the characteristics of a public sidewalk traditionally open to expressive activity, because it was not a thoroughfare, but a sidewalk constructed "solely to assist public patrons to negotiate the space between the parking lot and the front door of the post office, not to facilitate the daily commerce and life of the neighborhood or city." "[T]the location and purpose of a publicly owned sidewalk is critical to determining whether such a sidewalk constitutes a public forum." Id. at 728-29; see also Keister v. Bell, 879 F.3d 1282 (11th Cir. 2018) (perimeter sidewalk not a traditional public forum).

Here, a cursory examination of the area at issue illustrates that, as in Kokinda, it is constructed solely to assist patrons negotiate the space between the parking lot and the front door of the Library. Plaintiff concedes as much by recognizing that the primary purpose of a sidewalk, particularly one leading up to the front entrance of a building, is to provide a path or place for people to walk up to and away from the building's entrance. Suggestions (ECF No. 87), pp. 35-36, citing Schneider v. State, 308 U.S. at 160; Lee, 505 U.S. at 696-97 (Kennedy, J., concurring); Kokinda at 744 (Brennan, J., dissenting). More importantly,

**F.     Defendant did not violate Plaintiff's First Amendment rights by adopting the Library's 2019 Policy instead of some other hypothetical alternative.** "The First Amendment ... does not guarantee [speakers] access to every or even the best channels or locations for their expression." Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks, 195 F. Supp.3d 1065, 1079 (E.D. Mo. 2016), aff'd, 864 F.3d 905 (8th Cir. 2017) quoting Carew–Reid v. Metro. Transp. Auth., 903 F.2d 914, 919 (2nd Cir.1990). "A 'time, place, and manner restriction' on speech may be upheld if it 'serves a substantial governmental interest and do[es] not unreasonably limit

13

alternative avenues of communication.'" Rice v. Kempker, 347 F.3d 675, 680 (8th Cir. 2004) (quoting City of Renton v. Playtime Theatres. Inc., 475 U.S. 41, 47 (1986)). Nonetheless, the restriction need **not** be the least restrictive or intrusive means of accomplishing the legitimate government interest. Ward v. Rock Against Racism, 491 U.S. 781, 798 (1989); Hill at 727.

Plaintiff, herself concedes, that "[a] compelling interest of the library that Plaintiff does not dispute is ensuring the unimpeded ingress and egress of patrons." Suggestions (ECF No. 87), p. 37. See Cameron v. Johnson, 390 U.S. 611 (1968) (upholding a statute that prohibited picketing that obstructed or unreasonably interfered with ingress or egress to or from public buildings, including courthouses). The 2019 Policy serves the Library's legitimate significant interest in wanting to restrict individuals from petitioning in a manner that obstructs or reasonably interferes with ingress or egress to the Library. Moreover, as demonstrated by the fact that Plaintiff, herself, was able to successfully petition for signatures after the 2019 Policy was adopted, the 2019 Policy clearly does not unconstitutional interfere with Plaintiff's First Amendment rights.

Plaintiff believes that the only limitation which is constitutionally permissible in terms of limiting canvassing for petitions is that it must take place a reasonable distance away from the doors. Defendant's Suggestion (ECF No. 89), pp. 5-6 SOF ¶ 27. However, the law does not require Defendant to to enact a policy that is the absolute least restrictive or intrusive means of prohibiting petitioners from impeding ingress and egress to the Library. See Ward, 491 U.S. at 798. Indeed, deference in enacting an appropriate policy is given to Defendant. Hill at 727. On the record presented, Defendant's 2019 Policy meets constitutional muster and Plaintiff's Motion for Summary Judgment (ECF No. 86) should be denied.

**G. Defendant's 2019 Policy is not unconstitutionally vague.** Plaintiff argues that the 2019 Policy's use of the word "pursue" is unconstitutionally vague. Suggestions (ECF No.

87), p. 39. There is nothing particularly vague about the term "pursue" which is a common term reasonably understood to mean "to follow in an effort to overtake; chase". Webster's New Reference Library (1984), p. 339. In her deposition, Plaintiff even stated that she understood "pursue" to mean "follow". Defendant's Suggestion (ECF No. 89), p. 6 SOF ¶ 28. "The likelihood that anyone would not understand [this] common words seems quite remote." Hill at 732.

As recognized in Hill at 732-34, it takes more than a hypertechnical theory concerning what a particular word means to establish that a statute or regulation is unconstitutionally vague.

> Petitioners proffer hypertechnical theories as to what the statute covers, such as whether an outstretched arm constitutes "approaching." And while "[t]here is little doubt that imagination can conjure up hypothetical cases in which the meaning of these terms will be in nice question," American Communications Assn. v. Douds, 339 U. S. 382, 412 (1950), because we are "[c]ondemned to the use of words, we can never expect mathematical certainty from our language," Grayned v. City of Rockford, 408 U. S. 104, 110 (1972). For these reasons, we rejected similar vagueness challenges to the injunctions at issue in Schenck, 519 U. S., at 383, and Madsen, 512 U. S., at 775-776. We thus conclude that "it is clear what the ordinance as a whole prohibits." Grayned, 408 U. S., at 110. More importantly, speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid "in the vast majority of its intended applications," United States v. Raines, 362 U. S. 17, 23 (1960).

Hill at 733 (footnote omitted).

Notably, the doctrine of vagueness is a constitutional doctrine that requires criminal laws to state explicitly what conduct is punishable. The doctrine rests on the due process clauses of the Fifth and Fourteenth Amendment. See e.g. Kolender v. Lawson, 461 U.S. 352 (1983). The doctrine has been utilized in the First Amendment context where an individual can face criminal punishment for engaging in conduct that may violate a governmental restriction on speech – such as obscenity or indecency. The gist of the doctrine is that a statute or policy that prohibits certain behavior must be written in a manner that is sufficiently precise such that an individual would understand what conduct is prohibited.

The 2019 Policy states, "those engaged in … Petitioning, shall be required to stand outside

15

library buildings on SJPL property in areas designated by staff, away from entrances, and must not impede traffic or pursue patrons." Exhibit 2 to the Affidavit of Mary Beth Revels (Exhibit A) to Defendant's Suggestions in Support of Motion for Summary Judgment (ECF No. 89). The 2019 Policy states "the following locations may be used by individuals or groups who desire to engage in … Petitioning on SJPL property…An area of eight squares of concrete halfway between the statue garden and the front door. The nine squares are between the pillars. Petitioners…should not be on the sidewalk in front of the pillars or the ten squares of concrete directly in front of the entrance. Petitioners…may not impede entrance into the library. Please see picture before for clarification. The green area is the area where petitioners should stand." Id. The 2019 Policy provides a colorized color-coded image depicting the area in which petitioners may and may not stand. Id.

The 2019 Policy states, that "[i]f an individual engaged in…Petitioning…pursues patrons, he or she will be asked to follow the guidelines contained in this policy. If the guidelines are not followed, the individual will be asked to leave the premises." Id. The 2019 Policy states that "[t]his policy…shall be enforced without prejudice or arbitrary distinctions between individuals, classes of individuals, or the opinions being expressed." Id. The 2019 Policy provides that "[a]ny person wishing to appeal or otherwise question the enforcement of a restriction under this policy should be referred to the Library Director or his/her designee." Id. Plaintiff testified that she never filed a grievance or complaint or appealed to have the Library's policy on petitioning changed. Defendant's Suggestion (ECF No. 89), p. 5 SOF ¶ 21.

Thus, aside from the fact that the 2019 Policy, to include the use of the word "pursue", is simply not vague, the 2019 Policy is not criminal or penal in nature. Instead, an individual who violates the 2019 Policy would be first asked to follow the policy's guidelines and, if the individual

16

still failed to follow the guideline, the individual would be asked to leave. The 2019 Policy even provides an opportunity for any individual who wishes to appeal or otherwise question the enforcement of the restrictions set forth in the guidelines. Plaintiff never violated the 2019 Policy, never grieved or complained about the 2019 Policy and was able to successfully petition for signatures within the guidelines. Under these circumstances, Plaintiff cannot prevail on her facial challenge to the 2019 Policy as impermissibly vague in violation of the First Amendment, let alone obtain summary judgment in her favor on such a claim.

**H.** **The forum analysis is not impermissibly vague.** Plaintiff second attack on the forum analysis is to argue that such an analysis is, itself, somehow unconstitutionally vague. Suggestions (ECF No. 87), pp. 40-43. No court has recognized such an argument and this Court is required to follow U.S. Supreme Court and 8th Circuit precedent which requires a forum analysis in the context of examining any restriction on First Amendment rights.

**I.** **Plaintiff's arguments regarding the historical confines of the First Amendment do not warrant summary judgment in her favor finding Defendant's 2019 Policy to be facially invalid.** Although Plaintiff's arguments are not entirely clear, she appears to be again arguing that the adjoining private property should be treated as public property where she can exercise her First Amendment rights. Suggestions (ECF No. 87), pp. 43-45. Presumably, this argument is directed at Plaintiff's claims against other defendants as Defendant's 2019 Policy applies only to public assembly, petitioning and distribution of literature on Library property.

**VI.** **Conclusion.**

Plaintiff's Motion (ECF No. 86) should be denied. The material undisputed facts, viewed in the like most favorable to Defendant, do not satisfy Plaintiff's burden to establish both her claims or to defeat Defendant's affirmative defenses. Instead, those facts and the applicable law

establish that Defendant's 2019 Policy is constitutional and does not violate Plaintiff's First Amendment rights.

        Respectfully submitted,

        McANANY, VAN CLEAVE & PHILLIPS, P.A.
        10 E. Cambridge Circle Drive, 300
        Kansas City, Kansas 66103
        Telephone:   (913) 371-3838
        Facsimile:    (913) 371-4722
        E-mail:ggoheen@mvplaw.com


        By: /s/ Gregory P. Goheen
            Gregory P. Goheen    #58119

        Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of November, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey


        /s/ Gregory P. Goheen