**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| STACY ARNOLD, | |
| Plaintiff, | |
| v. | Case No. 5:19-CV-06137-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY and OFFICER REBECCA HAILEY, | |
| Defendants. | |

**REPLY SUGGESTIONS IN SUPPORT OF DEFENDANTS CITY OF ST. JOSEPH AND REBECCA HAILEY'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, City of St. Joseph ("the City") and Officer Rebecca Hailey ("Officer Hailey"), by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submit these Reply Suggestions in Support of the Summary Judgment Motion for all claims against the City and Officer Hailey.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 2

INTRODUCTION ...................................................................................................... 3

DEFENDANTS' RESPONSE TO PLAINTIFF'S "CONCISE LISTING OF GENUINE ISSUES OF MATERIAL FACT" ................................................................ 4

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS .............................. 7

DEFENDANTS' RESPONSE TO PLAINTIFF'S "STATEMENT OF UNCONTROVERTED FACTS" ............................................................................ 20

ARGUMENT AND AUTHORITIES ..................................................................... 24

A.  OFFICER HAILEY AND THE CITY OF ST. JOSEPH REMAIN ENTITLED TO SUMMARY JUDGMENT ON ALL COUNTS OF PLAINTIFF'S COMPLAINT AS THE FACTS REMAIN UNCONTROVERTED OFFICER HAILEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS; THEREFORE, THERE CAN BE NO CONSTITUIONAL VIOLATION, WHETHER UNDER THE FOURTH OR FIRST AMENDMENTS. .......................................... 24

B.  OFFICER HAILEY REMAINS ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM OF FABRICATION OF EVIDENCE BECAUSE THERE WAS NO FABRICATION OF EVIDENCE, NO ACTION BY OFFICER CLARY "SHOCKS THE CONSCIENCE" AS A MATTER OF LAW, AND PLAINTIFF WAS NOT CONVICTED OF ANY CRIME OR INFRACTION. ........................... 26

C.  THE COURT WILL NOT REWRITE THE CITY'S CONTENT NEUTRAL AND CONSTITUTIONAL TRESPASS ORDINANCE TO MAKE EXCEPTIONS FOR PLAINTIFF. .......................................................... 28

CONCLUSION ......................................................................................................... 29

Case 5:19-cv-06137-BP   Document 99   Filed 12/04/20   Page 2 of 30

## INTRODUCTION

Regardless of how many differing ways Plaintiff tries to nominate her claims or allegations of a "constitutional question" against the City and Officer Hailey, they boil down to two issues. First, she claims her arrest for trespass by Officer Hailey violated her constitutional rights, primarily under the First Amendment; and second, that the City's facially neutral and constitutional trespass ordinance needs to be rewritten to carve out an exception for her belief she can petition or solicit wherever she chooses, no matter who may own the property. The Court must grant summary judgment because there was no Constitutional violation as a matter of law as Officer Hailey had probable cause (actual or arguable) to arrest Plaintiff for trespass. What's more, this Honorable Court cannot rewrite municipal ordinances to simply suit Plaintiff's (or her employer's) wishes.

Nothing in Plaintiff's opposition should dissuade the Court from the only correct result. That is, summary judgment is appropriate for the City of St. Joseph and Officer Rebecca Hailey on all of Plaintiff's allegations. There is no question Plaintiff is an experienced canvasser. She is just wrong on the law and the material facts. There is no question she is committed to the causes she believes in and those she is paid to pursue. However, based on the uncontroverted material facts, summary judgment is warranted for Officer Hailey and the City. The case against these Defendants must be decided at the time the arrest for trespass was made. Probable cause is not a high bar. Arguable probable cause is not a high bar. A mini-trial was not required in the parking lot of the East Hills Mall. The victim in this case, the East Hills Mall and its security officers (particularly Roger Clary) are to be believed and can be relied upon by Officer Hailey as a matter of law. Facts developed weeks later after the arrest do not affect the righteousness of the trespass arrest. Most importantly, probable cause, even arguable probable cause, obviates any

3

consideration of an alleged first amendment violation. However, there was no such violation. What's more, there is no evidence of fabrication of any evidence other than Plaintiffs' pointing out typographical and/or negligent errors in the police report. Plaintiff's arrest was for trespass on private property, not to silence her First Amendment concerns.

Finally, officer Hailey's undisputed stellar record obviates any claim against the City of St. Joseph. The uncontroverted facts and the law demand summary judgment be entered for the City of St. Joseph and Officer Hailey.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S "CONCISE LISTING OF GENUINE ISSUES OF MATERIAL FACT"[1]

1.      Whether or not Plaintiff disobeyed Defendant Hailey.

**RESPONSE:**

**This statement is immaterial to Defendants' entitlement to summary judgment. The uncontroverted facts establish Plaintiff trespassed on private property and there was probable cause (actual or arguable) for the arrest. Whether Plaintiff "disobeyed" Officer Hailey is beside the point. She had already trespassed on private property.**

2.      Whether or not Defendant Hailey asked Plaintiff to leave the Library.

**RESPONSE:**

**This statement is immaterial to Defendants' entitlement to summary judgment. The uncontroverted facts establish Plaintiff trespassed on private property and there was probable cause (actual or arguable) for the arrest. Whether Plaintiff "disobeyed" Officer Hailey is beside the point. She had already trespassed on private property and refused requests to leave.**

3.      Whether or not Defendant Hailey wrote lies on Plaintiff's police report.

**RESPONSE:**

**Objection. Plaintiff's statement is pure argument and certainly not based on any facts. Typographical errors or simple mistakes as to who in fact may have called the police or recording impressions of the facts which Plaintiff disagrees are not lies. This**

---

[1] These are not proper statements of fact in support or in rebuttal to summary judgment. They contain no citation to the record as required by Local Rule 56.1. They are simply argumentative statements and do not create any issues of material fact which affect the City of St. Joseph's and Officer Hailey's entitlement to summary judgment in this case.

4

statement also is immaterial to the City's and Officer Hailey's entitlement to summary judgment. The uncontroverted facts establish there was probable cause (actual or arguable) for the arrest of Plaintiff for trespass on private property.

4.      Whether or not Roger Clary is a credible witness.

**RESPONSE:**

Plaintiff's statement is not really an issue of fact but one of argument. The only evidence in the record before the Court is the sworn factual statements of Roger Clary. The fact that Plaintiff argues he is not credible is irrelevant. The same argument could be made that the *pro se* Plaintiff's credibility but was not. The facts do not change. Plaintiff's statement is immaterial to the City's or Officer Clary's entitlement to summary judgment. As established in the instant motion for summary judgment, Officer Hailey was not required to believe Plaintiff's pleas of innocence and can rely upon the reports of trespass on private property by the victim, in this case mall security Roger Clary. *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 - 818 (8th Cir. (Mo.) 2010). Summary judgment remains appropriate.

5.      Whether or not Plaintiff was petitioning primarily on the sidewalk.

**RESPONSE:**

This statement is immaterial to the City's or Officer Hailey's entitlement to summary judgment. The statement is also vague as to "primarily on the sidewalk." As established in the instant motion for summary judgment, Plaintiff trespassed on private mall property, i.e., the parking lot, before Officer Hailey was summoned by Mall Security.

6.      Whether or not Defendant Hailey's animus was retaliatory in arresting Plaintiff.

**RESPONSE:**

There is no factual evidence of "animus" on the part of Officer Hailey other than Plaintiff's convenient argument. In addition, as probable cause for the arrest for trespass has been established by uncontroverted fact, there is no implication of the First Amendment or retaliation. Finally, plaintiff argument of "animus" or Officer Hailey's subjective motivations are irrelevant as a matter of law. *Kingsley v. Lawrence Cty., Missouri*, 964 F.3d 690, 699 (8th Cir. 2020). The City and Officer Hailey remain entitled to summary judgment.

7.      Whether or not Defendant Hailey's animus was retaliatory in fabricating evidence.

**RESPONSE:**

**Again, there is no evidence of "fabricating evidence" other than Plaintiff's pointing out typographical errors and variances in the report. Nothing alleged changes the probable cause analysis and the appropriateness of this arrest for trespass. Again, plaintiff argument of "animus" or Officer Hailey's subjective motivations are irrelevant as a matter of law.** *Kingsley v. Lawrence Cty., Missouri*, **964 F.3d 690, 699 (8th Cir. 2020). The City and Officer Hailey remain entitled to summary judgment.**

8.    Whether the totality of the circumstances demonstrates that a prudent person would

believe that Plaintiff had committed or was committing a crime.

**RESPONSE:**

**Objection. Plaintiff attempts to misstate the standard of probable cause. Again, Officer Hailey is entitled to rely upon the complaints of the victim, is not required to conduct a mini-trial in the parking lot of the mall and is not required to accept Plaintiff's pleas of innocence.**

9.    Whether, given the totality of the circumstances, there was evidence that tended to

negate  the possibility that Plaintiff had committed a crime.

**RESPONSE:**

**Objection. Plaintiff attempts to misstate the standard of probable cause. Again, Officer Hailey is entitled to rely upon the complaints of the victim, is not required to conduct a mini-trial in the parking lot of the mall and is not required to accept Plaintiff's pleas of innocence.**

10.    Whether a minimal further investigation would have exonerated Plaintiff from her

alleged "crime."

**RESPONSE:**

**Again, Plaintiff's statement is nothing but vague argument. All of Plaintiff's investigation weeks after the arrest, presumably the "minimal further investigation" argued, is anything but. It took Plaintiff weeks of compiling deeds and drawings and rules and regulations to formulate her argument in this case. As established in the instant motion for summary judgment at the time of the arrest there was probable cause for the trespass. A mete and bounds survey of the property or acquisition of schematic drawings of the boundaries was not required. This was certainly not required by Officer Hailey as she investigated the unquestionable complaint of trespass by the East Hills Mall security officers Roger Haley and Zachery Langford.**

6

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS[2]

1.    The East Hills Mall (the "Mall") maintains a Code of Conduct that prohibits any form of soliciting without prior written permission of mall management.

Plaintiff's response: Admitted.


2.    On January 30, 2018 the East Hill Library, a branch within the St. Joseph Public Library, had established guidelines for petitioning on Library District Property that permitted petitioners to stand outside library buildings on Library District property in areas designated by staff but prohibited petitioners from pursing patrons.

Plaintiff's response: Admitted. Adding that the areas designated by staff were then unspecified.


3.    Around 12:00 p.m. on January 30, 2018, Plaintiff was "on-the-clock" canvassing for her employer, [redacted], seeking signatures on a petition registered with the state of Missouri to raise the minimum wage. Plaintiff's pay was based on the number of signatures gathered, the more she turned in, the more she made.

Plaintiff's response: Controverted slightly. Plaintiff admits that she was on the clock around 12:00 p.m. on January 30, 2018, and that she was seeking signatures on a petition registered with the state of Missouri to raise the minimum wage. Plaintiff further admits that the name of the employer listed by Defendants resembles her employer at the time of the incident on January 30, 2018. Plaintiff also notes that said employer's name is one word, not two, and that the "W" is capitalized. Plaintiff admits that, to the best of her

---

[2] Defendants will not reply to Plaintiff's admissions of their uncontroverted facts and will only provide a response where Plaintiff either responds or her admission is tempered.

recollection, pay for this particular project had different tiers based on the number of signatures collected. However, the number of tiers was finite (three or four). Collecting significantly more signatures than the top tier did not result in additional compensation. *See Plaintiff Deposition, pp. 163, 3 – 23,* ***attached hereto as Exhibit A.***

**REPLY:**

**Plaintiff's attempt to "slightly" controvert this uncontroverted fact is not really contravention at all but a correction of grammatical errors. The material fact itself remains uncontroverted.**

4.    Sara Whitten, a Senior Library Assistant for the Library, was working at the front desk the Library on January 30, 2018.

Plaintiff's response: Admitted.

5.    Ms. Whitten received multiple complaints from library patrons being "accosted" by Ms. Arnold as they were getting into or out of their vehicles in the parking lot.

Plaintiff's response: Plaintiff admits the declaration says what it says, but controverts the contents and impressions therein. Plaintiff did not accost anyone, as they were getting into or out of their vehicles or otherwise. *See First Declaration of Stacy Arnold, a copy of which is attached hereto as* ***Exhibit B***.

**REPLY:**

**Plaintiff does not controvert the sworn statement of Ms. Whitten. Plaintiff's attempt to parse words does not change the sworn statement. The fact remains uncontroverted.**

6.    Maryann Knorr, currently a Technical Services Specialist for the Library, was also working at the front desk of the Library as a Senior Library Assistant on January 30, 2018.

Plaintiff's response: Admitted.

7.     Ms. Knorr also received multiple complaints from library patrons being solicited by Ms. Arnold as they were getting out of their vehicles. The patrons reported that Ms. Arnold would approach their vehicles and follow them after they exited their vehicle in the parking lot.

Plaintiff's response: Controverted. Plaintiff asked the Library for the content of any complaints in an interrogatory. There were simply no reports of complaints of Plaintiff following patrons in the parking lot after they exited their vehicles or following patrons in general. *See Defendant St. Joseph Public Library's Responses to Plaintiff's Interrogatories at Interrog. No. 6, **attached hereto as Exhibit C.** Moreover, should "in the parking lot" refer to the location where Plaintiff allegedly followed people, Plaintiff notes that she would have had to have either walked past them to situate herself behind them or forgone smiling and waving to walk around their vehicle in order to strategically situate herself behind a patron's car – Plaintiff did neither of these things and they are not good petitioning strategies. Plaintiff further controverts the content of the declaration and/or complaints in question. *See First Declaration of Stacy Arnold, **attached hereto as Exhibit B** for a description of how she was petitioning.*

**REPLY:**

**Objection. Plaintiff's attempt to argue the sworn testimony of Ms. Knorr does not controvert the actual fact stated. The bottom line remains, patrons of the library reported to Ms. Knorr that they were being solicited in the parking lot by Plaintiff. Based on the report of mall security to St. Joseph Police Department and Officer Hailey, that is probable cause for trespass. The material fact itself remains uncontroverted. Plaintiff's argument does nothing to affect the City's or Officer Hailey's entitlement to summary judgment.**

8.     Maryann Knorr, after receiving several complaints, called Mall Security regarding the Plaintiff to have Mall security handle and assess the situation. Mall Security informed Ms.

Knorr that the Mall does not allow solicitors on its property, including individuals gathering signatures for any petition.

Plaintiff's response: Controverted. When mall security arrived, Roger Clary told Plaintiff that *a librarian* had called to complain about Plaintiff's petitioning, which does not seem entirely consistent with having "Mall security handle and assess the situation." *See Second Declaration of Stacy Arnold, **attached hereto as Exhibit D.*** Nor is letting mall security handle and assess the situation consistent with the *Mall Security Incident Report, **attached hereto as Exhibit E,*** which was written by Roger Clary and states that "R/O [perhaps R/C] went back inside the Library and Maryann again said they did not approve her to be doing the soliticing [sic]." Plaintiff admits that Ms. Knorr's declaration says what it says. However, due to the aforementioned inconsistencies,

Plaintiff is unable to admit this paragraph.

**REPLY:**

**Objection. Again, Plaintiff's "response" is nothing more than argument. Because Plaintiff cannot admit or controvert the fact as sworn by Ms. Knorr, does not mean the fact is controverted. The material fact itself remains uncontroverted. Nothing in Plaintiff's response affects the City's or Officer Hailey's entitlement to summary judgment in this case.**

9.      Mall Security Officers Roger Clary and Zachary Langford arrived near the Library to address the Library's concerns related to the Plaintiff. When Mall security officers Clary and Langford arrived, Ms. Arnold was soliciting persons on Mall property in the parking lot.

Plaintiff's response: Controverted. This is simply not true. When mall security arrived, Plaintiff was not selling anything. She was also not actively petitioning, as there was no foot traffic at that time. Plaintiff watched mall security drive up as she was standing all by herself, on the sidewalk, to the left of the statue (when facing the mall). This area of the

sidewalk, while part of the easement, is not on library property. *See Second Declaration of Stacy Arnold,* **attached hereto as Exhibit D.**

**REPLY:**

**Objection. Plaintiff does not controvert the sworn testimony of Roger Clary of Plaintiff being found in the parking lot when he arrived. Plaintiff's argument does not affect the probable cause analysis and the right of Officer Hailey to rely on the report of the victim, *i.e.,* mall security Roger Clary, to establish probable cause for the arrest for trespass on private property. The material fact itself remains uncontroverted. Plaintiff's response simply does not affect the City's or Officer Hailey's entitlement to summary judgment.**

10.     Mall Security Officers Clary and Langford approached Ms. Arnold and asked her to leave the property, as soliciting on Mall property without permission was not allowed.

Plaintiff's response: Controverted. The property that the then-nameless security guard (Roger Clary) asked Plaintiff to leave was not "the property" but "the library," as, according to Clary, a librarian had called to complain about Plaintiff's petitioning, the mall owned the entire library, and no one had ever been allowed to petition there. *See Second Declaration of Stacy Arnold,* **attached hereto as Exhibit D.** *See also Roger Clary's Responses to Plaintiff's Interrogatories at Interrog. 6 & 7,* **attached hereto as Exhibit F.**

**REPLY:**

**Plaintiff's "response" does not controvert the fact stated. Plaintiff's argument does not controvert the fact stated. The material fact itself remains uncontroverted. That Plaintiff simply disagrees does not affect the City's or Officer Hailey's entitlement to summary judgment in this matter.**

11.     Prior to the January 30, 2018 incident, Plaintiff did not obtain deeds or drawings showing property boundaries of the Library and Mall property.

Plaintiff's response: Admitted.

12.     On January 30, 2018, Plaintiff did not know the ownership and boundaries of the Mall  and Library property.

Plaintiff's response: Admitted.

13.     On January 30, 2018, Plaintiff was informed by Mr. Clary that she was on property owned by the Mall.

Plaintiff's response: Plaintiff admits that Mr. Clary told her that she was on property that was owned by the mall. However, she was misinformed rather than informed, as Mr. Clary told her that the mall owned the entire Library grounds and that no one had ever been allowed to petition there. *See Second Declaration of Stacy Arnold**, attached hereto as Exhibit D.** See also Roger Clary's Responses to Plaintiff's Interrogatories at Interrog 6 & 7**, attached hereto as Exhibit F.*

**REPLY:**

**Again, Plaintiff's "response" does not controvert the fact established by the record. Plaintiff's beliefs stated in her second declaration are simply not fact and Plaintiff's argument does not controvert the sworn testimony of Mr. Clary. *See Kaminsky v. Saint Louis Univ. Sch. of Med.*, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at \*12 (E.D. Mo. Aug. 16, 2006) *aff'd*, 226 F. App'x 646 (8th Cir. 2007).  The material fact itself remains uncontroverted. Plaintiff's argument does not affect the City's or Officer Hailey's entitlement to summary judgment.**

14.     On January 30, 2018, Plaintiff had no knowledge of the Library's guidelines for petitioning; Plaintiff believed she had the right to petition anywhere as long as she was not blocking the entrance to the library; Plaintiff believed and believes she should be able to pursue or follow patrons on the external grounds around the Library, *regardless of title,* and require them to tell her they are not interested in her solicitation.

<u>Plaintiff's response</u>: Controverted in part. Plaintiff admits that, prior to her arrest on January 30, 2018, Plaintiff had no knowledge of the Library's guidelines for petitioning. Plaintiff did and does believe that she had a right to petition anywhere on the external library grounds, but not the right to block the doors or stand close enough to them to impede the ingress or egress of patrons. Plaintiff also does not believe that she has a right to block the ingress or egress of folks from their automobiles, and she did not do this. Plaintiff *absolutely* believes that she has a right to actively approach people, on the external grounds of a public library, *regardless of title.* While Plaintiff does not believe that she has a right to continue to engage, walk with, or follow people who have indicated they are not interested, she *does* believe that she has a right to approach people, engage them, and walk with them, as distinguished from requiring people to approach her. *See Third Declaration of Stacy Arnold,* **attached hereto as Exhibit G.**

**REPLY:**

**Objection. Plaintiff's attempt to controvert this fact fails. Plaintiff, in fact, admits the fact stated. The material fact itself remains uncontroverted. Plaintiff's "absolute" beliefs stated in her third declaration are simply not fact and are immaterial to the City's and Officer Hailey's entitlement to summary judgment.** ***See Kaminsky v. Saint Louis Univ. Sch. of Med.*, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at \*12 (E.D. Mo. Aug. 16, 2006) *aff'd*, 226 F. App'x 646 (8th Cir. 2007).**

15.     Plaintiff refused to leave, arguing with the Mall Security Officers and stating she would  not leave. Plaintiff instructed Mall Security Officer Roger Clary to call the police to decide if she had a right to petition at that location before she would leave.

<u>Plaintiff's response</u>: Controverted slightly. Plaintiff told the then-nameless security guard that she had a right to be at the Library petitioning, and if he disagreed with her that he would need to call the police. Plaintiff attempted to explain to the then-nameless security

guard that she had a right to be at the Library petitioning, but this discussion was not fruitful. At the same time, Plaintiff told Roger Clary more than once that if the police agreed with him that she would leave, including one particular instance after he became extremely irritated. Plaintiff also requested the then-nameless security guard's—Roger Clary's— name and he did not provide that information. *See Fourth Declaration of Stacy Arnold,* ***attached hereto as Exhibit G.***

**REPLY:**

**Objection. Plaintiff's attempt to "slightly" controvert the stated sworn fact by Mr. Clary fails. The material fact itself remains uncontroverted. Simply put, Plaintiff's beliefs as stated in her fourth declaration are neither material facts nor do they affect the City's or Officer Hailey's entitlement to summary judgment. *See Kaminsky v. Saint Louis Univ. Sch. of Med.*, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at \*12 (E.D. Mo. Aug. 16, 2006) *aff'd*, 226 F. App'x 646 (8th Cir. 2007).**

16.     Mall Security Officer Clary called the St. Joseph Police Department regarding the Plaintiff, seeking Police assistance with the situation.

<u>Plaintiff's response</u>: Admitted. A call was also placed on Plaintiff's behalf seeking assistance with the same situation. *See Call for Service Report,* ***attached hereto as Exhibit I.***

17.     Police Dispatch advised officers that a white female was asked to leave the mall property  for soliciting and refused to leave.

<u>Plaintiff's response</u>: Plaintiff admits that is a reasonable inference to be made from the call for service report but controverts for completeness and failure to represent the totality of the circumstances known to the responding officers at that time.  The description section of the call for service report also reads the following: "…also received a call from […]

with […] and he advised that she is there with a petition that she wants people to sign and she thinks it is public property – his call back number is […]." *See Call for Service Report,* ***attached hereto as Exhibit I.***

**REPLY:**

**Plaintiff's response does nothing to controvert the facts stated. Therefore, it remains uncontroverted. Plaintiff's response does not affect the City's or Officer Hailey's entitlement to summary judgment.**

18.     Two St. Joseph police officers responded to the call and arrived on the scene, including Officer Hailey.

Plaintiff's response: Admitted.

19.     When Officer Hailey arrived at the scene and observed Plaintiff, Plaintiff was located on Mall property.

Plaintiff's response: Controverted. Defendant Hailey is simply not telling the truth; she alleges that Plaintiff was in the parking lot of the East Hills Mall when she, Defendant Hailey arrived. But Plaintiff was on the sidewalk, not petitioning, talking on her phone, and out of earshot of the mall security guards. For the record, the portion of the sidewalk that Plaintiff remembers standing on is part of the designated area from the 2018 & 2019 Library policies. But Plaintiff was certainly unaware of the "significance" of this distinction between different portions of the physically indistinguishable sidewalk when Officer Hailey arrived. *See Fifth Declaration of Stacy Arnold,* ***attached hereto as Exhibit J.*** Plaintiff also notes that she sent two Sunshine requests to the Saint Joseph PD as well as an RPD to the City of St. Joseph requesting dash cam footage. No footage was received.

**REPLY:**

**Plaintiff's attempt to controvert this fact is pure argument. Plaintiff, in her attempt to controvert this fact, testifies in her fifth declaration that she was unaware of the property lines or where she was standing, whether it be on the sidewalk or the parking lot. In addition, Plaintiff admits she cannot even say for sure she was in the parking lot or on the sidewalk when she was arrested.** *See Suggestions in Support of Defendant City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment. (Doc. 85), at p. 11, Statement of Uncontroverted Fact no. 23, footnote 3.* **Plaintiff's argument does not controvert the fact stated nor affect the City's and Officer Hailey's entitlement to summary judgment.**

20.     Defendant Officer Hailey informed Plaintiff that she was trespassing based on the complaint of the Library and Mall Security Officers Clary and Langford.

<u>Plaintiff's response</u>: Plaintiff admits that Defendant Hailey said something similar to that. This is the context:  Defendant Hailey commanded Plaintiff to get off the phone and plaintiff got off the phone. Then she asked Plaintiff what she was doing on private property. Before Plaintiff could answer, Defendant Hailey requested Plaintiff's ID. And Plaintiff walked forward to give Officer Hailey her ID, without argument and without question. Defendant Hailey then told Plaintiff something to the effect she was not allowed to petition there, and asked Plaintiff if she was aware of that. Plaintiff disagreed, began filming and said she was aware that the area was a public forum.  Defendant Hailey did not agree. Plaintiff, not wanting to argue with the officer further, told Defendant Hailey that if she wanted Plaintiff to leave that she would leave, requested her badge number, and told her that she would not disobey an order. "They ask you to leave and you don't, you're trespassing," argued Defendant Hailey. Plaintiff again requested Defendant Hailey's badge number, with the intent of obtaining the information and leaving on her on accord (premising that Defendant Hailey told her she was free to do so), **just as she had previously indicated to Roger Clary that she would do.** *See Fourth Declaration of Stacy Arnold,* **attached hereto as Exhibit G.** *See also Plaintiff's recording of the incident,*

*attached hereto as Exhibit K*; *Defendants admission of the recording is* ***attached hereto as Exhibit L.***

**REPLY:**

**Plaintiff admits this uncontroverted fact. Plaintiff's attempt to then add "context" does not controvert the fact nor does it affect the City's and Officer Hailey's entitlement to summary judgment.**

21.      Plaintiff, again, refused to leave.

<u>Plaintiff's response:</u> Controverted. Plaintiff specifically told Defendant Hailey that if Defendant Hailey wanted her to leave, that she, Plaintiff, would get her badge number and leave, and that she would not disobey an order. *See Fourth Declaration of Stacy Arnold,* ***attached hereto as Exhibit G.*** *See also Plaintiff's recording of the incident,* ***attached hereto as Exhibit K***; *Defendant Hailey's admission of the recording is* ***attached hereto as Exhibit L.*** At no point did Defendant Hailey ask Plaintiff to leave. The questions that Defendant Hailey directed towards Plaintiff seemed were aimed at getting Plaintiff to agree with the idea that she wasn't allowed to petition in front of the Library. And Plaintiff absolutely did not refuse to leave, and did *not* disobey any order. Moreover, Plaintiff had no indication that she was free to leave, as she was interacting with an officer who appeared upset with her. Neither does Plaintiff recall Defendant Hailey returning her ID. *See Fourth Declaration of Stacy Arnold,* ***attached hereto as Exhibit G..*** Plaintiff's video, during which she was handcuffed, appears to have been named by Plaintiff's phone according to its timestamp: VID_2018_0130_122513939.mp4. The call for service report contains a number that is very similar to Plaintiff's ID number—one digit is missing—at 12:28:20. *See Call for Service Report,* ***attached hereto as Exhibit I.***

**REPLY:**

**Objection. Simply put, Plaintiff's response is nothing but argument and does nothing to controvert the fact stated. Plaintiff's argument is also belied by the simple fact that Plaintiff did not leave when requested, resulting in the arrest for trespass. Plaintiff's beliefs as stated in her fourth declaration are not material facts in response to summary judgment. Plaintiff's argument also does not affect the City's or Officer Hailey's entitlement to summary judgment in this case.** *See Kaminsky v. Saint Louis Univ. Sch. of Med.***, No. 4:05 CV 1112 CDP, 2006 WL 2376232, at \*12 (E.D. Mo. Aug. 16, 2006)** *aff'd***, 226 F. App'x 646 (8th Cir. 2007).**

22.     When Officer Hailey asked Mall Security Officer Clary if the Mall wanted to prosecute Plaintiff for trespassing, Clary indicated that the Mall would.

<u>Plaintiff's response:</u>  Plaintiff admits that Roger Clary, not Zachary Langford as indicated on her police report, indicated that he wanted to prosecute for trespassing. Controverted otherwise only in the sense that the mall was not specified. *See Plaintiff's recording of the incident,* ***attached hereto as Exhibit K.***

**REPLY:**

**Objection.  Plaintiff's response, again, does nothing to controvert the fact stated. Therefore, it is uncontroverted.  Plaintiff's vague argument does not affect the City's or Officer Hailey's entitlement to summary judgment in this case.**

23.     Plaintiff was arrested while standing in the area owned by the Mall.

<u>Plaintiff's response</u>: Admitted. Plaintiff was arrested on the sidewalk that is part of the easement, left of the statue when facing the mall, right of the statue when facing the Library.  *See Fifth Declaration of Stacy Arnold,* ***attached hereto as Exhibit J.*** A footnote here also alleges that "Plaintiff cannot even say for sure whether she was in the parking lot or on the sidewalk when she was arrested." This Plaintiff never indicated. The reference to which opposing counsel is pointing out refers to where Plaintiff was gathering signatures in general. *See Arnold Depo at pp. 179, 4- 17,* ***attached hereto as Exhibit A.***   Moreover, there is a video which clearly establishes that Plaintiff was arrested on the sidewalk. *See*

*Plaintiff's recording of the incident, **attached hereto as Exhibit K** and Defendant Hailey's admission of the recording is **attached hereto as Exhibit L.***

**REPLY:**

**Despite Plaintiff's attempt to insert argument here, the bottom line remains this uncontroverted fact is admitted by Plaintiff.**

24.     Excessive force was not used during the arrest.

Plaintiff's response: Admitted.

25.     Plaintiff was transported to the police station and issued a City Summons for violation of St. Joseph City Ordinance 20-51(B) Trespass – Public Place.

Plaintiff's response: Admitted.

26.     Officer Rebecca Hailey has never been the subject of any complaint, discipline, claim or lawsuit regarding the performance of her duties in effecting an arrest or investigation of a citizen complaint other than Plaintiff's allegations herein.

Plaintiff's response: Admitted.

**REPLY:**

**This fact remains uncontroverted.  As established in the instant Motion for Summary Judgment this fact alone establishes the claims against the City of St. Joseph, Missouri must be dismissed.  There is simply no *respondeat superior* liability or a claim for failure to train without some prior notice to the City, regardless of the fact there was no violation of Plaintiff's constitutional rights in the first place.  *See Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201, 1216 (8th Cir. 2013).**

# DEFENDANTS' RESPONSE TO PLAINTIFF'S "STATEMENT OF UNCONTROVERTED FACTS"

1.       On January 30, 2018, Plaintiff was circulating a petition in front of the East Hills Library. *See Call for Service Report,* ***attached hereto as Exhibit I.***

**RESPONSE:**

**Uncontroverted.** ***See Suggestions in Support of Defendants City of St. Joseph and Rebecca Hailey's Motion for Summary Judgment, Statement of Uncontroverted Material Facts (Doc. 85), pp. 6-11 (hereinafter "Defendants' SUF") at nos. 5, 7, 8, 9, 10, 13, 15, 17, 19, 20 and 23.***

2.       Roger Clary told Plaintiff that a librarian had called to complain about Plaintiff's petitioning, that the mall owned the entire Library and that no one had ever been allowed to petition there. *See Roger Clary's Answers to Plaintiff's Interrogatories at Interrog. 6 & 7,* ***attached hereto as Exhibit F.***

**RESPONSE:**

**Uncontroverted. See Defendants' SUF nos. 5, 7, 8, 10, 13 and 20.**

3.       Following the request of Plaintiff, Roger Clary called the police. *See Call for Service Report,* ***attached hereto as Exhibit I.***

**RESPONSE:**

**Uncontroverted. See Defendants' SUF nos. 15, 16, 20, 21, 22 and 23.**

4.       Plaintiff told Roger Clary that if the police agreed with him that she would leave. She told him this more than once. *See Fourth Declaration of Stacy Arnold,* ***attached hereto as Exhibit H.***

**RESPONSE:**

**Objection. Plaintiff's "statement" is hearsay and not proper support for summary judgment. In addition, Plaintiff's beliefs and convenient argument are also not**

material facts supporting summary judgment. However, Plaintiff's statement does not materially affect Defendants' entitlement to summary judgment. In addition, it is belied by Plaintiff's own actions. Plaintiff simply did not leave because she believed she did not have to.

5.      Plaintiff asked Roger Clary for his name but did not provide that information. *See Second Declaration of Stacy Arnold, **attached hereto as Exhibit D.** See also a video take by Plaintiff of Roger Clary refusing to tell her his name, **attached hereto as Exhibit M.***

**RESPONSE:**

**Plaintiff's statement is based on hearsay which is not sufficient support for summary judgment. However, this statement is immaterial to Defendants' entitlement to summary judgment. Plaintiff's statement does not affect the probable cause analysis or whether her arrest for trespass on private property was based on probable cause and the report of the victim, e.g., mall security Roger Clary.**

6.      Plaintiff found out Roger Clary's name through a Sunshine request. *See Second Declaration of Stacy Arnold, **attached hereto as Exhibit D.***

**RESPONSE:**

**Plaintiff's statement is based on hearsay which is not sufficient support for summary judgment. However, this statement is immaterial to Defendants' entitlement to summary judgment. Plaintiff's statement does not affect the probable cause analysis or whether her arrest for trespass on private property was based on probable cause and the report of the victim, e.g., mall security Roger Clary.**

7.      When Officer Hailey arrived, Plaintiff was talking on the phone. She asked Plaintiff to get off the phone and Plaintiff got off the phone. She also asked Plaintiff for her ID, and Plaintiff gave Defendant Hailey her ID. *See Fourth and Fifth Declarations of Stacy Arnold, **attached hereto as Exhibits G and I.***

**RESPONSE:**

**Plaintiff's statement is based on hearsay which is not sufficient support for summary judgment. However, this statement is immaterial to Defendants' entitlement to**

summary judgment. Plaintiff's statement does not affect the probable cause analysis or whether her arrest for trespass on private property was based on probable cause and the report of the victim, *e.g.*, mall security Roger Clary.

8.      At *no* point did Defendant Hailey ask Plaintiff to leave the Library. *See Fourth Declaration of Stacy Arnold, **attached hereto as Exhibit H.***

**RESPONSE:**

**Controverted. Plaintiff was requested at least twice by mall security, Roger Clary, to leave. *See* Defendants' SUF nos. 15, 20, 21, and 22. In addition, Plaintiff's declarations are convenient hearsay and not appropriate support for summary judgment. Nonetheless, Plaintiff's statement is immaterial to Defendants' entitlement to summary judgment.**

9.      At *no* point did Defendant Hailey indicate to Plaintiff that she was free to leave. *See Fourth of Stacy Arnold, **attached hereto as Exhibit H.***

**RESPONSE:**

**This statement is immaterial to Defendants' entitlement to summary judgment. It is uncontroverted mall security requested Plaintiff be arrested and she was. See Defendants' SUF nos. 22 and 23.**

10.     Plaintiff told Defendant Hailey that if she wanted her to leave that she would leave and that she would not disobey an order. *See Plaintiff's recording of the incident, **attached hereto as Exhibit K** and Defendant Hailey's admission of the recording is **attached hereto as Exhibit L.***

**RESPONSE:**

**Plaintiff's statement is based on hearsay which is not sufficient support for summary judgment. However, this statement is immaterial to Defendants' entitlement to summary judgment. Plaintiff's statement does not affect the probable cause analysis or whether her arrest for trespass on private property was based on probable cause and the report of the victim, e.g., mall security Roger Clary. Further, Plaintiff's statement is immaterial to Defendants' entitlement to summary judgment. The trespass on private property for which Plaintiff was arrested had already occurred.**

11.     Plaintiff requested Defendant Hailey's badge number twice, and Defendant Hailey did not tell Plaintiff her badge number. *See Plaintiff's recording of the incident, **attached hereto as Exhibit K** and Defendant Hailey's admission of the recording is **attached hereto as Exhibit L.***

**RESPONSE:**

**Plaintiff's statement is immaterial to Defendants' entitlement to summary judgment. It is also uncontroverted that Officer Hailey was in full uniform, wearing her badge and Plaintiff admits that badge number was recorded on the citation she received. *See* Plaintiff's Exhibit G, fourth declaration of Stacy Arnold (Doc. 94-8), p. 2 at ¶ 17.**

12.     After Plaintiff's second request for Defendant Hailey's badge number, Defendant Hailey, said "Ok. We'll do this the easy way." Then she looked *directly* at Roger Clary and asked if he wanted to prosecute for trespassing. Clary said "yeah." Defendant Hailey said "perfect." Hailey then proceeded to put Plaintiff in pink handcuffs. *See Plaintiff's recording of the incident, **attached hereto as Exhibit K** and Defendant Hailey's admission of the recording, **attached hereto as Exhibit L.** See also Fourth Declaration of Stacy Arnold, **attached hereto as Exhibit H.***

**RESPONSE:**

**It is uncontroverted Officer Hailey asked if the mall would like to prosecute Plaintiff for trespassing and mall security officer Roger Clary indicated the mall would. *See* Defendants SUF nos. 22 and 23.**

13.     Plaintiff's police report indicates that Zachary Langford was the one who indicated that he wanted to press charges for trespassing and the one who called the police. *See Plaintiff's police report, **copies of which are attached hereto as Exhibit N.***

**RESPONSE:**

**This is uncontroverted but the identity of one of the two mall security officers present at the scene of the arrest is immaterial to Defendants' entitlement to summary judgment in this case. Plaintiff's statement does not controvert the sworn testimony of Officer Hailey or mall security officer Roger Clary.**

14.     The actual person who indicated that he wanted to press charges for trespassing and the one who called the police was Roger Clary, who did not tell Plaintiff his name. *See Defendants City of St. Joseph and Rebeca Hailey's motion for summary judgment at SOF 16 and 22, **attached hereto as Exhibit O**. See also Fourth Declaration of Stacy Arnold, **attached hereto as Exhibit H.***

**RESPONSE:**

**It is uncontroverted that mall security officer Roger Clary indicated to Officer Hailey that the mall wanted to press charges for trespassing.  See Defendants' SUF 22.**

## ARGUMENT AND AUTHORITIES

**A.      OFFICER HAILEY AND THE CITY OF ST. JOSEPH REMAIN ENTITLED TO SUMMARY JUDGMENT ON ALL COUNTS OF PLAINTIFF'S COMPLAINT AS THE FACTS REMAIN UNCONTROVERTED OFFICER HAILEY HAD PROBABLE CAUSE TO ARREST PLAINTIFF FOR TRESPASS; THEREFORE, THERE CAN BE NO CONSTITUIONAL VIOLATION, WHETHER UNDER THE FOURTH OR FIRST AMENDMENTS.**

It is not amiss to recast the Constitutional standards for the appropriateness of Officer Hailey's arrest of Ms. Arnold for Trespass on private property.   The Eighth Circuit's recent decision in *Kingsley v. Lawrence Cty., Missouri*, 964 F.3d 690 (8th Cir. 2020) reaffirms:

> A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there is at least 'arguable probable cause. Probable cause to make a warrantless arrest exists when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense. Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable.

*Id.* at 697–98 (citations and internal punctuation omitted).

Again, *pro se* plaintiff's research weeks later and arguments about the precise boundaries of East Hills Mall's and the Library's properties are of no import here.  This is not only legally but factually true, especially when plaintiff admits at the time of her arrest and interaction with Officer

Hailey and (former defendant) private Security Officer Roger Clary, she did not know the property boundaries or precisely where she was located (coupled with the legally wrong belief she can conduct her activities anywhere, regardless of tittle). "Probable cause is determined at the moment the arrest was made, and any later developed facts are irrelevant to the probable cause analysis for an arrest." *Kingsley*, 964 F.3d at 699 (citations and internal punctuation omitted).

"The law does not require law enforcement officers to conduct a perfect investigation to avoid suit for false arrest, and the officer[ has] no duty to conduct further investigation once they ha[ve arguable] probable cause to arrest." *Kingsley*, 964 F.3d at 700 (citation and punctuation omitted). It bears repeating, Officer Hailey was entitled to rely on the veracity of Mall Security Officer Clary, was not required to conduct a mini-trial, and was not required to accept Plaintiff's protests, before making the arrest. *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 -818 (8th Cir. (Mo.) 2010). Likewise, Plaintiff's continued argument of "animus" of Officer Hailey is simply irrelevant. The "subjective motivations of the arresting police officer are irrelevant where, as here, there is an objectively reasonable basis for finding arguable probable cause." *Kingsley*, 964 F.3d at 699 (*citing Anderson v. Cass Cty., Mo.*, 367 F.3d 741, 748 n.8 (8th Cir. 2004).

As a matter of law, Officer Hailey had probable cause to arrest plaintiff based on the eyewitness account and request by Security Officer Clary. There was no wrongful arrest under the Fourth Amendment.

Conspicuously absent from any of *pro se* plaintiff's submissions to the Court is any discussion, let alone rebuttal, to the Supreme Court's recent and dispositive decision in *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726, 204 L. Ed. 2d 1 (2019). As established in the instant motion, this Court is acutely aware of the Supreme Court's ruling in *Nieves* and followed the Court's guidance in its decision in *Jeremy Rothe-Kushel v. Jewish Community Foundation of Greater Kansas City,*

*et al.,* Case No. 4:18-cv-00319-BP, 1/30/20 Order and Opinion Granting Defendant's Motion for Summary Judgment, *Court Document 243, p.10* (W.D. Mo. 2020). This Court's decision should be dispositive of *pro se* Plaintiff's claims here, and Plaintiff offered no rebuttal.

Summary judgement is warranted here as it was in *Rothe-Kushel.* Officer Hailey was responding to a call reporting a trespasser on Mall property (*i.e.,* the victim). When Officer Hailey arrived, she witnessed Plaintiff still on the property. Officer Hailey told Plaintiff she was trespassing on Mall property. Mall Security Officer Clary (*i.e.,* the victim) indicated the Mall wanted to press charges against Plaintiff for trespassing on Mall property. Plaintiff was then arrested and cited for trespass. The facts establish Officer Hailey had probable cause to arrest Plaintiff for trespass, as a matter of law. Probable cause for trespass simply defeats Plaintiff's claims for violation of her First Amendment Rights.

**B. OFFICER HAILEY REMAINS ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM OF FABRICATION OF EVIDENCE BECAUSE THERE WAS NO FABRICATION OF EVIDENCE, NO ACTION BY OFFICER CLARY "SHOCKS THE CONSCIENCE" AS A MATTER OF LAW, AND PLAINTIFF WAS NOT CONVICTED OF ANY CRIME OR INFRACTION.**

The *pro se* Plaintiff's continued assertion that errors in the police report prepared by Officer Hailey, including which of the two Mall Security Officers present at the scene may have actually called the police department to report Plaintiff's trespass and request assistance, constituted "fabrication" of evidence *and* is then somehow a violation of her rights is legally and factually incorrect. Again, Plaintiff's request for perfection is not required. Certainly, any perceived scrivener's errors are not actionable and certainly cannot constitute fabrication of evidence. Negligent preparation of a report is not actionable and certainly does not constitute fabrication of evidence, especially as Plaintiff's trespass citation was negotiated by her attorney and dismissed with no conviction.

To establish a constitutional violation based on an inadequate investigation, a plaintiff must show that the defendant officer's failure to investigate was intentional or reckless, thereby shocking the conscience. *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012)(citation omitted). Mere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process. *Id. (citations omitted).* A claim of manufacturing evidence must also shock the conscience to be actionable. *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 899 (8th Cir. 2020)(*citing Livers v. Schenck*, 700 F.3d 340, 351 (8th Cir. 2012)). The burden to establish conscience shocking activity is great and the determination is a matter of law for this court to decide.

> Whether conduct shocks the conscience is a question of law. Conscience shocking conduct only includes the most severe violations of individual rights that result from the brutal and inhumane abuse of official power. Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.

*Mitchell*, 959 F.3d at 898(citations and punctuation omitted)(emphasis in original).

Simply put, *pro se* Plaintiff cannot just casually toss out a fabrication claim for a sound bite. There is absolutely no evidence or facts of fabrication, let alone any action by Officer Hailey (or former defendant Roger Clary) which are wholly unrelated to the citation for trespass on private property that could remotely shock the conscience, as a matter of law.

Finally, and logically, there is no such claim without a conviction. *See Winslow,* 696 F.3d at 732 ("a manufactured false evidence claim requires proof that investigators deliberately fabricated evidence in order to frame a criminal defendant."); *See also Mitchell*, 959 F.3d at 899 ("A false evidence claim requires proof that the investigators deliberately fabricated evidence to frame the defendant.")(*citing Winslow) See Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2020 WL

234678, at *19-20 (W.D. Mo. Jan. 15, 2020)(alleged fabricated evidence must have some causal relationship to a conviction and thus an infringement of a liberty interest, otherwise no due process violation.)  Plaintiff was not convicted of anything.  Her claims must fail.  Summary judgment on all of Plaintiff's constitutional claims remains warranted.

### C.    THE COURT WILL NOT REWRITE THE CITY'S CONTENT NEUTRAL AND CONSTITUTIONAL TRESPASS ORDINANCE TO MAKE EXCEPTIONS FOR PLAINTIFF.

The Court must reject Plaintiff's request to draft a new City Trespass Ordinance that carves out special protection for her (or her employer's) particular purposes. As established in *Defendants City of St. Joseph and Officer Rebecca Hailey's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment on "Count I—Freedom of Speech- Constitutional Question"* (Document 93), **the Courts cannot rewrite city ordinances**.  *See Wilson v. City of Bel-Nor, Missouri*, 4:18-CV-3 RLW, 2020 WL 3639745, at *9 (E.D. Mo. July 6, 2020)[3] (finding that Courts do not rewrite laws to conform to constitutional requirements, as doing so would invade the "legislative domain"); *See e.g., Jennings v. Dir. of Revenue*, 992 S.W.2d 249, 252 (Mo. App. W.D. 1999) (holding that it is improper for a circuit court to impose additional requirements under a Missouri statute, essentially rewriting the statute, as that role is to be left to the General Assembly); *See United States v. Stevens*, 559 U.S. 460, 481, 130 S. Ct. 1577, 1592, 176 L. Ed. 2d 435 (2010)(the Court will not rewrite a law to conform it to constitutional requirements, as doing so would constitute a serious invasion of the legislative domain); *See Ways v. City of Lincoln*, 274 F.3d 514, 519 (8th Cir. 2001) (stating constructions of state and local legislation are more appropriately done by a state court or an enforcement agency, rather than by the Court.).

---

[3] *After affirmance and remand, in*  924 F.3d 995, 1004 (8th Cir. 2019)).

Thus, the Court cannot grant the relief *pro se* Plaintiff requests. The Court cannot rewrite content neutral and Constitutional City Ordinances and carve out exceptions for her (or her employer's) particular purposes. Summary judgment on plaintiff's request is warranted.

## CONCLUSION

Defendants City of St. Joseph and Officer Rebecca Hailey remain entitled to Summary Judgment on all of Plaintiff's claims in this case. Defendant Officer Rebecca Hailey had actual probable cause to arrest Plaintiff for trespass as a matter of law, and thus did not violate any of Plaintiff's Constitutional rights. At the very least Officer Hailey had arguable probable cause under the circumstances entitling her to Qualified Immunity. Because Officer Hailey did not violate Plaintiff's rights and has never even been accused of any other violations of rights, the claims against the City of St. Joseph fail. Finally, this Honorable Court will not rewrite the otherwise content neutral and Constitutional City Trespass Ordinance to suit Plaintiff's desires. For the reasons set forth herein and for those established in the instant motion and supporting suggestions (Documents 84 and 85), Summary Judgment is warranted on all of Plaintiff's claims.

Respectfully submitted,

**BATY OTTO CORONADO PC**

/s/ Christopher L. Heigele

Steven F. Coronado       MBN 36392
Christopher L. Heigele     MBN 45733
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
scoronado@batyotto.com
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT CITY
OF ST. JOSEPH AND REBECCA HAILEY

## CERTIFICATE OF SERVICE

        I hereby certify the original of the above and foregoing document was filed with the Court through the Court's electronic filing system and served via electronic mail on December 4, 2020, to:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Stacy.kaye.arnold@gmail.com
PLAINTIFF, pro se

Gregory Goheen
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, KS 66103
ggoheen@mvplaw.com
ATTORNEY FOR DEFENDANT ST. JOSEPH PUBLIC LIBRARY

/s/ Christopher L. Heigele
Attorney for Defendants City of St. Joseph and Rebecca Hailey