# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-CV-06137-BP |
| v. | ) |
| | ) |
| CITY OF ST. JOSEPH, ET AL., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT ST. JOSEPH PUBLIC LIBRARY'S REPLY SUGGESTIONS IN SUPPORT OF SUMMARY JUDGMENT[1]

**Table of Contents**

Page

TABLE OF AUTHORITIES ...................................................................................................... 1

NATURE OF THE CASE ......................................................................................................... 4

STATEMENT OF FACTS ......................................................................................................... 5

QUESTIONS PRESENTED .................................................................................................... 12

ARGUMENT AND AUTHORITIES ...................................................................................... 12

    PLAINTIFF'S CLAIM AGAINST THE LIBRARY IS MOOT BECAUSE SHE CANNOT DEMONSTRATE A LEGITIMATE PERSONAL STAKE IN THE OUTCOME ............ 14

    DEFENDANT'S 2019 POLICY IS REASONABLE, CONTENT NEUTRAL TIME, PLACE AND MANNER RESTRICTION ....................................................................... 15

    DEFENDANT'S POLICY IS NOT UNCONSTITUTIONALLY VAGUE ..................... 15

CONCLUSION ........................................................................................................................ 16

---

[1] Defendant incorporates by reference the arguments and authorities presented in its Suggestions in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 96).

1

# Table of Authorities

**Case Law**                                                                                                                                        **Page**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................................................5

Broadrick v. Oklahoma, 413 U.S. 601 (1973) ............................................................................12

Cameron v. Johnson, 390 U.S. 611 (1968) .................................................................................13

Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361 (8th Cir. 1983) ..............................10

Carew–Reid v. Metro. Transp. Auth., 903 F.2d 914 (2nd Cir.1990) ...........................................15

City of St. Joseph Mo. v. Southwestern Bell Telephone, 439 F.3d 468 (8th Cir. 2006) ..............11

El Deeb v. Univ. of Minnesota, 60 F.3d 423 (8th Cir. 1995). .......................................................8

F.T.C. v. Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 1930401, at *3 (W.D. Mo. May 17, 2011) ...............................................................................................................................7, 8, 9

Frisby v. Schultz, 487 U. S. 474 (1988)......................................................................................15

Gonzales v. Carhart, 550 U.S. 124 (2007) .................................................................................12

Hammad v. Bombardier Learjet, Inc., 192 F. Supp. 2d 1222 (D. Kan. 2002) ..............................6

Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U. S. 640 (1981) ..........5, 15

Hill v. Colorado, 530 US 703 (2000) ....................................................................................12, 15

Jones v. Landmark Leasing, Ltd., 957 S.W.2d 369 (Mo. App. 1997) ..........................................8

Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks, 195 F. Supp.3d 1065 (E.D. Mo. 2016) ............................................................................................................................................15

Killian Const. Co. v. Tri–City Const. Co., 693 S.W.2d 819 (Mo. App. 1985) .............................8

Los Angeles v. Lyons, 461 U.S. 95 (1983) ..................................................................................14

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .................................10

Nationwide Prop. & Cas. Ins. Co. v. Faircloth, 845 F.3d 378 (8th Cir. 2016) ............................6

Postscript Enterprises v. City of Bridgeton, 905 F.2d 223 (8th Cir. 1990) ..................................8

United States v. Kokinda, 497 U.S. 720 (1990)................................................................................4

United States v. Raines, 362 U. S. 17 (1960) ......................................................................

United States v. Salerno, 481 U.S. 739 (1987) ..................................................................13

Washington v. Glucksberg, 521 U.S. 702, 740, n. 7 (1997) .............................................................13

Wierman v. Casey's Gen. Stores, 638 F.3d 984 (8th Cir. 2011) .......................................................6

Wilson v. Westinghouse Elec. Corp., 838 F.2d 286 (8th Cir. 1988) ..............................................11

**Other Authorities**

Wright, Miller & Kane Fed. Prac. & Proc., § 2722 .........................................................................6

**I.    Nature of the Case.**  Plaintiff's sole remaining claim against Defendant Library is a facial challenge, pursuant to § 1983, to the constitutionality the Library's current Policy for Public Assembly and Petitioning and Distribution of Literature on Library District Property, enacted July 23, 2019, (hereinafter "the 2019 Policy") asserting that the 2019 Policy violates the First and Fourteenth Amendments to the United States Constitution.  See Order and Opinion Granting In Part and Denying In Part Defendant St. Joseph Public Library's Motion to Dismiss (ECF No. 50), p. 10.  The Library was not built or constructed for the purpose of providing a forum or place for Plaintiff and others to petition for signatures.  Instead, the Library was established for the purpose of providing a place for patrons to access books and other materials whether by reviewing such materials in undisturbed peace and quiet on Library property or by checking out and returning such materials for review and use elsewhere.  In order to satisfy this purpose and permit patrons safe, unimpeded access to the Library, sidewalks have been constructed permitting patrons to safely transverse from the parking areas adjoining the Library to the Library's entrance.  These sidewalks were built and designed for pedestrian traffic, not as place for individuals to gather and petition for signatures.  See United States v. Kokinda, 497 U.S. 720, 728 (1990) (sidewalk in front of the entrance to a public building lacked the characteristics of a public sidewalk traditionally open to expressive activity, because it was constructed "solely to assist public patrons to negotiate the space between the parking lot and the front door").

Although not required to do so, the Library has elected to create a limited public forum outside the entrance of the Library building for the purpose of permitting individuals such as Plaintiff, a place where they can, *inter alia*, petition for signatures in a location that is wide-enough to permit such activities without impeding pedestrian traffic on the sidewalks or otherwise interfering with patrons' ingress and egress to the Library.  Restrictions of this nature to a particular

4

location have been held to be constitutional. See Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U. S. 640 (1981) (upholding the restriction of leafletting at a fairground to a booth). This area is clearly designated graphically in the Library's 2019 Policy and, as demonstrated by the fact that Plaintiff herself was able to successfully petition for signatures during February of 2020, the designation of this area is a reasonable, content neutral, time, place and manner restriction that does not violate the First Amendment to the U.S. Constitution. In spite of the fact that Plaintiff was able to successfully petition for signatures in compliance with the Library's 2019 Policy, has not returned to the Library since February of 2020 to petition and has no concrete plans to do so, Plaintiff is dissatisfied with the Library's 2019 Policy and believes that she should, instead, have unfettered ability to petition for signatures outside of the designated area (specifically, on the sidewalks connecting the Library entrance and the adjoining parking areas) and also be allowed to pursue Library patrons for signatures as they come and go from the Library. Plaintiff has no standing to make a facial challenge to the Library's 2019 Policy and, even if such standing existed, the Library's 2019 Policy does not violate Plaintiff's rights under the First Amendment to the U.S. Constitution. Accordingly, summary judgment should be entered in favor of Defendant Library.

## II. Statement of Facts.

Plaintiff, in responding to Defendant's Statement of Facts, admits to some, seeks to dispute or object to others and even proffers some additional facts (which are neither supported by evidence nor material to the issues). However, with regard to those facts that Plaintiff attempts to dispute, disputes over immaterial facts, of course, cannot stave off summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 1003 (8th Cir. 2011). Nor is speculation enough to avoid summary judgment. "[A] nonmovant may not rest upon mere allegations or denials, but must instead set forth specific facts sufficient to raise a genuine issue for trial." Nationwide Prop. & Cas. Ins. Co. v. Faircloth, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted). Plaintiff, to avoid summary judgment, was required to present actual evidence that genuinely controverted material facts cited by Defendant. Having failed to do so, summary judgment in favor of Defendant is appropriate.

A. **The material facts presented by Defendant are not in any genuine dispute.**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant states that the following facts are not controverted based upon the pleadings, discovery responses, and affidavits[2]:

Plaintiff has not disputed Facts ¶¶ 1-6, 10, 16, 19-20, 23 & 25-26. Accordingly, those facts should be deemed admitted for purposes of this Motion. Fed. R. Civ. P. 56.

Facts ¶¶ 7, 11-13, 15, 17-18 & 22 are also not disputed by Plaintiff, although she attempts to qualify these facts by citing to additional deposition testimony or other evidence. As set forth below, because the testimony cited by Plaintiff does not controvert these facts in any meaningful way, they should be deemed admitted. See Hammad v. Bombardier Learjet, Inc., 192 F. Supp. 2d 1222 at 1228 (D. Kan. 2002) (if the evidence offered in opposition is merely colorable or is not significantly probative, summary judgment may be granted). As addressed below, each of these facts should be deemed admitted without reservation. Defendant specifically replies as follows:

7. Plaintiff admits this fact and, notwithstanding Plaintiff's attempt to qualify this fact with additional unsupported and immaterial information, this fact should be deemed uncontroverted.

---

[2] These facts are admitted solely for purposes of summary judgment and should not be deemed admissions for purposes of trial. Wright, Miller & Kane, Fed. Prac. & Proc. § 2722 at 48.

6

11. Plaintiff admits this fact. Plaintiff's attempt to qualify this fact with her Declaration does not controvert the fact and also contains opinion and allegations not based upon her own personal knowledge. An affidavit or declaration offered at summary judgment must be made on personal knowledge and contain admissible evidence. Plaintiff's affidavit should be disregarded where it contains statements that are not based upon personal knowledge and are based upon inadmissible evidence. F.T.C. v. Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 1930401, at *3 (W.D. Mo. May 17, 2011) (affidavit disregarded where affidavit was unsupported by admissible evidence and contradictory to Plaintiff's prior testimony); see also Fed.R.Civ.P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Plaintiff's opinion about the number of signatures she may have received during her February 2020 is immaterial and should be disregarded. Plaintiff's attempt to provide additional evidence after admitting the fact is improper and does not controvert the fact. Therefore, this fact should be deemed uncontroverted.

12. Plaintiff admits this fact. Plaintiff's attempt to qualify this fact with her Declaration does not controvert the fact and also contains opinion and allegations not based upon her own personal knowledge. An affidavit or declaration offered at summary judgment must be made on personal knowledge and contain admissible evidence. Plaintiff's affidavit should be disregarded where it contains statements that are not based upon personal knowledge and are based upon inadmissible evidence. See Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 1930401, at *3; see also Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated."). Plaintiff's opinion about the number of signatures she may have received during her February 2020 is immaterial and should be disregarded. Plaintiff's attempt to provide additional evidence after admitting the fact is improper and does not controvert the fact. Therefore, this fact should be deemed uncontroverted.

13. Plaintiff admits this fact. Plaintiff's attempt to qualify this fact with her Declaration does not controvert the fact and also contains opinion and allegations not based upon her own personal knowledge. Plaintiff's Declaration is also improper where she makes allegations not based upon her own personal knowledge and which would be otherwise inadmissible as hearsay. An affidavit or declaration offered at summary judgment must be made on personal knowledge and contain admissible evidence. El Deeb v. Univ. of Minnesota, 60 F.3d 423, 428 (8th Cir. 1995); Postscript Enterprises v. City of Bridgeton, 905 F.2d 223, 226 (8th Cir. 1990). Generally, "[h]earsay statements that would be inadmissible at trial are not competent to support a motion for summary judgment." Jones v. Landmark Leasing, Ltd., 957 S.W.2d 369, 376 (Mo. App. 1997). Further, "a hearsay statement contained within other hearsay evidence is admissible only where both the statement and the original hearsay evidence are within exceptions to the hearsay rule." Killian Const. Co. v. Tri–City Const. Co., 693 S.W.2d 819, 835 (Mo. App. 1985). Plaintiff's affidavit should also be disregarded where it contains statements that are not based upon personal knowledge, are based upon inadmissible evidence, and contradict his own testimony including facts admitted in response to Defendant's statement of facts. See Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 1930401, at *3; see also Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify

8

on the matters stated."). Plaintiff's attempt to provide additional evidence after admitting the fact is improper, the additional evidence provided by Plaintiff does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

15. Plaintiff admits this fact. Plaintiff's attempt to qualify this fact with her Declaration does not controvert the fact and also contains opinion and allegations not based upon her own personal knowledge. An affidavit or declaration offered at summary judgment must be made on personal knowledge and contain admissible evidence. Plaintiff's affidavit should be disregarded where it contains statements that are not based upon personal knowledge and are based upon inadmissible evidence. See Real Wealth, Inc., No. 10-0060-CV-W-FJG, 2011 WL 1930401, at *3; see also Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Plaintiff's attempt to provide additional evidence after admitting the fact is improper, the additional evidence provided by Plaintiff does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

17. Plaintiff admits this fact. Plaintiff's attempt to provide additional evidence after admitting the fact is improper, the additional evidence provided by Plaintiff does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

18. Plaintiff admits this fact. Plaintiff's attempt to provide additional evidence after admitting the fact is improper, the additional evidence provided by Plaintiff does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

22. Plaintiff admits this fact. Plaintiff's attempt to provide additional evidence to clarify the fact after admitting the fact is improper, the additional evidence provided by Plaintiff

does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

Finally, Plaintiff attempts to controvert, either wholly or in part, the remaining Facts ¶¶ 8-9, 14, 21, 24, & 27-28. Pursuant to Local Rule 56.1(b)(1), a party controverting a fact "must properly support its denial in accordance with Fed.R.Civ.P. 56(c)". Rule 56(c) requires that a party asserting a fact is disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). An issue of material fact is genuine if it has a real basis in the record. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, (1986). Upon failure to properly support an assertion of fact or failure to properly address another party's assertion, the Court may consider the fact undisputed, grant summary judgment if the movant is entitled, or grant such other relief as may be deemed appropriate. Fed.R.Civ.P. 56(e). Defendant replies to Plaintiff's attempts to controvert the facts as follows:

8. This fact is not genuinely in dispute and should be deemed uncontroverted for purposes of this motion. Plaintiff is attempting to controvert this fact through argument and the 2019 Policy clearly identifies in a color-coded image the areas on Library property where petitioners may stand. Obviously, individuals are not permitted to petition on other areas of Library property. The picture at issue certainly is not a picture of the entire Library property.

9. Plaintiff attempts to contradict this fact through contradictory and unexplained revisions of her own prior testimony. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983) (disregarding subsequent affidavit that contradicted

10

prior deposition testimony); City of St. Joseph Mo. v. Southwestern Bell Telephone, 439 F.3d 468, 475-76 (8th Cir. 2006) (holding that a subsequent affidavit amounted to a sham affidavit that was filed and designed simply to avoid summary judgment); Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988) (same). These allegations should be disregarded as inadmissible and nothing more than sham facts in an attempt to avoid summary judgment. Id. Even taken as true, Plaintiff's response nonetheless fails to contradict this fact. Interrogatory No. 22 asked Plaintiff to "Please state all factual bases for your contention that 'Plaintiff has suffered the loss of First Amendment freedoms and irreparable harm. Defendants' policies and actions against plaintiff and her speech have a chilling effect on the Free Speech rights of Plaintiff and others not before this Court,' as stated in your Complaint, specifically as to the Defendant City of St. Joseph or Defendant Rebecca Hailey." See Exhibit B to Defendant's Suggestions in Support of Motion for Summary Judgment (ECF No. 89). Plaintiff provided a seven (7) page narrative response. Id. Nowhere in her response did she provide any support for any injury resulting from the 2019 Policy. This fact should therefore be deemed admitted without reservation.

14. The additional evidence cited by Plaintiff does not controvert the fact and should be disregarded. Therefore, this fact should be deemed uncontroverted.

21. Plaintiff attempts to controvert this fact with argument which should be disregarded. Plaintiff has cited to no evidence to controvert the fact it should be deemed uncontroverted.

24. Plaintiff attempts to controvert this fact with argument which should be disregarded. Further, the additional testimony cited does not controvert Plaintiff's own testimony that she did not know when she would return to Kansas City. Plaintiff has cited to no evidence to controvert the fact it should be deemed uncontroverted.

27. Plaintiff attempts to controvert this fact with argument which should be disregarded. Further, the additional testimony cited does not controvert Plaintiff's own testimony. Plaintiff's attempt to clarify the fact is immaterial and the fact should be deemed uncontroverted.

28. Plaintiff attempts to controvert this fact with argument which should be disregarded. Further, the additional testimony cited does not controvert Plaintiff's own testimony. Plaintiff's attempt to clarify the fact is immaterial and the fact should be deemed uncontroverted.

### III. Questions Presented.

The questions presented remain as set forth in Defendant Library's Suggestions (ECF No. 89).

### IV. Argument and Authorities.

Defendant's 2019 Policy is a content neutral time, place and manner restriction which is narrowly tailored to address this acknowledged need. Hill v. Colorado, 530 U.S. 703, 719-720 (2000). As the Supreme Court has explained, "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973); see also Gonzales v. Carhart, 550 U.S. 124, 168 (2007) ("It is neither our obligation nor within our traditional institutional role to resolve questions of constitutionality with respect to each potential situation that might develop."). Here the Library's 2019 Policy, as applied to Plaintiff, did not result in a constitutional deprivation when she successfully petitioned for signatures in February of 2020. A facial challenge contends that a government law, rule, regulation, or policy is unconstitutional as written — that is, on its face, or always, unconstitutional – and therefore void. "To succeed in a typical facial attack, [Plaintiff] would have to establish "that no set of circumstances exists under which [the Library's 2019 Policy] would be valid",

United States v. Salerno, 481 U.S. 739, 745 (1987), or that the statute lacks any "plainly legitimate sweep", Washington v. Glucksberg, 521 U.S. 702, 740, n. 7 (1997) (Stevens, J., concurring in judgments) (internal quotation marks omitted).

Plaintiff concedes that the Library's interest in the unimpeded ingress and egress of Library patrons is a legitimate and compelling interest of the Library. Opposition (ECF No. 95), p. 15; see also Suggestions (ECF No. 87), p. 37. See Cameron v. Johnson, 390 U.S. 611 (1968) (upholding a statute that prohibited picketing that obstructed or unreasonably interfered with ingress or egress to or from public buildings, including courthouses). Plaintiff now states that she is "claiming no First Amendment right nor [does she have] any desire to petition in this area [(the concrete squares that are part of the sidewalk immediately in front of the Library entrance as well as the concrete squares on the right (when facing the Library) leading up to the entrance)] and is requesting neither declaratory nor injunctive relief as applied to it." Opposition (ECF No. 95), p. 15. Nor does Plaintiff appear to be challenging the space designated by the Library for activities such as petitioning for signatures (on the left side of the entrance to the Library) where she was able to successfully petition for signatures during her last visit to the Library in February of 2020 Notably, this area is the widest part of the paved area in front of the Library to permit activities such as petitioning for signatures while still allowing safe pedestrian traffic on the narrower parts of the sidewalk leading to and from the parking areas and streets adjoining the Library property. Plaintiff's argument now is that the Library's 2019 Policy is facially invalid because it does not permit petitioning for signatures outside of the designated area and, specifically, in those narrower parts of the sidewalk leading to and from the parking areas adjoining the Library property. Opposition (ECF No. 95), p. 17. Plaintiff's argument is without merit and summary judgment should be granted in favor of Defendant.

13

**A.      Plaintiff's claim against the Library is moot because she cannot demonstrate a legitimate personal stake in the outcome.** Plaintiff argues her claims are not moot because she asserts that she intends, at some unspecified point in the future, to return to the Library to petition for signatures in support of some unknown future cause. Opposition (ECF No. 95), pp. 10-14. Essentially, Plaintiff, who has suffered no injury herself as a result of the Library's 2019 Policy, is asking this Court for an advisory opinion as there exists no actual case or controversy. Plaintiff's speculative belief that she might at some point seek to petition for signatures at the Library in future is not sufficient to establish a personal stake – ie. that she is in immediate danger of sustaining a direct injury that is real and immediate rather than conjectural or hypothetical. Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Plaintiff suggests that she is fearful of criminal prosecution should she return to petition such alleged fear is completely unfounded and speculative as the Library's 2019 Policy is not a criminal statute and Plaintiff herself has petitioned at the Library with the 2019 Policy in place without threat of or actual arrest or criminal prosecution. This conjectural threat of a injury demonstrates that Plaintiff has no standing (whether moot or not ripe) and deprives this Court of jurisdiction to consider her claims.

Plaintiff makes a final argument to avoid the fact that she lacks standing by arguing that her facial challenge to the Library's 2019 Policy is somehow capable of repetition yet evades review. Opposition (ECF No. 95), p. 13. There is nothing to suggest that the Library's 2019 Policy falls into the fact patterns of a case where this narrow exception to standing might exist. Plaintiff's claims regarding the Library's 2019 Policy are moot, because she appeared at the Library in February 2020 and was able to successfully petition for signatures in compliance with the Policy. She has no immediate intention of returning to petition at the Library and no standing to challenge the constitutionality of the Policy.

**B. Defendant's 2019 Policy is a reasonable, content neutral time, place and manner restriction.** As noted above, Plaintiff doesn't dispute the fact that the Library's 2019 Policy is content neutral or that the Library's interests served by the Policy are legitimate. Opposition (ECF No. 95), pp. 15-17. Instead, Plaintiff's argument is that the Policy is not narrowly tailored because she believes there are alternative restrictions that the Library could have adopted instead. Plaintiff misapprehends the law.

"The First Amendment ... does not guarantee [speakers] access to every or even the best channels or locations for their expression." Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks, 195 F. Supp.3d 1065, 1079 (E.D. Mo. 2016), aff'd, 864 F.3d 905 (8th Cir. 2017) quoting Carew–Reid v. Metro. Transp. Auth., 903 F.2d 914, 919 (2nd Cir.1990). "[W]hen a content-neutral regulation does not entirely foreclose any means of communication, it may satisfy the tailoring requirement even though it is not the least restrictive or least intrusive means of serving the statutory goal." Hill v. Colorado, 530 US 703, 726 (2000). Restrictions similar to the restriction imposed by the Library's 2019 Policy – limiting the petitioning to a specific area and restricting use of public sidewalks – have been upheld as constitutional. See Frisby v. Schultz, 487 U. S. 474 (1988)); Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U. S. 640 (1981)). As in Hill at 730, the restrictions in Defendant's 2019 Policy are reasonable and narrowly tailored.

**C. Defendant's 2019 Policy is not unconstitutionally vague.** Plaintiff continues to argue that the 2019 Policy's use of the word "pursue" is unconstitutionally vague. Opposition (ECF No. 95), pp. 17-18, However, regardless of whether the meaning of the word "pursue" is vague, Plaintiff acknowledges that, as long as she remains in the designated area to petition, she would never be "pursuing" a Library patron. This alone is sufficient to defeat Plaintiff's facial challenge to the Policy based on alleged vagueness. However, even if this were not sufficient, the

term "pursue" is a common word and the "likelihood that anyone would not understand [this] common word[] seems quite remote." Hill at 732. "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid "in the vast majority of its intended applications." Hill at 733 citing United States v. Raines, 362 U. S. 17, 23 (1960). Thus, the conjecture suggested by Plaintiff that different librarians might somehow construe the term differently is just that – conjecture – which will not support a facial challenge to the Policy.

**V.     Conclusion.**  The Library is entitled to, and would respectfully request entry of, summary judgment on Plaintiff's sole remaining claim for declaratory and injunctive relief based upon her allegation that the Library's Policy for Public Assembly and Petitioning and Distribution of Literature on Library District Property violates the First and Fourteenth Amendments to the United States Constitution on its face. Plaintiff has no standing to assert a facial challenge to the Policy, the Policy is a content neutral, reasonable time, place and manner restriction and the Policy is not vague. Accordingly, summary judgment should be entered in favor of Defendant.

>                Respectfully submitted,
>
>                McANANY, VAN CLEAVE & PHILLIPS, P.A.
>                10 E. Cambridge Circle Drive, 300
>                Kansas City, Kansas 66103
>                Telephone:    (913) 371-3838
>                Facsimile:    (913) 371-4722
>                E-mail:ggoheen@mvplaw.com
>
>
>                By:  /s/ Gregory P. Goheen
>                        Gregory P. Goheen         #58119
>
>                Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

   I hereby certify that on the 4th day of December, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey

                /s/ Gregory P. Goheen

17

Case 5:19-cv-06137-BP   Document 101   Filed 12/04/20   Page 17 of 17