IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, ST. JOSEPH PUBLIC LIBRARY, OFFICER REBECCA HAILEY (IN HER PERSONAL AND PROFESSIONAL CAPACITY) | ) |
| Defendants | ) |

**OBJECTIONS TO DEFENDANT CITY OF ST. JOSEPH'S AND DEFENDANT REBECCA HAILEY'S BILL OF COSTS**

COMES NOW, Plaintiff, Stacy Arnold, and, in accordance with Local Rule 54.1(a)(1), presents these objections to the City of St. Joseph's and Rebecca Hailey's (hereinafter "the City Defendants") bill of costs (ECF 108).

*Objections to the City Defendants Requests for Attorney Fees*

The City Defendants are unentitled to attorney's fees. "The purpose of the Civil Rights Attorney's Fee Awards Act is to ensure effective access to the judicial process for persons with civil rights grievances, and accordingly, a prevailing plaintiff should ordinarily recover an attorney fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A prevailing defendant, however, "may recover attorney fees only when the suit is vexatious, frivolous, or brought to harass or embarrass defendant." *Id.* at n.2. *See also Fox v. Vice,* 568 U.S. 826, 836 ("Section 1988 allows a defendant to recover

1

reasonable attorney's fees incurred because of, but only because of, a frivolous claim."). The City Defendants are unentitled to attorney's fees under this standard, and indeed fail to present any assertion or argument whatsoever to the contrary. Accordingly, their request for attorney's fees should be denied.

*Objections to the Costs of Transcripts*

On the day in which discovery in this case was scheduled to end per the scheduling order, July 1, 2020, Defendant Library moved this Court for an extension of discovery to take Plaintiff's deposition (ECF 66). The City Defendants made no such motion, but, at the same time, were allowed to participate in the deposition, presumably by virtue of the Court granting the Library's motion. Absent a law or compelling reason that would preclude the Library from sharing its nearly $2000 transcript with the City Defendants, if Defendant Library's motion (ECF 66) can be reasonably interpreted to encompass an extension of time for the City Defendants to take part in Plaintiff's deposition without any action from the City Defendants themselves, it can also be reasonably interpreted that Defendant Library could have and should have shared its $1969.50 transcript with the City Defendants in the interests of avoiding excessive and unnecessary costs. Moreover, Defendants unnecessarily inflated the duration of the deposition by grilling Plaintiff about irrelevant matters regarding her employer at the time of the incident on January 30, 2018. Defendants' attempts to convert Plaintiff's deposition into a Q & A session concerning the aforementioned employer should not be rewarded. While more limited in duration, the time counsel for Defendants spent asserting that Plaintiff had no work product simply because she is not an attorney was also unnecessary and should not be rewarded either.

*General Objections in the Interests of Equity and Access to Justice*

Plaintiff is currently unemployed (see the declaration attached hereto as Exhibit 1) and wishes that she had had significantly more resources to expend on attorney services in this case, particularly in terms of discovery. Defendants, on the other hand, in addition to being represented by counsel who were not at the disadvantage of having never conducted discovery, are likely protected by insurance policies. There is not even a pro se clinic in the Western District of Missouri, much less an insurance policy for victims of civil rights violations. Given this unlevel playing field, granting the costs of Defendants in this case is not in the interests of substantial justice, and doing so would only further deter effective access of litigants with limited means (whether pro se or represented) to the courts. For this reason, Plaintiff very respectfully requests that the Court utilize its discretion and deny Defendants all costs.

## **CONCLUSION**

Defendants are unentitled to attorney's fees, and their request for the same should be denied. Plaintiff moreover respectfully requests that the Court consider the deterrent effect of Defendants taxing costs against Plaintiff and thereby use its discretion to deny Defendants all taxable costs. Even if the Court does not deny all costs to Defendants, the inflation of costs that was brought about by Defendants misusing the discovery process should not be taxed, nor should costs brought about by opposing counsels' failure to share any documents or transcripts that they were legally allowed to share.

RESPECTFULLY SUBMITTED,

STACY ARNOLD, Plaintiff

/s/Stacy Arnold
Stacy Arnold
500 Westover Dr. #11589
Sanford, NC 27330
803-428-7024
stacy.kaye.arnold@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court on February 2, 2021, to be served by operation of the Court's electronic filing system upon:

| | |
|---|---|
| Christopher L. Heigele | Gregory P. Goheen |
| Steven F. Coronado | McAnany, Van Cleave & Phillips, PA-KCKS |
| Bay Otto Coronado PC – KCMO | 10 East Cambridge Circle Drive |
| 4600 Madison Avenue | Ste. 300 |
| Suite 210 | Kansas City, KS 66103 |
| Kansas City, MO 64112-3019 | ggoheen@mvplaw.com |
| cheigele@batyotto.com | *Attorneys for Defendant* |
| scoronado@batyotto.com | *St. Joseph Public Library* |
| *Attorneys for Defendants* | |
| *City of St. Joseph, Missouri,* | |
| *Officer Rebecca Hailey* | |

_/s/ Stacy Arnold_____