IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STACY ARNOLD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-CV-06137-BP |
| CITY OF ST. JOSEPH, ET AL., | ) |
| Defendants. | ) |

**DEFENDANT ST. JOSEPH PUBLIC LIBARRY'S REPLY IN SUPPORT OF MOTION FOR COSTS IN THE FORM OF ATTORNEYS' FEES AS PREVAILING PATY UNDER 42 U.S.C. § 1988**

Defendant St. Joseph Public Library (hereinafter "Library") withdraws its Motion for Costs in the Form of Attorneys' Fees as Prevailing Party Under 42 U.S.C. § 1988 (ECF No. 106) pursuant to Fed.R.Civ.P. 54(d). Defendant Library amends its Proposed Bill of Costs (ECF No. 107) to reflect its withdrawal, at this time, of a claim for attorneys' fees as part of its costs. Such remaining costs should be awarded to Defendant Library.[1]

Plaintiff's Suggestions in Opposition to Defendants' Motion for Attorneys' Fees (ECF No. 109) and Plaintiff's Objection to Defendant Library's Bill of Costs (ECF No. 110) argue that Defendant Library should not be awarded costs because she is unemployed, was subjected to an "uneven playing" field due to her *pro se* status and her general belief that she does not feel she should be required to pay them. It is well established that, while *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). Plaintiff's *pro se* status and her financial

---

[1] Any additional costs as a result of Plaintiff's subsequently filed Notice of Appeal (ECF No. 112) may be addressed pursuant to Local Rule 54.1(b).

1

ability to pay are not proper bases for denying an award of costs to Defendant Library. When awarding costs, a district court should not consider the wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine "the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and ... the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (citation omitted). If a district court chooses to consider the non-prevailing party's financial status in determining the amount of costs to award, it should require substantial documentation of a true inability to pay. McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)(nonprevailing party offered no documentary support, relying instead on "unsupported, self-serving statements").

Although Plaintiff pursued her claims *pro se*, she did not seek to proceed In Forma Pauperis. Regardless, the courts have gone so far as to assess costs against unsuccessful indigent litigants. Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir. 1991)(it is clear that a district court may assess costs against an unsuccessful *in forma pauperis* litigant whether or not the claim was frivolous or simply unmerited). In Flint v. Haynes, 651 F.2d 970, 973 (4th Cir. 1981), the court elaborated on the reasoning behind the rule that indigents are not immune from the imposition of costs, stating that "when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed *in forma pauperis* have virtually 'nothing to lose and everything to gain'"(citation omitted). The court went on to note that "Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it'". Flint at 973. In summary, Plaintiff should not be shielded from the costs she forced Defendant Library to incur with this suit even if she feels she cannot afford to pay them now or in the future.

Defendant Library is authorized to collect an award of costs. See Fed.R.Civ.P. 54(d)(1)

and Local Rule 54.1. Taxable costs are set out by type in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987)(costs limited to types listed in section 1920). Courts presume that the prevailing party shall recover costs and, therefore, some reasons must appear for penalizing the prevailing party if costs are to be denied. See True Temper Corp. v. CF & I Steel Corp., 601 F.2d 495, 509-510 (10th Cir. 1979). Each expense was incurred as a necessary part of the preparation and presentation of the issues in the case and the costs are properly assessable. The Bill of Costs (ECF No. 107) submitted by Defendant Library is itemized as required by statute and all invoices have been attached where necessary.

For the reasons set forth herein, Defendant Library requests that Plaintiff's Objections to Proposed Bill of Costs (ECF No. 110) be denied and the requested costs be assessed against Plaintiff in the amount of $1,969.50.

>Respectfully submitted,
>McANANY, VAN CLEAVE & PHILLIPS, P.A.
>10 E. Cambridge Circle Drive, 300
>Kansas City, Kansas 66103
>Telephone:    (913) 371-3838
>Facsimile:    (913) 371-4722
>E-mail: ggoheen@mvplaw.com
>
>By:  /s/ Gregory P. Goheen
>     Gregory P. Goheen          #58119
>
>Attorneys for Defendant St. Joseph Public Library

## CERTIFICATE OF SERVICE

       I hereby certify that on the 16th day of February, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Stacy Arnold
500 Westover Drive #11589
Sanford, NC 27330
Plaintiff, *pro se*

Christopher L. Heigele
Steven F. Coronado
Baty Otto Coronado, PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112
Attorneys for Defendants City of St. Joseph and Rebecca Hailey

                                          /s/ Gregory P. Goheen