IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STACY K. ARNOLD, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 19-06137-CV-SJ-BP |
| CITY OF ST. JOSEPH, MISSOURI, *et al.*, | ) ) ) |
|     Defendants. | ) |

### ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEY FEES AND GRANTING DEFENDANTS' BILLS OF COSTS

In this case, *pro se* Plaintiff Stacy Arnold ("Plaintiff") alleged that her civil rights were violated in front of the East Hall Library, a branch of the St. Joseph Public Library, ("the Library").[1] In addition to asserting claims against the Library, she asserted claims against the City of St. Joseph and Officer Rebecca Hailey in her individual capacity, (collectively, "the City"). On January 4, 2021, the Court entered judgment for the Library and the City. Thereafter, the Library and the City separately filed (1) Motions for Attorney Fees and (2) Bills of Costs. Plaintiff opposed all requests, and the Library (but not the City) then withdrew its request for attorney fees.

The Court has considered the parties' submissions. The Motions for Attorney Fees are **DENIED**, and the Bills of Costs are **GRANTED**.

### I. ATTORNEY FEES

42 U.S.C. § 1988(a) provides that, in actions brought under 42 U.S.C. § 1983 (as this case was), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." However, as Plaintiff points out, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought

---

[1] The St. Joseph Public Library is a political subdivision of Missouri, distinct from the City of St. Joseph.

to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). As stated above, the Library has withdrawn its request for fees, and for its part the City has not explained how Plaintiff's suit qualifies under this standard. And, the Court's independent evaluation demonstrates this suit does not meet the standard for a defendant to recover attorney fees. Therefore, the Motions for Attorney Fees are **DENIED**.

## II. COSTS

"'A prevailing party is presumptively entitled to recover all of its costs.'" *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quoting *In re Derailment Cases,* 417 F.3d 840, 844 (8th Cir. 2005)). However, because 28 U.S.C. § 1920 says that a court "may tax . . . costs," a court also has discretion to deny the prevailing party its costs. *See Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). A denial of costs need not require a finding of misconduct by the prevailing party, *see Greaser v. State, Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998), but the Court must specify its reasons for denying the prevailing party's request for costs. *Thompson*, 472 F.3d at 517.

Here, Plaintiff argues that the Court should exercise its discretion to deny Defendants their costs because (1) they unduly extended the amount of time spent during depositions, thereby increasing those costs, (2) Plaintiff is unemployed and has limited financial means, (3) there are no clinics or other sources of legal assistance for plaintiffs in her position, and (4) Defendants likely have insurance to cover their costs. The Court acknowledges its discretion to deny costs outright (or to reduce them) but does not believe that it should exercise that discretion here. The depositions were reasonably necessary and within the time limits set by the Rules of Civil Procedure or the Court's orders on the subject. Plaintiff's other arguments would apply in a great

2

Case 5:19-cv-06137-BP Document 119 Filed 02/22/21 Page 2 of 3

many cases and accepting them would virtually eliminate the presumption in favor of costs. Accordingly, the Court declines to exercise its discretion to deny Defendants' costs and instead will grant their requests.

### III. CONCLUSION

The Motions for Attorney Fees, (Doc. 105 and Doc. 106), are **DENIED**. The Bills of Costs, (Doc. 107 and Doc. 108), are **GRANTED**. The St. Joseph Public Library is awarded costs in the amount of $1,969.50, and the City of St. Joseph and Rebecca Hailey are awarded costs in the amount of $748.20.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: February 22, 2021 | /s/ Beth Phillips<br>BETH PHILLIPS, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT |